No. 03-2209C
(Judge Wolski)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

ENGLEWOOD TERRACE LIMITED PARTNERSHIP,
Plaintiff,

v.

THE UNITED STATES,
Defendant.

# DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO OUR MOTION TO DISMISS

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

BRIAN M. SIMKIN
Assistant Director

LISA B. DONIS
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L Street NW
Washington, D.C. 20530
Tele: (202) 307-6288
Attorneys for Defendant

OF COUNSEL:

GREGORY G. GUSTIN
MARIA BAGUIO
Department of Housing
and Urban Development
Departmental Enforcement
Center
Chicago, IL

FEBRUARY 23, 2004

TABLE OF CONTENTS

PAGE(S)

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I. Englewood Agreed To Limit Its Rights To Challenge A Decision Not To Renew Its Contract . . . . . . . . . . 2

II. Englewood's Contract Was Not Illusory . . . . . . . . 7

A. If Judicial Review Is Appropriate, It Would Properly Be Conducted In Accordance With the Administrative Procedures Act . . . . . . . . . . 8

B. If Englewood Alleges That The Government Engaged In Tortious Behavior, This Court Does Not Possess Jurisdiction To Review These Allegations . . . . 9

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . 10

TABLE OF AUTHORITIES

CASES PAGE(S)

Aulston v. United States,
823 F.2d 510 (Fed. Cir. 1987) . . . . . . . . . . . . . . . 9

Brighton Village Associates v. United States,
52 Fed. Cir. 1995 . . . . . . . . . . . . . . . . . . . . . 5

Christopher Village L.P. v. United States,
53 Fed. Cl. 182 (2002) . . . . . . . . . . . . . . . . . . 5

Consumer Product Safety Commission v. GTE Sylvania, Inc.,
447 U.S. 102 (1980) . . . . . . . . . . . . . . . . . . . . 8

Crest A Apartments v. United States,
52 Fed. Cl. 607 (2002) . . . . . . . . . . . . . . . . . . 5

Fidelity Construction Co. v. United States,
700 F.2d 1379 (Fed. Cir. 1983) . . . . . . . . . . . . . . 2

Gross v. United States,
205 Ct. Cl. 605, 615-18 (Congress can make the
rejection of a claim final and conclusive . . . . . . . . 8

Hafen v. United States,
30 Fed. Cl. 470 (1994),
aff'd, 47 F.3d 1183 (Fed. Cir. 1995) . . . . . . . . . . 9

Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites
de Guinee,
456 U.S. 694 (1982) . . . . . . . . . . . . . . . . . . . . 3

Krygoski Construction Co., Inc. v. United States,
94 F.3d 1537 (Fed. Cir. 1996) . . . . . . . . . . . . . . . 7

LeBlanc v. United States,
50 F.3d 1025 (Fed. Cir. 1995) . . . . . . . . . . . . . . 10

McClary v. United States,
775 F.2d 280 (Fed. Cir. 1985) . . . . . . . . . . . . . . 10

New Valley Corporation v. United States,
119 F.3d 1576 (Fed. Cir. 1997) . . . . . . . . . . . . . . 7

Simons v. United States,
25 Ct. Cl. 685, 696 (1992) . . . . . . . . . . . . . . . . 8

Son Broadcasting, Inc. v. United States,
42 Fed. Cl. 532 (1998) . . . . . . . . . . . . . . . . . . 3

Torncello v. United States,
231 Ct. C 681 F.2d 756 (Ct. Cl. 1982) . . . . . . . . . . 7

United States v. John C. Grimberg Co.,
702 F.2d 1362 (Fed. Cir. 1983) . . . . . . . . . . . . . 8

United States v. King,
395 U.S. 1 (1969) . . . . . . . . . . . . . . . . . . . 2

United States v. Mitchell,
445 U.S. 535 (1980) . . . . . . . . . . . . . . . . . . 2

United States v. Testan,
424 U.S. at 339 . . . . . . . . . . . . . . . . . . . . 2

STATUTES

5 U.S.C. §706. ("APA") . . . . . . . . . . . . . . . . . 9

28 U.S.C. §1491(a) . . . . . . . . . . . . . . . . . . . 9

42 U.S.C. § 1437f (note) . . . . . . . . . . . . . . . 1, 4

42 U.S.C. § 1437f note, § 516(a)(2)(H)(3) . . . . . . . . 4

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ENGLEWOOD TERRACE LIMITED PARTNERSHIP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 03-2209C |
| | ) (Judge Wolski) |
| THE UNITED STATES, | ) |
| | ) |

Defendant. )

DEFENDANT'S REPLY TO PLAINTIFF'S
RESPONSE IN OPPOSITION TO OUR MOTION TO DISMISS

In our December 22, 2003 motion to dismiss, we demonstrated that this Court does not possess jurisdiction to entertain Englewood's complaint because Englewood contractually agreed to an administrative review of a decision not to renew its contract. Specifically, Englewood's housing contract with the United States was executed subject to the Multifamily Assisted Housing Reform and Affordability Act of 1997 ("MAHRA"), 42 USC § 1437f (note). In accordance with its provisions, there is no judicial review of an administrative determination that upholds the agency's determination not to renew a contract.

In its response to our motion to dismiss, Englewood attempts to argue that, despite the explicit provisions of MAHRA, this Court nonetheless possesses jurisdiction to entertain its complaint. However, Englewood has failed to point to anything in its contract, or in the law, that supports this argument. As a result, because Englewood's argument is without merit, this Court should grant the Government's motion to dismiss.

ARGUMENT

I. Englewood Agreed To Limit Its Rights To Challenge A Decision Not To Renew Its Contract

Englewood premises its argument upon its contention that it is not seeking the same type of relief it sought in its administrative appeal and two district court complaints that were

both dismissed by those courts. However, a close look at Englewood's assertions reveal that this Court could not resolve its complaint without, necessarily, reviewing the same facts as were examined in the administrative process. Moreover, Englewood would not be eligible for any monetary recovery unless this Court reached the opposite conclusion that the deciding official below reached. Accordingly, Englewood clearly seeks the same thing it sought at the administrative level and, as we established in our motion to dismiss, this Court cannot review that determination.

As set forth in our motion to dismiss, congressional consent to suit in the Court of Federal Claims, thereby waiving the Government's traditional immunity, must be explicit and strictly construed. United States v. Mitchell, 445 U.S. 535, 538 (1980); Fidelity Construction Co. v. United States, 700 F.2d 1379, 1383 (Fed. Cir. 1983). A waiver of sovereign immunity, therefore, cannot be implied, but must be expressed "unequivocally" by Congress. United States v. Testan, 424 U.S. at 339; United States v. King, 395 U.S. 1, 4 (1969). As we demonstrated in our motion to dismiss, there is no such waiver here.[1]

[1] In its brief, Englewood asserts that the Government's arguments in this Court are inconsistent with statements made before the United States district court. See Pl. Br. 5, 11. Englewood has not established that the Government previously argued that a right of judicial review existed in this situation. More importantly, of course, what the United States did or did not argue in the district court is irrelevant to the question of whether this Court possesses jurisdiction. No action of the parties can confer subject matter jurisdiction upon a Federal court. Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982). "Jurisdiction is

In this case, Congress decided, in 1997, that certain HUD housing contracts should contain a clause limiting a property owner's right to judicial review of certain HUD decisions. Englewood agreed to the terms in its contract, and, consequently, agreed to a scheme which provides only for an administrative, not a judicial, remedy for, among other things, non-renewal of its contract. Englewood does not deny that its contract was entered into pursuant to MAHRA. Instead, Englewood simply wants the Court to ignore those provisions.

To evade the plain language of MAHRA, Englewood argues that its contract was "terminated," and that MAHRA only applies when the Government elects not to renew a contract. Pl. Br. at 5. This is a difference without a distinction.[2] Englewood's contract was not terminated in the middle of performance, but at the end of a contract period. HUD elected not to renew the contract for an additional contract term. The Government was fully within its rights not to renew Englewood's contract because, in accordance with section 516 of MAHRA, it found that Englewood had engaged in "material adverse financial or managerial actions," which included: "[M]aterially failing to maintain the property according to housing quality standards

---

conferred by Congress, not be defendant's arguments in the district court proceedings and not by the district court's transfer of the case to this Court of Federal Claims." Son Broadcasting, Inc. v. United States, 42 Fed. Cl. 532, 536 (1998).

[2] Even in its complaint, Englewood uses the two terms interchangeably. See e.g. Complaint at 43, 57.

after receipt of notice and a reasonable opportunity to cure." 42 U.S.C. § 1437f note, § 516(a)(2)(H). Moreover, the statute also provides that the Government may act to cancel the HAP contract if:

> [T]he owner or purchaser of the property materially failed to follow the procedures and requirements of this subtitle, after receipt of notice and an opportunity to cure; or . . . the poor condition of the project cannot be remedied in a cost effective manner, as determined by the participating administrative entity.

42 U.S.C. § 1437f note, § 516(a)(2)(H)(3).

That is exactly what happened in this case. The Government determined that Englewood was not properly maintaining the property and it asked Englewood to cure the defects. When Englewood was unable to cure the property deficiencies, the Government took action to ensure that the tenants were protected, and this included not renewing Englewood's HAP contract. Moreover, as we explained in our motion to dismiss, the Government converted the property from a HAP system to a voucher system. Englewood then could (and did) challenge that determination through the administrative procedures specified in MAHRA.

Englewood claims that the administrative review process only concerns whether the decision not to renew the contract was correct, and, whatever the administrative outcome, it is still free to challenge an alleged breach of contract in this Court.

It cites to Christopher Village L.P. v. United States, 53 Fed. Cl. 182 (2002), for support, and claims that "[s]ection 516(c) is only a recent addition to the underlying Housing Act." Pl. Br. at 4. This is untrue. First, MAHRA has been in effect for seven years. Second, the fact that MAHRA was not always part of the Housing Act does not negate its legality and applicability.

Christopher Village is inapposite because the contract and the litigation involved in that case pre-dated MAHRA. This is also the case in the other two cases cited by Englewood: Crest A Apartments v. United States, 52 Fed. Cl. 607 (2002), Brighton Village Associates v. United States, 52 Fed. Cir. 1995). Consequently, the plaintiffs in those cases could not avail themselves of the administrative process.

In effect, Englewood wants two bites of the apple. It followed the administrative procedures specified in its contract, but it now wants to bring the same complaints to this forum. Englewood states:

> In interpreting Section 516(c) the court must answer: determination of what? HUD did not make a determination that Englewood was or was not entitled to damages. If anything, it made a determination not to renew the HAP contract. Thus, Englewood cannot (and does not) seek to force HUD to reconsider that determination. Englewood merely seeks adjudication of the resulting legal consequences of that determination.

Pl. Br. at 7. This is an illogical argument. The administrative review process necessarily had to consider whether the Government

properly made the decision not to renew the HAP contract. If the decision had been that the Government was wrong, Englewood would have been able to resume its contract, and it would have received payment.

What Englewood is asking this Court to do is to reconsider the same arguments it made during the administrative appeal and rule upon whether the Government acted properly. This Court cannot adjudicate the "resulting legal consequences of [the administrative] determination," pl. br. at 7, without considering whether that determination was proper. Englewood was unsuccessful below, so this Court cannot (as it is doing in the Christopher Village case) possibly arrive at a damages figure for an alleged "breach" when the decision at the administrative level was the Government acted properly when it elected not to renew Englewood's contract. There was no breach.

II. Englewood's Contract Was Not Illusory

Englewood claims that the MAHRA provision makes Englewood's contract with HUD "illusory" because it provides no judicial review for non-renewals of contracts. To support its claim, Englewood cites to two cases: Torncello v. United States, 231 Ct. Cl. 20, 681 F.2d 756 (Ct. Cl. 1982) and New Valley Corporation v. United States, 119 F.3d 1576 (Fed. Cir. 1997). Neither of these cases, however, are applicable here. In the Torncello case, the Court analyzed the Government's use of a termination for convenience clause. This Court's predecessor,

the United States Court of Claims, held that the Government could not simply use the contract's termination for convenience clause to take business away from the party it contracted with in favor of a competing bidder.[3]

In the New Valley case, the United States Court of Appeals for the Federal Circuit examined the disputes clause of a contract. The disputes clause concerned a series of steps the contractor must undertake prior to bringing its action in this Court. Consequently, neither of these cases, which concern entirely different kinds of contracts and statutory schemes, have any applicability here.

Moreover, although Englewood endeavors to distinguish the cases we have cited, which supports the conclusion that Congress can limit judicial remedies, they are unable to alter the proposition that this Court has recognized it is well within congressional authority to limit remedy options. "Congress has the power to make administrative decisions unreviewable." Simons v. United States, 25 Ct. Cl. 685, 696 (1992). See Gross v. United States, 205 Ct. Cl. 605, 615-18 (Congress can make the rejection of a claim final and conclusive).

The statute is plain upon its face. Congress has clearly expressed its view that there is no judicial remedy for disputes

---

[3] The court of appeals has limited the holding in Torncello to instances of proven bad faith upon the part of the Government - i.e. where "the Government enters a contract with no intention of fulfilling its promises." Krygoski Construction Co., Inc. v. United States, 94 F.3d 1537, 1545 (Fed. Cir. 1996).

arising under contracts entered into pursuant to MAHRA. This passage is not ambiguous, and has no other reasonable interpretation. As the Supreme Court articulated, unless there is a "clearly expressed" legislative intention to the contrary, a statute's plain meaning will be given effect. Consumer Product Safety Comm'n v. GTE Sylvania, Inc., 447 U.S. 102, 108 (1980). Accord United States v. John C. Grimberg Co., 702 F.2d 1362, 1368 (Fed. Cir. 1983).

Despite Englewood's protestations, it was not without a remedy in this case. Englewood followed the administrative procedures (and also filed two additional actions in the United States district court that were both dismissed) and had a chance to present its claims. The claim was reviewed. Englewood was unsuccessful. In accordance with MAHRA, Englewood is not entitled to another review.

A. If Judicial Review Is Appropriate, It Would Properly Be Conducted In Accordance With the Administrative Procedures Act

As we established above, and in our moving brief, there is no right of judicial review from HUD's determination not to renew Englewood's HAP contract. Moreover, as we addressed in our motion to dismiss, assuming, for the sake of argument only, that a challenge to the administrative decision is subject to review at all, the review would be undertaken in accordance with the Administrative Procedure Act, 5 U.S.C. § 706. ("APA"). This Court is not the appropriate forum for APA review. Aulston v.

United States, 823 F.2d 510 (Fed. Cir. 1987); Hafen v. United States, 30 Fed. Cl. 470 (1994), aff'd, 47 F.3d 1183 (Fed. Cir. 1995).

B. If Englewood Alleges That The Government Engaged In Tortious Behavior, This Court Does Not Possess Jurisdiction To Review These Allegations

Although we agree with Englewood that it did not specifically accuse the Government of tortious conduct, because some of the allegations made in the complaint could be construed as a tort, we simply note that such an action is not cognizable in this Court.[4] As we cited above, the Tucker Act, 28 U.S.C. § 1491(a), provides that an action in this Court can be "founded . . . for liquidated or unliquidated damages in cases not sounding in tort." (Emphasis added). LeBlanc v. United States, 50 F.3d 1025, 1030 (Fed. Cir. 1995); McClary v. United States, 775 F.2d 280, 283 (Fed. Cir. 1985).

Accordingly, because MAHRA provided that Englewood pursue any disputes through an administrative process and could not seek judicial review, this Court is without jurisdiction to entertain Englewood's complaint and should dismiss Englewood's complaint.

## CONCLUSION

For the foregoing reasons, and the reasons cited in our motion to dismiss, the United States respectfully requests that

---

[4] Englewood uses such language as "illegal" in its complaint, and seems to suggest that the Government acted with negligence in not renewing its contract. We simply wanted to note that some of its claims may sound in tort.

defendant's motion to dismiss should be granted, and Englewood's complaint and this action be dismissed with prejudice.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Franklin E. White, Jr. for
BRIAN M. SIMKIN
Assistant Director

OF COUNSEL:

GREGORY G. GUSTIN
MARIA BAGUIO
Department of Housing
and Urban Development
Departmental Enforcement
Center
Chicago, IL

S/Lisa B. Donis
LISA B. DONIS
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-6288
Attorneys for Defendant

FEBRUARY 23, 2004

Certificate of Filing

I hereby certify that on February 23, 2004, a copy of the foregoing "Defendant's Reply To Plaintiff's Response in Opposition to Defendant's Motion to Dismiss," was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Lisa B. Donis