**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mr. John Hayes, General Partner
P.M. One Equities
8137 W. Grand River Avenue
Suite 10
Brighton, MI 48116

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly) S. Cobb
B. Date of Delivery 12/13 00
C. Signature
X S. Cobb ☐ Agent ☐ Addressee
D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Copy from service label)
7000 0520 0020 5137 1748

PS Form 3811, July 1999 Domestic Return Receipt 102595-99-M-1789

**U.S. Postal Service**
**CERTIFIED MAIL REC**
*(Domestic Mail Only; No Insurance Coverage Provided)*

DEC 06 2000 DEC 06

7000 0520 0020 5137 1748

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Recipient's Name (Please Print Clearly) (To be completed by mailer)
Mr. John Hayes, General Partner
Street, Apt. No.; or PO Box No. Pm One Equities
8137 W. Grand River Avenue
City, State, ZIP+4
Brighton, MI 48116

PS Form 3800, February 2000 See Reverse for Instructions

U.S. Department of Housing and Urban Development
Illinois State Office
77 W. Jackson Blvd.
Chicago, Illinois 60604-3507

DEC 06 2000

**CERTIFIED MAIL - RETURN RECEIPT REQUESTED**

Mr. John Hayes, General Partner
P.M. 1 Equities
8137 W. Grand River Avenue
Suite 10
Brighton, Michigan 48116

Dear Mr. Hayes:

SUBJECT: FY 2000 Section 8 Housing Assistance Payment Contract (HAP)
Contract No. IL06-E000-034
South Pointe Towers Apartments

This letter is to inform you that we have amended your Section 8 HAP Contract from (one) 1 year to a (three) 3 month short term renewal with zero (0) renewal terms. The contract you received, with the (one) 1 year extension, with a (three) 3 year renewal term was in error.

As we stated in our meeting on October 18, 2000, the contract will be renewed under a three (3) month short term contract, due to the current physical conditions of the subject property. Once you provide our office with an acceptable plan to cure the physical deficiencies, we will renew the contract as needed. It is critical that an acceptable plan is submitted no later than December 11, 2000. The physical condition of this property continues to deteriorate with no foreseeable resolution.

Enclosed is your copy of the amended Section 8 HAP contract. We look forward to hearing from you shortly. Should you have any questions regarding this matter, please feel free to contact Gwendolyn Thomas, Project Manager at (312) 353-6236, ext. 2246.

Sincerely,

Veronica Coleman
Director, Project Management
Chicago Multifamily Hub

Enclosure

# NOTIFICATION OF FUNDS AVAILABLE FOR CONTRACT RENEWAL

**Owner Name:** P.M. Equities, Inc.

**Project Name:** South Pointe Towers

**Project Location:** 6425 S LOWE CHICAGO, IL 60621-

**Section 8 Contract No.** IL06E000034 **Expires on** 09/30/2000

**FHA Project No.:**

The subject Section 8 Housing Assistance Payments (HAP) contract expires on the given date. This notification responds to your selection of one of the initial renewal options submitted on Attachment 4 in HUD Notice H 99-36 dealing with Section 8 renewal policy, including tenant protections in the event of opt-outs. The purpose of this notification is to advise you as to the amount of funding that has been reserved for the renewal of the subject HAP contract.

**Renewal Funding:** **Annual Contract Authority** $ 2,513,000

**Budget Authority** $ 2,513,000

**Renewal Effective Date:** 10/01/2000

**Contract Units:** 303

The actual monthly assistance payments for the renewal period are subject to establishment of the unit distribution and contract rents for the project and may affect the final budget and contract authority for the renewal contract. As provided in the above-referenced Notice, the contract rents shall be established through one of the following methods: completion of a comparability study, approval of a project budget, or application of cost adjustment factor, as applicable. Once the actual renewal unit distribution and rents have been determined, the owner and HUD will enter into the section 8 renewal HAP contract, and the owner may then draw down funds for monthly assistance payments under the contract. If the Section 8 contract is terminated for any reason prior to or during the renewal period, the budget authority made available by the reservation of funds and this notification may be recaptured by HUD.

By:

For Assistant Secretary for Housing-Federal Housing Commissioner

Mary E. Anderson

(Name)

Director of Operations

(Title)

**U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT**
**Office of Housing, Federal Housing Commissioner**

# HOUSING ASSISTANCE PAYMENTS RENEWAL CONTRACT

## HUD as Contract Administrator

This HOUSING ASSISTANCE PAYMENTS CONTRACT ("Contract") is entered into between the Department of Housing and Urban Development and the "Owner", on Exhibit A item 5, pursuant to the United States Housing Act of 1937, 42 U.S.C. 1437 et seq. and section 524(a) of the Multifamily Assisted Housing Reform and Affordability Act of 1997, 42 U.S.C. 1437f note (MAHRA), as amended by Section 531 of the Departments of Veterans Affairs and Housing and Urban Development, and Independent Appropriations Act, 2000, Pub. L. No. 106-74, 113 Stat. 1047.

The purpose of this Contract is to provide housing assistance payments on behalf of Eligible Families ("Families") leasing decent, safe and sanitary units from the Owner.

Previously, HUD and the Owner entered into a Housing Assistance Payments Contract ("Expiring Contract") to provide section 8 assistance to the Owner for eligible families living in the "Project" on Exhibit A item 6. This Contract expires on the date listed in Exhibit A item 1.

HUD and the Owner desire to renew for the term specified below the Expiring Contract **EXCEPT for the Contract Rent and Rent Adjustment Provisions**.

**THEREFORE, HUD and the Owner hereby agree as follows:** 1/10/04

1. The Contract shall run for an initial ~~1 Year~~ 3 months 1 year period, beginning on the date on Exhibit A item 3.
2. After expiration of the initial term, this Contract shall renew automatically for 0 ~~X~~ additional one-year terms, subject to the availability of appropriations in any year.
   **(Note: For Projects where rents are increased to market levels pursuant to the Marking-up-to-Market Initiative, the total contract term must be at least five years.)**
3. For Sections 236 and 221(d)(3) BMIR projects, for a five-year period commencing on the effective date of this Contract and ending on the date in Exhibit A item 4, the owner agrees not to prepay any FHA-insured mortgage on this project, except where HUD, in its sole discretion, approves the prepayment as a component of a transaction whereby the project is preserved as affordable housing.
   **(Note: This provision is only applicable to projects that have had rents increased to market levels under the Marking-up-to-Market Initiative.)**
4. All terms of the Expiring Contract are renewed except for those provisions relating to Contract Rents and rent adjustments.

5. After rent levels have initially been established under section 524(a) of MAHRA, all subsequent adjustments to Contract Rents shall be determined in accordance with section 524(c) of MAHRA.
**(Note: For projects in which rents are increased to comparable market rents under the Marking-up-to-Market Initiative, all subsequent rent adjustments to contract rents for the five-year period of the contract generally shall be determined by application of an operating cost adjustment factor.)**

6. The maximum amount of the commitment for housing assistance payments under this Contract is on Exhibit B item 2.

7. The Owner warrants that it has the legal right to execute this Contract and to lease dwelling units covered by this Contract.

8. The Owner warrants that the rental units to be leased under the terms of this Contract are in decent, safe and sanitary condition, as defined by HUD.

9. In accordance with section 8(c)(8) of the United States Housing Act of 1937, the owner shall provide a written notice to HUD and each assisted family not less than one year before termination of the Contract. The notice shall comply with HUD regulations and other requirements, including any amendments or changes in the law or HUD requirements.
If the owner fails to provide this notice in accordance with HUD requirements, the owner may not increase the tenant rent payment for any assisted family until such time as the owner provides the written notice and one year has elapsed from the date the notice was provided.

10. This contract shall be construed in accordance with all applicable statutory requirements, and subject to the note in paragraph 5 hereof for Marking-up-to-Market projects, all HUD regulations and other requirements, including any amendments or changes in the law or HUD requirements.

This Contract is hereby executed with respect to the contract units described in Exhibit A and further detailed in Exhibit B.

**United States of America**
**Secretary of Housing and**
**Urban Development**

By: ______________________
(Signature)

Mary E. Anderson
(Print)

Director of Operations
(Official Title)

Date: 10-18-00

**OWNER**
Englewood Terrace Limited Partnership
By: P.M. Equities, Inc., G.P.

By: ______________________
(Signature)

John J. Hayes
(Print)

President
(Official Title)

Date: October 16, 2000

## Section 524(a) Addendum

**Contract Language Allowing for Use of Abated Section 8 Payments to be Used to Cover Rehousing and Relocation Costs**

If HUD notifies the Owner that it has failed to maintain a dwelling unit in decent, safe, and sanitary condition and the Owner fails to take corrective action within the time prescribed in the notice, HUD may exercise any of its rights or remedies under the Contract, including reduction or suspension of housing assistance payments, even if the Family continues to occupy the unit. If, however, the Family wishes to be rehoused in another dwelling unit with section 8 assistance and HUD does not have other section 8 funds for such purposes, HUD may use the abated housing assistance payments for the purpose of rehousing the Family in another dwelling unit. If the Family continues to occupy the unit, it will do so in accordance with the terms of its lease, including the termination date and amount of rent payable by the Family.

Any reduction or suspension of housing assistance payments shall be effective as provided in written notification to the Owner. The Owner shall promptly notify the Family of any such abatement.

# ADDENDUM TO SECTION 8 HAP CONTRACT RENEWAL

Owner agrees as a condition of renewing the Section 8 Contract that, in the event HUD's Real Estate Assessment Center (REAC) issues a physical inspection report to the Owner that has a score which evidences Owner failure to comply with HUD's Uniform Physical Condition Standards and Physical Inspection Requirement, or if the Owner is negotiating a Corrective Plan of Action to repair deficient items on the REAC inspection, or, if the Owner agreed to a Corrective Plan of Action and has endorsed said Plan, HUD may terminate the Contract after the renewal providing the Owner a reasonable period, as determined by HUD, to correct deficiencies or if the Owner fails to perform under an approved Correction Action Plan to Repair. Notwithstanding the foregoing, HUD may, at its option, continue the contract or renew said contract to facilitate the provision of vouchers for such reasonable time (not to exceed 180 days) as may be necessary to relocate eligible residents with Section 8 Vouchers. The Owner agrees to cooperate in the relocation of the residents by providing to HUD such information on income and occupancy as may be necessary to relocate the tenants. Upon relocation of such residents the Contract shall be terminated.

______________________________ (Owner)

**EXHIBIT A**

**[ ] AMENDMENT TO EXHIBIT**(Check if applicable). **Amendment Effective Date** ________________

(Amendment effective date must be after Renewal Effective date & before Renewal Expiration Date.)

## Part I. CONTRACT IDENTIFICATION AND TERM

**1. Section 8 Contract No.** IL06E000034 **Expires on** 09/30/2000

**2. Expiring Section 8 Contract No.(s) or Stages** N/A

**3. Renewal Effective Date:** 10/01/2000

(The date inserted must be the day after the date that the Expiring Contract expires. For example,if the Expiring Contract expires on June 21, 1999, the date inserted must be June 22, 1999.)

**4. Renewal Expiration Date:** ~~09/30/2001~~ 12/31/00 Extend 9/30/2001 [illegible]

(The date inserted must be no more than 60 months from the effective date of this Contract.)

## Part II. IDENTIFICATION OF PROJECT AND OWNER

**5. Owner Name:** P.M. Equities, Inc.

**6. Project Name:** South Pointe Towers

**7. Project Location:** 6425 S LOWE CHICAGO, IL 60621-

**8. FHA Project No.:** ________________

EXHIBIT A

[ ] **AMENDMENT TO EXHIBIT** (Check if applicable). **Amendment Effective Date** ______________

(Amendment effective date must be after Renewal Effective date & before Renewal Expiration Date.)

**Section 8 Contract No.** IL06E000034

**Part III. IDENTIFICATION OF UNITS ("CONTRACT UNITS") BY SIZE AND APPLICABLE CONTRACT RENTS**

| Number of Units | Number of Bedrooms | Contract Rent ($) | Utility Allowance ($) | Gross Rent ($) |
|---|---|---|---|---|
| 60 | 1 | $ 648 | $ 25 | $ 673 |
| 17 | 2 | $ 799 | $ 36 | $ 835 |
| 140 | 2 | $ 727 | $ 31 | $ 758 |
| 6 | 3 | $ 866 | $ 52 | $ 918 |
| 80 | 3 | $ 800 | $ 43 | $ 843 |

**EXHIBIT B**
**FUNDING**

**Section 8 Contract No.** IL06E000034

**[ ] AMENDMENT TO EXHIBIT** (Check if applicable). **Amendment Effective Date** ____________

**1. ANNUAL CONTRACT AUTHORITY** $ 2,513,000

**2. BUDGET AUTHORITY** $ 2,513,000

**3. For HUD Use Only** IL06E000034-00 COR $ 2,513,000

**U.S. Department of Housing and Urban Development**
Illinois State Office
77 West Jackson Boulevard
Chicago, Illinois 60604-3507

**FAX**

**FROM:** Gwen Thomas **PHONE : (312) 353-6236 EXT (** 2240
**FAX : (312) 353-9563**

**TO:** Jan Jonston

**FAX:** 817 / 978 / 5748 **PHONE:** / /

**SUBJECT:**

South Pointe Tower
Change in Expiration Date
to 9/30/2001.
Thank you
for your assistance.

* * * COMMUNICATION RESULT REPORT ( JAN. 10.2003 ) * * *

TTI MFLM DIVISION

| FILE | MODE | OPTION | ADDRESS (GROUP) | RESULT | PAGE |
|---|---|---|---|---|---|
| 603 | MEMORY TX | | 912485292061 | OK | P. 9/9 |

REASON FOR ERROR
E-1) HANG UP OR LINE FAIL
E-2) BUSY
E-3) NO ANSWER
E-4) NO FACSIMILE CONNECTION

**U.S. Department of Housing and Urban Development**

Illinois State Office
77 W. Jackson Blvd.
Chicago, Illinois 60604-3507

DEC 06 2000

**CERTIFIED MAIL - RETURN RECEIPT REQUESTED**

Mr. John Hayes, General Partner
P.M. 1 Equities
8137 W. Grand River Avenue
Suite 10
Brighton, Michigan 48116

Dear Mr. Hayes:

SUBJECT: FY 2000 Section 8 Housing Assistance Payment Contract (HAP)
Contract No. IL06-E000-034
South Pointe Towers Apartments

This letter is to inform you that we have amended your Section 8 HAP Contract from (one) 1 year to a (three) 3 month short term renewal with zero (0) renewal terms. The contract you received, with the (one) 1 year extension, with a (three) 3 year renewal term was in error.

As we stated in our meeting on October 18, 2000, the contract will be renewed under a three (3) month short term contract, due to the current physical conditions of the