# In the United States Court of Federal Claims

No. 03-2209C
(Filed August 31, 2004)

* * * * * * * * * * * * * * * * * * * * * * *
*
**ENGLEWOOD TERRACE** *
**LIMITED PARTNERSHIP,** *
*
Plaintiff, *
*
v. *
*
**THE UNITED STATES,** *
*
Defendant. *
*
* * * * * * * * * * * * * * * * * * * * * * *

Defendant has moved for reconsideration of the Court's August 10, 2004, order denying its motion to dismiss. It argues that the Court based this order on a "mistake of fact" and "a manifest error of law," Motion for Reconsideration ("Motion") at 5, because the Court relied on an allegedly invalid contract and "seemed to ignore" certain other contracts. *Id.* at 4-5.

Putting to one side whether such an early ruling in a case as a denial of a motion to dismiss can be considered a "manifest injustice," Motion at 8, defendant's motion borders on the frivolous. Defendant argues that the contract attached to the Complaint as Exhibit D "was executed in error," Motion at 6, and that plaintiff "understood the original October 1, 2000 HAP Contract with the 3-year renewal to have been issued in error," *id.* at 9. But defendant took the exact opposite position at the hearing. At the very outset, the Court asked counsel for defendant, referring to Exhibit D to the Complaint, "is there any dispute that this contract was entered into between Plaintiff and HUD and was executed by HUD?" Tr. (Mar. 18, 2004) at 5:17-19. Counsel for defendant answered, "No." *Id.* at 5:20.

The Court later discussed the matter of the validity of Exhibit D with counsel for the plaintiff. *See* Tr. (Mar. 18, 2004) at 34:18-36:10. As to whether the December 6, 2000, letter from HUD, Exhibit E to the Complaint, "suggests a strong possibility that this contract that was signed that's [plaintiff's] Exhibit D could have had some typographical errors," and that an affidavit from the responsible HUD officials to that effect would pose "a powerful impediment" to plaintiff's case, plaintiff's counsel responded: "As far as the validity of this exhibit, Your Honor, there is nothing to suggest, in fact [defendant's counsel] in answer to the Court's

questions said that she believed that Exhibit D was the contract between the parties." *Id.* at 35:2-17, at 35:24-36:3. When defendant's counsel returned to the podium, she said nothing further on the matter. *See* Tr. (Mar. 18, 2004) at 70-76. In light of the oral argument, and the fact that the defendant did not even mention the alleged invalidity of Exhibit D in either of its briefs submitted in support of its motion, it is rather odd that it now argues that it is *the Court* that is mistaken or in error on this point.

Further, the question of what contract, beginning October 1, 2000, was entered into by the parties, at best involves disputed facts that are not properly decided in the context of a motion to dismiss. But defendant attempts to rely on documents that have not even been submitted to the Court, such as "electronic correspondence to HUD," Motion at 4, and "pleadings before the district court," *id.* at 9.

This last reference touches on the other argument raised by defendant, that the short-term extensions that were in effect after September 30, 2001, were ignored by the Court and somehow superseded the express promises in the October, 2000 HAP contract. But plaintiff has alleged that the failure to automatically renew the October 2000 HAP contract--that is, HUD's recourse to these particular short-term extensions--constitutes, in part, the breach at issue in this case. *See, e.g.,* Complaint ¶¶ 3, 27, 55, 93. During the hearing on defendant's motion, the Court asked, "[i]s there anything in the subsequent contracts in which the Plaintiff waived any right [it] had under any previous contract?" Defendant's counsel replied, "*I don't think they waived their rights*, but they signed the contract and with the provision that you know it was subject to MAHRA and renewed for three months." Tr. (Mar. 18, 2004) at 12:21-13:2 (emphasis added). In any event, far from being "a critical oversight" on the part of the Court, Motion at 10, the parties have not briefed the issue of the legal effect of the short-term extensions, and a motion for reconsideration is not the appropriate vehicle to address the matter.

For the above reasons, the motion for reconsideration is hereby **DENIED**. Defendant shall file its Answer to the Complaint on or by September 7, 2004, or the allegations in the Complaint will be deemed admitted. The Court will not accept for filing any dispositive motions in this case until dates for filing such motions are adopted at the preliminary scheduling conference.

**IT IS SO ORDERED.**

/S/Victor J. Wolski
VICTOR J. WOLSKI
Judge