IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ENGLEWOOD TERRACE LIMITED PARTNERSHIP, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No. 03-2209C |
| | ) Judge Wolski |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

CORRECTED JOINT PRELIMINARY STATUS REPORT

Pursuant to Appendix A of the Rules of the United States Court of Federal Claims, the parties submit the following preliminary status report:

a. **Jurisdiction:** The plaintiff, Englewood Terrace Limited Partnership ("Englewood") believes that the Court possesses the jurisdiction to hear and decide this case, as the Court determined in its August 10, 2004 Opinion. The defendant believes that there is still a question whether this Court possesses jurisdiction to hear and decide this case, and may file a motion upon the subject.

b. **Consolidation:** The parties agree that this case should not be consolidated with any other case.

c. **Bifurcation:** The parties agree that the trial of liability and damages in this case should not be bifurcated.

d. **Deferral:** The parties do not believe there is any basis for deferring this case.

e. **Remand:** The parties do not anticipate that a remand or suspension will be sought.

f. **Joinder:** The parties do not anticipate the joinder of additional parties at this time.

g. **Dispositive Motions:**

Plaintiff believes that this case can be most appropriately resolved by streamlined discovery and an expedited trial date and does not expect to file a dispositive motion. Defendant anticipates that it may file a motion for summary judgment, pursuant to Rule 56 of the Rules of the United States Court of Federal Claims.

h. **Relevant issues of fact and law:**

On April 9, 2001, the Department of Housing and Urban Development ("HUD") declared that plaintiff's project-based HAP contract was in default because: "The REAC Inspection confirms that the Project suffers from ongoing serious neglect, disrepair, and unsafe and unsanitary conditions throughout the units, common areas, and the building. The failure to keep and maintain the Project in a decent, safe and sanitary condition is a default of the HAP Contract."

Plaintiff, Englewood, claims that it fully responded to the March 8, 2001 REAC Report. Englewood further claims that HUD did not follow the requirements of the default, determination and notice provisions of Section 20(b) of the HAP contract in its

April 9, 2001 Notice of Default, and that it breached the October 18, 2000 HAP Contract by refusing to accept plaintiff's April 5, and 8, 2001, responses to the March 8, 2001 REAC Report, and instead started the process of replacing subsidy with vouchers and requiring a change in ownership and management.

HUD abated and did not renew the HAP contract on November 30, 2001, and issued voucher-based Section 8 assistance to eligible residents. Englewood claims that the United States breached the contract by improperly terminating it. The September 2003 complaint seeks damages of "at least 3 million." Englewood asserts that its damages have increased over the past year due to HUD's continuing breach and its subsequent actions to cause the foreclosure of Englewood's mortgage and remove Englewood as manager of the property.

**The plaintiff believes the issues involved in this case are:**

1. Whether, on October 18, 2000, HUD exercised its discretion to enter a HAP contract for one year with three automatic one-year renewals subject only to annual appropriations and the HAP contract provisions relating to default.

2. Whether there was any proper termination of the October 18, 2000 HAP contract, or agreed upon amendment, or agreed upon and signed short-term renewal contracts prior to the REAC inspection on March 2, 2001, and Report on March 8, 2001.

3. Whether there was a proper review by defendant of the plaintiff's written responses to the March 8, 2001 REAC Report on April 5, 2001, and April 8, 2001, before HUD Issued its Notice of Default on April 9, 2001, rejected those responses on May 15, 2001, issued it notice of continued default on May 16, 2001, and began to issue vouchers and to disregard its responsibilities to plaintiff under the HAP contract as renewed.

4. Whether the defendant followed the provisions of Section 20 of the HAP Contract in providing plaintiff with the proper default, determination and notice relating to the timely correction of deficiencies identified in a REAC inspection report, or any other official "inspection," that if not corrected in a specific period of time would result in a default.

5. Whether HUD terminated Englewood's HAP contract on November 30, 2001, which is was contractually obligated to renew.

6. The nature and amount of damages that directly and foreseeably resulted from HUD's alleged breach of contract.

**The defendant believes that the issues involved in this case are:**

1) Whether the 2000 "automatic renewal" contract was issued in error and was legally replaced by short-term renewal contracts.

2) Whether, accordingly, the contract that governed the parties was subject to the Multifamily Assisted Housing Reform

and Affordability Act ("MAHRA") and its provisions on contract non-renewals.

3) Whether, if the contract that was in effect was subject to MAHRA, this Court is precluded from reviewing the contentions in Englewood's complaint that the Government improperly failed to renew its contract.

4) Whether the Government properly did not renew Englewood's contract because it breached its obligation to keep the property in a safe and sanitary condition.

i. **Settlement** Both parties are willing to discuss settlement, but at this time the parties cannot determine whether the case can be settled. Englewood is willing to participate in a mediation process provided for by the Court of Federal Claims if it can take place this year, and if it proceeds on a parallel track with discovery so that preparation of the case for trial is not slowed. While defendant is willing to discuss alternative dispute resolution, defendant is unwilling to agree that it must take place "this year."

j. **Expedited Trial:** In the absence of a settlement or disposition of the case through pretrial motions, the parties anticipate proceeding to trial. Plaintiff requests expedited trial scheduling for a date early next year. Defendant does not believe that this case requires an expedited trial.

k. **Electronic Case:** This case has been docketed as an electronic case, but the parties do not believe there are any special issues at this time.

l. **Further Status Reports:** The parties reserve the right, jointly or severally, to file further status reports or to seek additional relief from the Court with respect to procedural or other matters as may be appropriate in the future.

DISCOVERY PLAN

Plaintiff states that it filed a detailed Complaint in September 2003, with numerous exhibits intending to expedite consideration of its claims. The case is now 13 months old and pertains to events most of which took place in 2000 and 2001. On September 10, 2004, plaintiff noticed the videotape deposition of HUD's Project Manager for South Pointe, Gwendolyn Thomas, for October 18, 2004. Plaintiff also issued its first request for documents. Although defendant was unable to produce Ms. Thomas on that date, defendant has suggested alternative dates in November for such a deposition. Defendant has also responded to plaintiff's document requests.

The parties do not agree upon the completion date for discovery. Plaintiff believes that discovery can be completed by January 31, 2005. Defendant believes that its discovery, which will likely consist of interrogatories, document production requests, requests for admissions and depositions, can be completed by April 30, 2005.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Harold D. Lester, Jr. for
BRIAN M. SIMKIN
Assistant Director

s/Peter V. Baugher
PETER V. BAUGHER
Schopf & Weiss LLP
312 West Randolph St.
Chicago, IL 60606

(312) 701-9300

Attorneys for Plaintiff

s/Lisa B. Donis
LISA B. DONIS
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7561
Attorneys for Defendant

Attorney for Plaintiff

OCTOBER 26, 2004

Attorneys for Defendant

OCTOBER 26, 2004

CERTIFICATE OF FILING

I hereby certify that, on OCTOBER 28, 2004, a copy of the foregoing "CORRECTED JOINT PRELIMINARY STATUS REPORT," was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Lisa B. Donis