IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ENGLEWOOD TERRACE LIMITED PARTNERSHIP, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 03-2209C (Judge Wolski) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

JOINT STATUS REPORT

Pursuant to this Court's November 16, 2004 Order, the parties file this status report.

Document Production

Defendant believes it has now responded, in full, to Plaintiff's First Request for Production of Documents. In addition, defendant's counsel has forwarded an updated privilege log to plaintiff's counsel.

Plaintiff requested that special attention be given to South Pointe files tracking activity within the Chicago Department Enforcement Center ("DEC"), and particularly for the South Pointe files developed by the DEC and Chicago HUD for the years 1999. However, plaintiff did not originally ask for any documents prior to 2000 - it only amended its request in late December to include any documents from 1999 to the present. Defendant has informed plaintiff that it has produced all the non-objectionable, non-privileged documents in its possession.

Plaintiff, however, does not believe that HUD has produced all of the DEC Problem Statements, histories and narratives and

other entries made in its Real Estate Management System ("REMS"), and other electronic files, the hard copy, or "green" files containing internal correspondence, inspections, the MIO and updates, or any of the files of DEC personnel who were responsible for South Pointe in 1999 and 2000 (Jim Zale, Joan Kiening, Freddie Batchelor and Cathy Paul). While HUD has produced a large volume of papers for October 2001 through 2004, it has produced relatively little for 1999 through May 2001, almost none of the Englewood and PM One communications with HUD Multifamily and the DEC during this period, and almost nothing from the DEC.

Defendant's counsel has provided plaintiff's counsel with an extensive privilege log, listing nearly 1,100 documents comprising over 2,400 pages. Defendant believes this log fully comports with the requirements of Rule 26(b)(5) of the rules of this Court. Plaintiff, however, believes it has been hampered in its review of the log because many of the authors and recipients are unidentified (including the person's status as a lawyer functioning in that role with respect to the particular communication), and the subject descriptions typically contain little information on which one could make any kind of privilege assessment. As an example, plaintiff notes that Documents 28-32 are all described as "handwritten meeting notes," with no indication of who was meeting whom on what topic or topics. Defendant's counsel responds, however, that the author of those

notes is clearly identified and known to be an attorney by plaintiff's counsel, and the privilege asserted is "work-product." Documents 422, 644, and 715, while more specifically titled, seem unlikely to contain legal advice since, according to the log, they pertain to "mortgage rates hit a 7-month low." Defendant points out that these documents were all authored by HUD attorneys and were written to HUD client-agencies.

Plaintiff further states that other important documents withheld on privilege grounds appear not privileged. Document 1042 is the signature 993-95 are communications between a Chicago DEC lawyer and Howard Mayfield, the Washington HUD official who was to have conducted the agency's 2002 independent administrative review, including one titled, "draft decision letter," raising the question as to whether a Chicago DEC lawyer was drafting or commenting on Mayfield's final administrative decision. Finally, various entries in the DEC narrative records are redacted without explanation (e.g. B8277, 8267, 8268, 8269, 8274, 8256, 8257, 8262).

Prior to the drafting of this status report, plaintiff's counsel has not discussed these issues with defendant's counsel. The parties will discuss these issues further and attempt to resolve them.

Defendant plans to send plaintiff its first set of interrogatories and request for production of documents within the next week.

Depositions

Plaintiff Englewood noticed the deposition of South Pointe Project Manager Gwendolyn Thomas in September 2004. Inasmuch as HUD completed its document production just last week, that deposition has not yet been taken. Englewood has also proposed depositions of HUD officials Veronica Coleman and Margarita Maisonet for the week of January 17th. Having now seen HUD's documents, Englewood intends to proceed with the depositions of Mss. Thomas and Coleman later in January. Given the absence of meaningful document production from HUD for the DEC, and for the years 1999 and 2000, it appears Englewood will have to depose one of the DEC staff members responsible for South Pointe for 1999-2000 to determine what documents were prepared by HUD during that period. These three depositions will be followed by a Rule 30(b)(6) deposition of HUD on matters raised in the pleadings or suggested by the recent document production.

Defendant has not yet determined whether it will take depositions in this case.

Defendant's Jurisdictional Challenge

As it earlier informed the Court, defendant is still planning to file its motion for summary judgment by April 18th. Court's jurisdiction.

Trial Date

Plaintiff continues to request that a trial date for a five-day trial in Chicago be set for May-June 2005.

Defendant believes it is premature to set a trial date as it plans to file a dispositive motion in April 2005.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Brian M. Simkin
BRIAN M. SIMKIN
Assistant Director

s/Peter V. Baugher
PETER V. BAUGHER
Schopf & Weiss LLP
312 West Randolph St.
Chicago, IL 60606

(312) 701-9300

Attorneys for Plaintiff

s/Lisa B. Donis
LISA B. DONIS
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7561
Attorneys for Defendant

Attorney for Plaintiff

Attorneys for Defendant

DATED: JANUARY 10, 2005

CERTIFICATE OF FILING

I hereby certify that, on January 10, 2005, a copy of the foregoing "JOINT STATUS REPORT," was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic system.

s/ Lisa B. Donis