IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ENGLEWOOD TERRACE LIMITED PARTNERSHIP,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 03-2209C<br>(Judge Wolski) |

JOINT STATUS REPORT

Pursuant to the Court's order dated March 23, 2005, the parties respectfully submit the following status report.

Document Production

Discovery in this case closed on May 2, 2005. However, plaintiff has provided written requests for additional documents or categories of documents. Plaintiff states that these requests were prompted by testimony at the recent depositions of defendant’s witnesses, and most were included in one of more of the categories of records called for in plaintiff’s 2004 written discovery requests. Defendant states that not all these documents were requested in plaintiff’s initial requests for production of documents and some have already been produced or are not relevant to plaintiff’s allegations of breach of

contract. However, in order to assist the parties and the Court in promptly reaching the merits of plaintiff's allegations, defendant is endeavoring to identify and produce to plaintiff non-privileged documents that plaintiff has requested.

Further, defendant states that it learned during the deposition of plaintiff's representative Don Samuelson that a former HUD employee supplied Mr. Samuelson with HUD records outside the course of normal discovery. Defendant believes that this employee removed documents, including documents concerning plaintiff, from HUD's records. For this reason, defendant states that plaintiff possesses, and has introduced during depositions, HUD records no longer under defendant's possession, custody, or control. Defendant believes this may hamper its ability to provide plaintiff with all documents noted in its most recent written requests.

Plaintiff states that all documents received from defendant's Department Enforcement Center, where the former employee Ms. Freddie Batchelor worked, were imaged as well as kept in paper files, so remain available electronically. As to the paper files, Ms. Batchelor, who was the DEC analyst on Southpointe in 1999-2000, says that there was a large volume of Southpointe documents when she left HUD in May 2004. She provided plaintiff with a few sample documents illustrating the

DEC review process and concurrence procedure (all produced by plaintiff). These documents were not produced by defendant, illustrating its incomplete production of Southpointe records—contrary to its repeated avowals.

As noted in our previous status report, defendant's counsel has provided plaintiff's counsel with a privilege log listing more than 1,100 documents. Defendant currently is revising this log in order to respond to concerns plaintiff raised regarding its inability to evaluate some of defendant’s claims of privilege because, for example, the document’s recipient and affiliation were not disclosed.

Plaintiff believes that certain of defendant’s privilege claims are unsupportable. A prime example, raised previously with the court both orally and in the January 10, 2005 status report, are Items 993-96, communications between Chicago Enforcement Center lawyer Greg Gustin and Howard Mayfield, the Washington, DC HUD official who conducted what was supposed to have been an “independent” administrative review. These items include one titled “draft decision letter.” HUD’s Margarita Maisonet testified at her deposition on April 29, 2005, that Mr. Gustin served as her lawyer at the Enforcement Center in Chicago throughout 2001-2--from the notice of default through defense of

the administrative review. But she also testified that Mr. Gustin wrote Mr. Mayfield's May 2, 2002 decision disposing of Southpointe's appeal. The importance of this information to the fairness and independence of the HUD review process is plain.

Defendant states that the referenced document clearly is privileged. Further, the appeal process was lawfully and properly conducted. In fact, plaintiff chose not to depose Mr. Mayfield regarding the appeal process and should not be allowed to distract the Court from focusing on the merits of this case now.

Depositions

The parties do not believe it will be necessary to take any additional depositions.

Motions For Summary Judgment

As indicated in our previous status report, defendant plans to file a motion for summary judgment. This motion will concern the legal effects of the contract renewals executed by the parties after 2000, as well as any other issues where defendant believes it can demonstrate that there are no genuine issues of material fact and defendant is entitled to judgment as a matter of law. Pursuant to the Court's order of March 23, 2005, defendant will file this motion no later than June 2, 2005.

Given the length of time defendant has had to consider grounds for its motion, and the short response date for plaintiff, plaintiff asks that defendant inform it by May 19, 2005, of the general legal argument(s) it intends to make.

Plaintiff is also considering a motion for (partial) summary judgment. Defendant states in its March 30, 2005 interrogatory answers that plaintiff's responses to the REAC reports of March 2001 and April 1999 are "irrelevant" to the issues in the case, as are differences in scope of work proposed in the plan of correction prepared by plaintiff in response to the March 2001 REAC report. These answers label as "irrelevant" the purported grounds of default on which HUD terminated plaintiff's HAP contract. Plaintiff will inform defendant of its intention in this matter no later than May 19, 2005. Pending Court approval, it will file its motion on the same schedule as is now set for defendant's motion.

Defendant states that plaintiff mischaracterizes its responses to plaintiff's interrogatories as well as defendant's response to plaintiff's default.

<u>Trial Date</u>

Plaintiff continues to request a trial date for a 5-10 day trial in Chicago.

Defendant believes it is premature to set a trial date because it plans to file a dispositive motion in this case.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ BRIAN M. SIMKIN
BRIAN M. SIMKIN
Assistant Director

s/ PETER V. BAUGHER
PETER V. BAUGHER
Schopf & Weiss LLP
312 West Randolph St.
Chicago, IL 60606
Tel: (312) 701–9300

Attorneys for Plaintiff

s/ PAUL R. WELLONS
PAUL R. WELLONS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, DC 20530
Tel: (202) 616-8253
Fax: (202) 307-0972

Attorneys for Defendant

May 9, 2005

I hereby certify that on May 9, 2005, a copy of the foregoing “JOINT STATUS REPORT” was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ PAUL R. WELLONS