**IN THE**
**UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **ENGLEWOOD TERRACE LIMITED PARTNERSHIP, a Michigan Limited Partnership,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 03-2209C** |
| **UNITED STATES OF AMERICA, and MEL MARTINEZ, Secretary of the Department of Housing and Urban Development,** | ) | **Judge Marian Blank Horn** |
| **Defendants.** | ) | |

**PLAINTIFF'S STATUS REPORT**

Pursuant to the Court's order dated October 14, 2005, which set a due date for the Report of October 28, 2005, and which was extended by motion of Defendant's counsel to November 11, 2005, Plaintiff respectfully submits the following Status Report.

Except for a promising first meeting at HUD in Washington on September 29, 2005, because of the parties' very different views of the law and the facts, there has been little progress in achieving meaningful settlement negotiations.

The fundamental issues between the parties are whether there was an enforceable contact between the parties that was breached and repudiated by Defendant, and the nature and amount of damages flowing from that breach; or whether the contract was made in error, amended, rendered unenforceable by default or replaced by an "accord and satisfaction" so that Defendant had no liability under the contract and no obligation to pay damages.

Defendant's position appears to be that there is no reason to discuss legal issues since they have been addressed by Defendant in its pleadings and in proposed stipulations exchanged by the parties. Plaintiff's position is that there is a direct relationship between the

legal issues and damages and that a thorough understanding of HUD's position on liability and damages would advance settlement discussions.

## I. Efforts Made to Engage in Settlement Discussions

### A. The Efforts of the Plaintiff.

Plaintiff has initiated all of the settlement discussions during the past seven weeks. It's representative traveled to Washington in September so that the parties could meet and a full HUD staff could be in attendance on September 29, 2005. It has explained its legal positions in detail and in writing. It has made three written settlement proposals. It agreed to have meetings or conference calls on alternative dates each and every week beginning the week of September 26th.

### B. The Efforts of the Defendant.

Defendant has made no written offers. It has made no effort to explain its legal positions on liability or damages beyond referring the Plaintiff to its positions as stated in the pleadings. With the exception of the first meeting in Washington on September 29, Defendant has postponed or cancelled scheduled conferences and has not proposed any alternative dates and times during which its representatives would be available.

#### 1. The Week of September 26, 2005.

The settlement discussions began in Washington on September 29, 2005. In advance of the meeting, Plaintiff sent Defendant a summary of the issues and positions of the parties, plaintiff's view of the relevant facts, a notebook of documents describing Englewood's program and policy objectives, and Englewood's explanations of the categories and amounts of damages.

Englewood had four representatives at the meeting. HUD had nine, including HUD's Acting General Counsel, Kathleen Koch. Englewood presented its legal position in

detail in the three hour meeting. HUD's representatives listened, took notes, but had few comments or questions.

Plaintiff suggested that the next meeting be in Chicago, that it involve a site visit, and that HUD describe in detail its legal positions with respect to liability and damages as Plaintiff had done in the earlier meeting in Washington.

**2. The Week of October 3, 2005.**

No meeting was arranged for the week of October 3, 2005. Instead, Defendant asked Plaintiff to clarify the settlement proposal it had made in Washington.

**3. The Week of October 10, 2005.**

Plaintiff sent Defendant a revised written settlement proposal on Monday, October 10, 2005. Counsel had several telephone calls during the week of October 10, 2005. On October 13, 2005, counsel for Defendant made a verbal settlement offer to Plaintiff. On October 14, 2005, counsel talked once more, and there was a Status Hearing before Judge Horn. At the end of the day, Plaintiff sent Defendant a revised settlement proposal reflecting the day's discussions and counsel agreed to a teleconference on Tuesday October 18, 2005.

**4. The Week of October 17, 2005.**

The teleconference did not take place. There were no other discussions during the week.

**5. The Week of October 24, 2005.**

Firm dates for teleconferences were set for several dates during the week of October 24, 2005, the last of which was Friday, October 28, 2005. HUD's designated representative, Ms. Beverly Miller, had health and scheduling problems throughout the week and late on Thursday cancelled Friday's scheduled meeting. Plaintiff's counsel suggested that since Englewood had assembled its entire team for the teleconference scheduled for Friday,

October 28, 2005, Defendant's counsel could explain the government's legal positions on liability and damages, similar to Plaintiff's presentation in Washington on September 29, 2005. Defendant's counsel declined.

There were no discussions the week of October 24, 2005. Instead, Plaintiff's counsel drafted a one paragraph Status Report to describe the events of the previous five weeks:

> Counsel for the parties have continued to conduct a dialogue focused upon attempting to resolve this case and other disputes between the parties. To date, the parties have not agreed upon the terms of any settlement. However, they wish to continue settlement talks at this time. The parties anticipate filing a status report concerning the progress of their talks no later than November 11, 2005.

Counsel for Plaintiff proposed a more substantive Status Report, emphasizing the need for meaningful communications between "the parties," not just counsel for parties, suggesting teleconferences on November 1, 2 or 3, indicating Plaintiff's willingness to meet in Washington on any of those dates and suggesting an Agenda for the conference (Exhibit A).

Instead, counsel for Defendant filed a motion for a continuance until November 11th.

**6. The Week of October 31, 2005.**

Counsel for the Plaintiff proposed to conduct teleconferences on one or more of the dates of November 1, 2 or 3 and to have representatives of Englewood in Washington for those meetings. Defendant was not available on any of the scheduled teleconference dates.

**7. The Week of November 7, 2005.**

Plaintiff proposed to Defendant in writing on November 4, 2005 that conference calls be arranged for November 8 and 9 and that the Agenda set out in Exhibit A provide the structure for the discussion so that there would be some logical basis between the legal positions of the parties and the terms of the settlement.

On November 4, 2005, Plaintiff proposed to Defendant that Plaintiff could be in Washington on November 8 and 9 for conference calls and suggested the Agenda set out in Exhibit A to provide structure for the discussions. Plaintiff also suggested that Defendant's counsel review Judge Wolski's Opinion for his comments on Fifth Amendment "takings" as well as the application of the recent Court of Federal Claims opinion in *Cienega Gardens* (67 Fed. Cl. 434, August 29, 2005) to the defense of "accord and satisfaction" and the damages related to lost rental revenue, interest and attorney fees and costs. On Wednesday, November 9, 2005 Plaintiff sent a copy of this draft Status Report to Defendant's counsel in advance of the deadline for submitting the Status Report on November 10, and the Status Hearing on November 14, 2005.

In a letter dated November 8, 2005 (Exhibit B), Defendant's counsel objected to the agenda in Exhibit A but did not provide an alternative agenda. In a telephone conversation on November 9, Defendant's counsel indicated that he was willing to arrange for a second settlement conference but did not have a proposed date, time and agenda for such a conference. In e-mails on November 10, 2005 (Exhibit C), Plaintiff's counsel proposed discussing a compromise in drafting a joint status report and sought Defendant's proposed agenda and dates for a scheduling conference. Defendant's counsel responded that it would not agree to Plaintiff's proposed report, that "[i]f plaintiff does not agree with the proposed language we suggested last night, plaintiff may file its own status report" and that Defendant's counsel would "contact [Plaintiff's counsel] later to discuss whether the parties can agree upon a mutually convenient time and appropriate agenda."

**C. The Status of the Joint Stipulations**

The original schedule set by the Court would have had Defendant responding to Plaintiff's proposed Joint Stipulations on September 23, 2005 with a Status Hearing before the Court on September 27, 2005. The Court could then have ruled on Defendant's Motion for

Summary Judgment. While we were within one week of completing the Joint Stipulation process in late September, we recessed for settlement discussions for which we have made no progress the past four weeks. No further progress has been made regarding the joint stipulations.

**D. Going Forward**

If we had not invested seven weeks in settlement discussions, it would make sense to simply complete the Joint Stipulation process which was nearing completion in late September. However, given the time now invested in settlement talks, Plaintiff proposes to extend settlement negotiations for one more week, through November 18, 2005, with agreed upon dates, times and agendas for discussions.

To avoid further delays resulting from the upcoming holiday season, Plaintiff proposes Joint Stipulations be due on November 28, 2005 and that the Court schedule a hearing on Defendant's Motion for Summary Judgment, if necessary, during the week of November 28, 2005.

Plaintiff's goal is to conclude settlement negotiations and resolve Defendant's Summary Judgment Motion by the end of November so that a trial can be scheduled in early 2006.

November 10, 2005

Respectfully submitted,

/s/ Peter V. Baugher

PETER V. BAUGHER
Schopf & Weiss LLP
312 West Randolph St.
Chicago, IL 60606
Tel: (312) 701-9300

Attorney for Plaintiff

**E. CERTIFICATE OF FILING**

I hereby certify that on November 10, 2005, a copy of the foregoing **"PLAINTIFF'S STATUS REPORT"** was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Peter V. Baugher