IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ENGLEWOOD TERRACE LIMITED PARTNERSHIP,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 03-2209C<br>(Judge Horn) |

DEFENDANT'S MOTION
FOR LEAVE TO FILE AN AMENDED ANSWER

Pursuant to Rules 8(c) and 15(a) of the Rules of the Court of Federal Claims ("RCFC"), defendant respectfully requests leave to file an amended answer to include the affirmative defense of prior material breach on plaintiff’s part. A copy of defendant’s proposed first amended answer is included as an attachment to this motion (Exhibit A) for filing upon the granting of this motion.[1]

RCFC 8(c) requires parties affirmatively to set forth “any other matter constituting an avoidance or affirmative defense.” RCFC (8)(c). RCFC 15(a) permits amendment of a pleading "by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." RCFC 15(a). Consistent with the plain language of RCFC 15(a),

[1] The contents of paragraphs 1 through 99 of our proposed first amended answer are identical to those of paragraphs 1 through 99 of our previously filed answer. The new material is contained in paragraph 100 of our proposed first amended answer.

this Court and its predecessor, the Court of Claims, have recognized that leave to amend defendant's answer should be freely granted. Cities Serv. Helex, Inc. v. United States, 211 Ct. Cl. 222, 234 n.14, 543 F.2d 1306, 1313 n. 14 (1976) (waiver defense considered on the merits where Government did not plead it in its answer, but both parties exhaustively treated the issue in motions); St. Paul Fire and Marine Ins. Co. v. United States, 31 Fed. Cl. 151, 153-54 (1994); Johnson v. United States, 15 Cl. Ct. 169, 172 (1988); Effingham County Bd. of Educ. v. United States, 9 Cl. Ct. 177, 180 (1985).

Quoting the Supreme Court's interpretation of Rule 15(a) of the Civil Rules of Procedure in, this Court in Effingham County Board of Education, stated:

> In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. - the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

Effingham County, 9 Cl. Ct. at 180 (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

The Court considered the Supreme Court's list of reasons for denying a Rule 15(a) motion, set forth in Foman, to be instructive--but not exclusive. Accordingly, a denial properly could be based upon a reason other than one articulated in Foman, but the reason would have to be compelling, or it would not meet the strict Foman standard. See also Siemens Aktiengesellschaft v. United States, 26 Cl. Ct. 312, 313 (1992) (the courts "have recognized the appropriateness of amending an answer to raise additional defenses").

Moreover, a party should be allowed to litigate all substantive issues, absent a showing of undue delay, bad faith, or a dilatory motive. Hess v. United States, 210 Ct. Cl. 483, 491-92, 537 F.2d 457 (1976) (citing Foman v. Davis, 371 U.S. at 181-82); St. Paul Fire & Marine Ins. Co., 31 Fed. Cl. at 153-54. None of those situations is present here.

As the Court is aware, plaintiff filed its complaint on September 22, 2003. Defendant filed its answer on September 7, 2004. Undersigned counsel was appointed to this case on February 2, 2005. Since appearing in this case, undersigned counsel has determined that defendant has available the affirmative defense of prior material breach on plaintiff’s part, but that this defense was not pleaded in defendant’s response to the complaint.

As the Court is aware, defendant raised plaintiff’s prior material breach in its June 2, 2005 motion for summary judgment.

Def.'s Mot. Summ. J. at 16-20. Plaintiff responded to these arguments in its July 1, 2005 opposition to defendant's motion. Pl.'s Opp. Def.'s Mot. Summ. J. at 10-22. Thus, plaintiff cannot demonstrate that it would be prejudiced in any way by permitting defendant to amend its answer.

For these reasons, we respectfully request that the Court grant our motion for leave to file an amended answer.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ BRIAN M. SIMKIN
BRIAN M. SIMKIN
Assistant Director

s/ PAUL R. WELLONS
PAUL R. WELLONS
Trial Attorney
Commercial Litigation Branch
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 616-8253
Fax: (202) 307-0972
Attorneys for Defendant

December 30, 2005

CERTIFICATE OF FILING

I hereby certify that on December 30, 2005, a copy of the foregoing “DEFENDANT'S MOTION TO FILE AN AMENDED ANSWER” was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ PAUL R. WELLONS