IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ENGLEWOOD TERRACE LIMITED PARTNERSHIP,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 03-2209C<br>(Judge Horn) |

DEFENDANT'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES

For its answer to plaintiff's complaint, defendant admits, denies, and alleges as follows:

1. The allegations contained in the first and second sentences of paragraph 1 are characterizations of the plaintiff's case to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the third sentence of paragraph 1.

2. Admits the allegations contained in the first sentence of paragraph 2. Admits the allegations contained in the second sentence of paragraph 2 that “HUD agreed to provide housing subsidies to Englewood through a series of HAP contracts beginning in 1992; a five year contract through 1997, and then periodic contract renewals”; denies the remainder of the allegations contained in the second sentence of paragraph 2. Defendant avers that the HAP contract signed in October 2000 was not a “four-year renewal contract.”

3. The allegations contained in paragraph 3 are characterizations of the plaintiff's case and conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

4. Denies the allegations contained in the first sentence of paragraph 4. The allegations contained in the second sentence of paragraph 4 are characterizations of plaintiff's case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

5. Admits the allegations contained in paragraph 5 to the extent supported by the March 2, 2001 HUD inspection report cited, which is the best evidence of its contents, otherwise denies the allegations contained in paragraph 5.

6. Denies the allegations contained in the first, second and third sentences of paragraph 6. Admits the allegations contained in the fourth sentence of paragraph 6 that Englewood sent letters to HUD on April 5, 2001 and April 9, 2001. Denies the remainder of the allegations contained in the fourth sentence of paragraph 6.

7. Denies the allegations contained in the first sentence of paragraph 7. Admits the allegations contained in the second sentence of paragraph 7 to the extent supported by the April 9, 2001 Notice of Default cited, which is the best evidence of its

contents; otherwise denies the allegations contained in paragraph 7.

8. Denies the allegations contained in paragraph 8 due to lack of knowledge or information sufficient to form a belief as to their truth. Defendant avers that, to the extent paragraph 8 refers to an electronic communication (e-mail message) dated October 1, 2001 from HUD, defendant admits that it sent an e-mail on that date advising that HUD was abating the Section 8 HAP Contract.

9. Admits the allegations contained in paragraph 9 to the extent supported by the October 29, 2001 complaint cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 9.

10. Admits the allegations contained in paragraph 10 to the extent supported by the November 15, 2001 order cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 10.

11. Admits the allegations contained in the first sentence to the extent supported by the November 30, 2001 notice cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 11. The allegation contained in the second sentence of paragraph 11 is a conclusion of law to which no response is required. Admits the

allegation contained in the third sentence of paragraph 11 to the extent supported by the suit cited, which is the best evidence of its contents; otherwise denies the allegation contained in the third sentence of paragraph 11. Denies the allegations contained in the fourth and fifth sentences of paragraph 11 and avers the March 11, 2003 ruling was a denial of Englewood's suit <u>with</u> prejudice.

12. The allegations contained in paragraph 12 are characterizations of the plaintiff’s case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

13. The allegations contained in paragraph 13 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

14. Denies.

15. Denies.

16. Denies.

17. Denies the allegations contained in paragraph 17 for lack of knowledge or information sufficient to form a belief as to their truth.

18. The allegations contained in paragraph 18 are characterizations of plaintiff's case and conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

19. The allegations contained in paragraph 19 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

20. The allegations contained in paragraph 20 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

21. The allegation contained in paragraph 21 is a conclusion of law to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

22. Admits the allegation contained in the first sentence of paragraph 22. Admits the allegations contained in the second and third sentences of paragraph 22 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second and third sentences of paragraph 22.

23. Admits the allegations contained in paragraph 23 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 23.

24. Admits the allegations contained in paragraph 24 to the extent supported by the July 10, 2000 letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 24.

25. Admits the allegations contained in paragraph 25 to the extent supported by the October 3, 2000 letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 25.

26. Admits the allegations contained in paragraph 26 to the extent supported by the contracts cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 26.

27. Admits the allegations contained in paragraph 27 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 27. Defendant avers that this contract was issued in error, as was discussed with Englewood at an October 18, 2000 meeting. A corrected contract was sent to Englewood on December 6, 2000.

28. Admits the allegations contained in the first sentence of paragraph 28 to the extent supported by the December 6, 2000 letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence

of paragraph 28. Denies the allegations contained in the second sentence of paragraph 28.

29. Admits the allegations contained in paragraph 29 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 29.

30. Admits the allegations contained in the first and second sentences of paragraph 30. Admits the allegations contained in the third sentence of paragraph 30 to the extent supported by the REAC Report cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 30.

31. Denies the allegations contained in the first, second, third, fourth, fifth, sixth, seventh, eighth, and ninth sentences of paragraph 31 to the extent supported by the REAC Report cited, which is the best evidence of its contents; otherwise denies the allegations contained in those sentences. Denies the allegations contained in the tenth sentence of paragraph 31 for lack of knowledge or information sufficient to form a belief as to their truth.

32. Denies the allegations contained in the first and third sentences of paragraph 32. Admits the allegations contained in the second sentence of paragraph 32 to the extent supported by the letters cited, which are the best evidence of their contents; otherwise denies the allegations contained in the second sentence of paragraph 32. Denies the allegations contained in the fourth sentence of paragraph 32.

33. Admits the allegations contained in the first sentence of paragraph 33 that HUD sent a default notice to Englewood on April 9, 2001; denies the remainder of the allegations contained in the first sentence of paragraph 33. Admits the allegations contained in the second sentence of paragraph 33 to the extent supported by the April 9 notice, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 33. Admits the allegations contained in the third sentence of paragraph 33 to the extent supported by the April 9, 2001 letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in the third sentence of paragraph 33. Denies the allegations contained in the fourth sentence of paragraph 33. Admits the allegation contained in the fifth sentence of paragraph 33 to the extent supported by the April 9 notice cited,

which is the best evidence of its contents; otherwise denies the allegation contained in the fifth sentence of paragraph 33.

34. Admits the allegations contained in the first and second sentence of paragraph, to the extent supported by the May 15, 2001 letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the first and second sentence of paragraph 34. Denies the allegation contained in the third sentence of paragraph 34 that HUD refused the package.

35. Admits the allegations contained in the first and second sentences of paragraph 35 to the extent supported by the May 16, 2001 letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first and second sentences of paragraph 35. Denies the allegation contained in the third sentence of paragraph 35.

36. Admits the allegations contained in the first sentence of paragraph 36. Denies the allegations contained in the second sentence of paragraph 36 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the third sentence of paragraph 36.

37. Admits the allegations contained in paragraph 37 to the extent supported by HUD's physical condition report of March 22 and 23, 2001, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 37.

38. Admits the allegations contained in the first and second sentences of paragraph 38 to the extent supported by the exhibits cited, which are the best evidence of their contents; otherwise denies the allegations contained in the first and second sentences of paragraph 38. Denies the allegations contained in the third sentence of paragraph 38.

39. Denies.

40. Admits the allegations contained in paragraph 40 to the extent supported by the May 15, 2001 letter, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 40.

41. Admits the allegations contained in paragraph 41 that HUD returned the materials to Englewood. Denies the remainder of the allegations contained in paragraph.

42. Denies.

43. Admits the allegations contained in paragraph 43 that HUD issued a default letter to Englewood on April 9, 2001 and issued vouchers to South Pointe residents; denies the remainder of the allegations contained in paragraph 43.

44. Denies the allegations contained in the first sentence of paragraph 44. Admits the allegations contained in the second and third sentences of paragraph 44 to the extent supported by the letters cited, which are the best evidence of their content; otherwise, denies the allegations contained in the second and third sentences of paragraph 44.

45. Denies.

46. Denies the allegations contained in the first and second sentences of paragraph 46. Admits the allegations contained in the third sentence of paragraph 46 to the extent supported by the April 5, 2001 letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in the third sentence of paragraph 46.

47. Denies.

48. Denies.

49. Admits the allegations contained in the first sentence of paragraph 49 that HUD asserted Englewood was in default of the HAP Contract by Default Notice; denies the remainder of the allegations contained in the first sentence of paragraph 49. Admits the allegations contained in the second sentence of paragraph 49 that the Chicago HUD office obtained authorization from HUD Headquarters to fund vouchers; denies the remainder of the allegations contained in the second sentence of paragraph 49

for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the third sentence of paragraph 49 and further avers that only eligible residents would be given vouchers to permit them to move to alternative housing or remain at South Pointe if their unit passed physical inspection. Denies the allegations contained in the fourth sentence of paragraph 49. Defendant avers that resident meetings were held by CHAC, although HUD personnel may have been present.

50. Admits the allegations contained in paragraph 50 that plaintiff requested a renewal of the HAP Contract with a rent adjustment. The remainder of the allegations contained in paragraph 50 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

51. Admits the allegations contained in the first sentence of paragraph 51 that, “rents had not been increased at South Pointe since 1998;” denies the remainder of the allegations contained in the first sentence of paragraph 51 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the second sentence of paragraph 51.

52. Admits the allegations contained in paragraph 52 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 52.

53. Denies the allegations contained in paragraph 53 for lack of knowledge or information sufficient to form a belief as to their truth. Defendant avers that, to the extent paragraph 53 refers to an electronic communication (e-mail message) dated October 1, 2001 from HUD, defendant admits that it sent an e-mail on that date advising that HUD was abating the Section 8 HAP Contract.

54. Denies.

55. Admits the allegations contained in paragraph 55 to the extent supported by the October 29, 2001 complaint cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 55.

56. The allegations contained in paragraph 56 are characterizations of the plaintiff’s case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

57. The allegation contained in the first sentence of paragraph 57 is a characterization of plaintiff's case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied. Admits the remainder of the

allegations contained in paragraph 57 to the extent supported by the November 15, 2001 order cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 57.

58. Admits the allegations contained in the first sentence of paragraph 58 to the extent supported by the November 30, 2001, Notice of Abatement cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 58. Denies the allegations contained in the second sentence of paragraph 58. Admits the allegations contained in the third and fourth sentences of paragraph 58 to the extent supported by the Notice of Abatement cited, which is the best evidence of its contents; otherwise denies the allegations contained in the third and fourth sentences of paragraph 58.

59. Admits the allegations contained in paragraph 59 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 59.

60. Admits the allegations contained in paragraph 60 to the extent supported by the December 21, 2001 letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 60.

61. Admits the allegations contained in paragraph 61 to the extent supported by the December 21, 2001 letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 61.

62. Admits the allegations to the extent supported by the December 21, 2001 response cited, which is the best evidence of its content; otherwise, denies the allegations contained in paragraph 62.

63. Admits the allegations contained in the first and second sentences of paragraph 63. Denies the allegations contained in the third sentence of paragraph 63. Admits the allegations contained in the fourth sentence of paragraph 63 to the extent supported by the court’s order cited, which is the best evidence of its contents; otherwise denies the allegations contained the fourth sentence of paragraph 63.

64. Admits the allegations contained in paragraph 64 to the extent supported by the February 13, 2002 letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 64.

65. Admits.

66. The allegations contained in the first, second, third and fourth sentences of paragraph 66 are characterizations of the plaintiff's case, to which no response is required; to the extent

they may be deemed allegations of fact, they are denied. Admits the allegations contained in the fifth sentence of paragraph 66 to the extent supported by the complaint cited, which is the best evidence of its contents; otherwise denies the allegations contained in the fifth sentence of paragraph 66. Avers, however, that the suit was dismissed with prejudice.

67. Admits the allegations contained in paragraph 67 that project-based HAP contract payment decreased for the alleged periods, and that HUD's November 30, 2001 Notice prohibited Englewood from renting its units to project-based Section 8 residents; the remainder of the allegations contained in paragraph 67 are characterizations of plaintiff's case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

68. Admits to the allegations contained in the first sentence of paragraph 68. Denies the allegations contained in the second sentence of paragraph 68 for lack of knowledge or information sufficient to form a belief as to their truth.

69. Denies the allegations contained in paragraph 69 for lack of knowledge or information sufficient to form a belief as to their truth.

70. Denies the allegations contained in paragraph 70 for lack of knowledge or information sufficient to form a belief as to their truth.

71. Denies the allegations contained in paragraph 71 that HUD refused to honor its obligations under any HAP contract or renewal; denies the remainder of the allegations contained in paragraph 71 for lack of knowledge or information sufficient to form a belief as to their truth.

72. Denies the allegations contained in paragraph 72 for lack of knowledge or information sufficient to form a belief as to their truth.

73. Denies the allegations contained in paragraph 73 for lack of knowledge or information sufficient to form a belief as to their truth.

74. Denies the allegations contained in paragraph 74 for lack of knowledge or information sufficient to form a belief as to their truth. Defendant avers that it did not "wrongfully terminate" the HAP contract.

75. Admits the allegations contained in paragraph 75 to the extent supported by the HAP contracts for the periods cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 75.

76. Denies.

77. Denies.

78. Defendant incorporates by reference its responses contained in paragraphs 1 through 77 of its answer as though fully set forth here.

79. Denies the allegations contained in the first sentence of paragraph 79 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 79 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 79. The allegation contained in the third sentence of paragraph 79 is a conclusion of law to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

80. Denies.

81. The allegations contained in the first sentence of paragraph 81 are characterizations of plaintiff's case to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegation contained in the second sentence of paragraph 81. Denies the allegations contained in the third sentence of paragraph 81 for lack of knowledge or information sufficient to form a belief as to their truth.

82. Denies.

83. The allegations contained in paragraph 83 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

84. Admits the allegations contained in the first and second sentences of paragraph 84 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in the first and second sentences of paragraph 84. Denies the allegation contained in the third sentence of paragraph 84. Admits the allegation contained in the fourth sentence of paragraph 84 to the extent supported by the May 15, 2001 letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the fourth sentence of paragraph 84.

85. Denies the allegations contained in the first sentence of paragraph 85; denies the allegations contained in the fourth sentence of paragraph 85 that the findings contained in the April 9, 2001 Notice of Default were "unsubstantiated" and "general." Admits the remaining allegations contained in paragraph 85 to the extent supported by the April 9, 2001 Notice of Default and April 8, 2001 letter cited, which are the best evidence of their contents; otherwise, denies the remaining allegations contained paragraph 85.

86. Admits the allegations contained in paragraph 86 to the extent supported by the April 9, 2001 Notice of Default cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 86.

87. The allegation contained in the first sentence of paragraph 87 is a characterization of plaintiff's case to which no response is required; to the extent it may be deemed an allegation of fact, it is denied. Denies the allegation contained in the second sentence of paragraph 87. Denies the allegations contained in the third sentence of paragraph 87 and avers that the last REAC inspection occurred on March 2, 2001.

88. The allegations contained in paragraph 88 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

89. The allegations contained in the first sentence of paragraph 89 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegations contained in the second sentence of paragraph 89.

90. Denies.

91. Defendant incorporates by reference its responses contained in paragraphs 78 through 90 of its answer as though fully set forth here.

92. Admits the allegations contained in paragraph 92 that the parties entered into a series of amended HAP Contract Renewals and HAP Contract Renewals beginning on October 1, 2000, through September 30, 2002 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 92.

93. Denies.

94. Denies.

95. Denies the allegations contained in the first sentence of paragraph 95. Admits the allegations contained in the second sentence of paragraph 95 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the second sentence of paragraph 95. Denies the allegations contained in the third, fourth and fifth sentences of paragraph 95.

96. Denies each and every allegation not previously admitted or otherwise qualified.

97. Denies that plaintiff is entitled to the relief requested in its prayer for relief, or to any relief whatsoever.

AFFIRMATIVE DEFENSES

98. Plaintiff's claims are totally or partially barred by estoppel.

99. Plaintiff's claims are totally or partially barred by accord and satisfaction.

100. Plaintiff’s claims are totally or partially barred by plaintiff’s prior material breach.

WHEREFORE, defendant requests that the complaint be dismissed, and defendant be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ BRIAN M. SIMKIN
BRIAN M. SIMKIN
Assistant Director

s/ PAUL R. WELLONS
PAUL R. WELLONS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street
Washington, D.C. 20530
Tel.: (202) 616-8253
Fax: (202) 307-0972

Attorneys for Defendant

December 30, 2005

CERTIFICATE OF FILING

I hereby certify that on December 30, 2005, a copy of the foregoing "DEFENDANT'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ PAUL R. WELLONS