**IN THE**
**UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ENGLEWOOD TERRACE LIMITED PARTNERSHIP, a Michigan Limited Partnership, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 03-2209C |
| UNITED STATES OF AMERICA, and MEL MARTINEZ, Secretary of the Department of Housing and Urban Development, | ) | Judge Marian Blank Horn |
| Defendants. | ) | |

**ENGLEWOOD'S RESPONSE TO HUD'S MOTION TO PLACE DOCUMENTS UNDER SEAL AND FOR ENTRY OF A SUPPLEMENTAL PROTECTIVE ORDER**

Plaintiff Englewood Terrace Limited Partnership ("Englewood") objects to placing the December 2, 2005 Joint Status Report (document 248) under seal and to deleting it from the Public Access to Court Electronic Records system. How HUD has acted regarding a public contract is public business.

To conceal this report would violate the important and long-standing right of public access to judicial records. Nixon v. Warner Communications, Inc., 435 U.S. 589, 597-599, 98 S.Ct. 1306, 1311-13 (1978); FTC v. Standard Financial Management Corp., 830 F.2d 404, 408-10 (1st Cir.1987); United States v. Mitchell, 551 F.2d 1252, 1257-58 (D.C.Cir.1976), *rev'd on other grounds, sub nom.* Nixon v. Warner Communications, Inc., 435 U.S. 589, 98 S.Ct. 1306 (1978).

The presumption in favor of public access to judicial records is especially important where, as here, the case concerns public funds and the public's right to evaluate the conduct of its government is at stake. U.S. ex rel. McCoy v. California Medical Review, Inc.,

133 F.R.D. 143, 147-48 (N.D.Cal.1990) (refusing to hold settlement hearing *in camera* or to seal all the briefs related to the Government's settlement of Medicare fraud case because concern about the government's handling of public funds is good reason to subject the proposed settlement to public scrutiny).

What happens in the government is presumptively public business. Union Oil Co. of California v. Leavell, 220 F.3d 562 (7th Cir. 2000). Proceedings are conducted in public for the dual purposes of safeguarding the integrity of our judicial system and as a means of informing the public about issues of importance. Public access to court proceedings serves as "perhaps the only check on abusive government practices." Detroit Free Press v. Ashcroft, 303 F.3d 681, 704 (6th Cir. 2002). "Official records and documents open to the public are the basic data of governmental operations." Cox Broad. Corp. v. Cohn, 420 U.S. 469, 492, 95 S.Ct. 1029 (1975). Public access to court records is essential to the preservation of our system of self-government. Publicker Industries, Inc. v. Cohen, 733 F.2d 1059, 1066-70 (3rd Cir.1984). The public should be allowed unimpeded access to disputes related to government action such as public contracts. FTC v. Standard Financial Management Corp., 830 F.2d 404, 410 (1st Cir.1987) ("The appropriateness of making court files accessible is accentuated in cases where the government is a party: in such circumstances, the public's right to know what the executive branch is about coalesces with the concomitant right of citizenry to appraise the judicial branch.").

Public access keeps the Government honest. "As James Madison warned, '[a] popular Government without popular information, or the means of acquiring it, is but a Prologue to a Farce or a Tragedy: or perhaps both.'" Mitchell, 551 F.2d at 1258.

Public access should not be restricted without "compelling justification." Pratt & Whitney Canada Inc. v. United States, 14 Cl.Ct. 268, 274 (1988). Here, HUD has failed to provide any justification at all. HUD's only authority,[1] Federal Rule of Evidence 408, does not compel secrecy. It does not support sealing a status report. It does not even apply unless and until Englewood offers a statement made in compromise negotiations into evidence to prove liability or damages, something Englewood has not done and does not intend to do.

Even disputes about claims of national security are litigated in the open. Briefs in the *Pentagon Papers* case, New York Times Co. v. United States, 403 U.S. 713, 91 S.Ct. 2140, 29 L.Ed.2d 822 (1971), and the hydrogen bomb plans case, United States v. Progressive, Inc., 467 F.Supp. 990, rehearing denied, 486 F.Supp. 5 (W.D.Wis.), appeal dismissed, 610 F.2d 819 (7th Cir.1979), were available to the press, although sealed appendices discussed in detail the documents for which protection was sought. HUD's failure to negotiate should not be entitled to greater protection than plans for a hydrogen bomb.

HUD asserts a desire to protect "statements made in compromise negotiations" as the sole basis for sealing the status report. The problem with HUD's participation in the "negotiations," as Englewood's portion of the report describes, is how few statements HUD was willing to make about any aspect of the litigation. Not surprisingly under these circumstances, the only "statements made in compromise negotiations" by HUD cited by Englewood in the status report merely reiterated HUD's position (pp. 3-4). HUD may be embarrassed by its substantial refusal to negotiate, but that is no reason to conceal it. Miller-Holzwarth, Inc. v. United States, 44 Fed.Cl. 153, 154 (1999) (injury of loss of reputation to corporation and party, due to disclosure of embarrassing information, not "compelling justification" to deny public

[1] When asked by plaintiff's counsel whether there was other authority supporting HUD's position, its attorney declined to identify any.

access); Nelson v. Internal Revenue, 12 Media L. Rep. 1657 (T.C. 1985) (U.S. Tax Court denied motion to seal court papers because entertainer failed to show actual harm beyond mere embarrassment). The public has the right to know how little effort HUD appears to have devoted to settlement during the parties' three-month litigation hiatus.

Further, HUD's request for a Supplemental Protective Order should be denied. There is no justification for imposing five pages of further requirements on Englewood. The Privacy Act does not even apply to Englewood. It limits disclosure by the Government. It does not apply to Englewood's documents, even if HUD houses copies of the same material. Lohrenz v. Donnelly, 187 F.R.D. 1 (D.D.C. 1999). There is no reason to force Englewood to shoulder the Government's burden.

The government documents about which HUD is concerned are in the document appendix HUD itself filed last Spring. HUD may redact its own documents as needed without a Protective Order. As HUD notes, such redaction is available under the existing Protective Order. Plaintiff will continue to cooperate with HUD to protect privacy interests of third parties and agrees to allowing HUD to redact identifying information as needed to allow HUD to comply with the Privacy Act. However, there is no justification for imposing this burden on a private party. No further Protective Orders should complicate this relatively straightforward matter.

Dated: January 4, 2006

s/Peter V. Baugher
One of the Attorneys for Plaintiff
Englewood Terrace Limited Partnership

Peter V. Baugher
Schopf & Weiss LLP
312 West Randolph Street
Suite 300
Chicago, IL 60606
312.701.9300

**CERTIFICATE OF SERVICE**

I, Peter V. Baugher, an attorney, hereby state that on this 4th day of January, 2006, **Englewood's Response to HUD's Motion to Place Documents Under Seal and for Entry of a Supplemental Protective Order** was filed under the Court's ECF system, which automatically served an electronic copy upon counsel listed below.

Mr. Paul R. Wellons
Commercial Litigation Branch
Civil Division, United States Department of Justice
11 L Street, N.W.
Room 10130
Washington, DC 20005

s/Peter V. Baugher
Peter V. Baugher