IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ENGLEWOOD TERRACE LIMITED PARTNERSHIP,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 03-2209C<br>(Judge Horn) |

DEFENDANT'S REPLY IN SUPPORT OF
ITS MOTION TO PLACE DOCUMENTS UNDER SEAL
AND FOR ENTRY OF A SUPPLEMENTAL PROTECTIVE ORDER

Defendant, the United States, respectfully submits its reply in support of its motion to place documents under seal and for entry of a supplemental protective order.

I. Plaintiff Has Failed To Demonstrate That The Court Should Decline To Exercise Its Discretion To Place The Parties' Joint Status Report Under Seal

The decision of whether to deny public access to its records is one within the discretion of the Court. Crane Helicopter Servs., Inc. v. United States, 56 Fed. Cl. 313, 322 (2003) (citing Globe Newspaper Co. v. United States, 517 U.S. 1166 (1996); Nixon v. Warner Communications, Inc., 435 U.S. 589, 598 (1978); United States v. Three Juveniles, 61 F.3d 86, 94 (1st Cir. 1995); Black v. United States, 24 Cl. Ct. 461, 464 (1991)).

The Court has recognized that the public possesses a general right to inspect and copy public records, including certain submissions in judicial proceedings. Crane Helicopter Servs.,

Inc., 56 Fed. Cl. at 321 (citing Warner Communications, Inc., 435 U.S. at 597; United States v. Graham, 257 F.3d 143, 149 (2d Cir. 2001); Miller–Holzwarth, Inc. v. United States, 44 Fed. Cl. 153, 154 (1999)). However, this right is not unlimited. For example, the Court has observed that the right of public access does not attach to documents tangentially related to the issues in a case, such as discovery materials. Crane Helicopter Servs., Inc., 56 Fed. Cl. at 321 (citing Seattle Times Co. v. Rhinehart, 467 U.S. 20, 33 (1984); Union Oil Co. of Cal. v. Leavell, 220 F.3d 562, 568 (7th Cir. 2000)).

The Court also has observed that the public right of access does not attach to all Court filings. Crane Helicopter Servs., Inc., 56 Fed. Cl. at 321 (citing Chi. Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1315 (11th Cir. 2001) (finding that right of public access did not attach to documents submitted with motion to compel discovery); Graham, 257 F.3d at 151 (noting that documents submitted with a motion for summary judgment that was denied may not be covered by the right of public access). And it is entirely appropriate for a court to enter a protective order, when warranted, to ensure the confidentiality of settlement negotiations. See City of Hartford v. Chase, 942 F.2d 130, 135 (2d Cir. 1991) (observing that

Federal judges possess the power to prevent access to settlement negotiations).[1]

These considerations apply to defendant's motion to seal the parties' joint status report filed December 2, 2005. Moreover, the Government, which filed the joint status report in order to comply with the Court's express instructions, contests the accuracy of Englewood's claims regarding the parties' settlement discussions. For example, plaintiff's portion of the joint status report implied that the United States Department of Housing and Urban Development did not wish to conduct settlement talks, but that plaintiff hoped to explore ways to facilitate further discussions. Joint Status Report at 6-8. Plaintiff's portion of the joint status report failed to mention that it was plaintiff that terminated settlement negotiations by letter dated November 23, 2005.

Finally, the cases plaintiff cites do not limit the Court's authority to enter a protective order to maintain the confidentiality of settlement negotiations in appropriate

---

[1] Some courts have held that statements made during settlement negotiations are protected by a Federal common-law privilege and may not be elicited even in discovery. See, e.g., Goodyear Tire & Rubber, 332 F.3d at 976, 981 (6th Cir. 2003) (recognizing settlement statements as privileged communications). The United States does not believe that a Federal common-law privilege for settlement communications should be recognized, at least at the present time. However, it is not necessary for the Court to recognize a Federal common-law settlement privilege in order to issue a judicial order to remove a document from the Court's public filing system.

circumstances. See, e.g., Mitchell v. Warner Communications, Inc., 551 F.2d 1252, 1264 (D.C. Cir. 1977) (granting access to presidential tapes), rev'd, 435 U.S. 589; United States v. Cal. Med. Review, Inc., 133 F.R.D. 143, 146 (N.D. Cal. 1996) (refusing to hold settlement hearing in camera in qui tam preceding because the applicable statute "makes it clear that there is a presumption in favor of open settlement hearings" in qui tam actions in which the Government has intervened); Miller-Holzworth, Inc. v. United States, 44 Fed. Cl. 153, 154 (1999) (denying motion to seal opinion); Pratt & Whitney Canada, Inc. v. United States, 14 Cl. Ct. 268, 275 (1988) (permitting redaction of trade secrets).

Because of the important policy considerations supporting the need for alleged settlement statements to remain confidential, and the low presumption of public access attached to these statements, defendant respectfully requests that the Court grant its motion to seal the parties' joint status report dated December 2, 2005.

II. Englewood Has Failed To Demonstrate That The Court Should Deny The Government's Motion For A Protective Order Governing The Use Of Confidential Personal Information

Plaintiff has failed to demonstrate that the Court should deny defendant's motion for entry of a protective order governing the use of personal identifying information in this case.[2] As noted, the decision regarding whether to deny public access to records, in whole or part, is one within the Court's discretion. Crane Helicopter Servs., Inc., 56 Fed. Cl. at 322 (citing Warner Communications, Inc., 435 U.S. at 598; Three Juveniles, 61 F.3d at 94; Globe Newspaper Co., 517 U.S. at 1166; Black, 24 Cl. Ct. at 464).

Courts have acknowledged that it is appropriate to order parties to redact or file documents under seal in order to protect personal information, such as Social Security numbers or financial data. Dep't of the Air Force v. Rose, 425 U.S. 352, 381 (1976) (approving the redaction of personal information from Government records); Int'l Bhd. of Elec. Workers Local Union No. 5 v. U.S. Dep't of Housing and Urban Dev., 852 F.2d 87, 89-90 (3rd Cir. 1988) ("[W]e must conclude that release of the Social Security numbers would constitute a clearly unwarranted invasion

---

[2] Defendant understands that plaintiff does not object to the sealing of documents containing personal identifying information, such as Social Security numbers. Pl.'s Resp. Def.'s Mot. Seal at 4. Nor does plaintiff appear to object to our motion to seal documents containing tenant names. Pl.'s Resp. Def.'s Mot. Seal at 4.

of privacy and is therefore barred by Exemption 6 [to the Freedom of Information Act, 5 U.S.C. § 552(b)(6)]).

Plaintiff objects to the Government's request for a protective order governing the use of personal identifying information listed in the Privacy Act, 5 U.S.C. § 552a, by arguing that the Act itself imposes burdens upon the Government and not private parties. Pl.'s Resp. Def.'s Mot. Seal at 4. However, this argument in no way implies that a Court may not exercise its discretion to protect the kinds of information covered by the Privacy Act. It further ignores the fact that plaintiff placed on the Court's public filing system a document that originated with the Government and that contains persons' Social Security numbers.[3] In fact, the legislative history of the Act demonstrates that it was passed in part because "extensive use of Social Security numbers as universal identifiers in the public and private sectors is one of the most serious manifestations of privacy concerns in the Nation." Int'l Bhd. of Elec. Workers Local Union No. 5, 852 F.2d at 89 (citing S. Rep. No. 1183 93d Cong. 2d Sess.).

[3] Undersigned counsel was not assigned to this case when the Government produced the documents at issue in defendant's motion. However, undersigned counsel is prepared to provide plaintiff with a list of documents produced in this litigation that contain confidential personal information.

For these reasons, we respectfully request that the Court grant our motion for a supplemental protective order.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ BRIAN M. SIMKIN
BRIAN M. SIMKIN
Assistant Director

s/ PAUL R. WELLONS
PAUL R. WELLONS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, DC 20530
Tel: (202) 616-8253
Fax: (202) 307-0972

January 18, 2006

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on January 18, 2006, a copy of the foregoing “DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO PLACE DOCUMENTS UNDER SEAL AND FOR ENTRY OF A SUPPLEMENTAL PROTECTIVE ORDER” was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ PAUL R. WELLONS