IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ENGLEWOOD TERRACE LIMITED PARTNERSHIP, Plaintiff, | ) | No. 03-2209C (Judge Horn) |
| v. | ) | |
| THE UNITED STATES, Defendant. | ) | |

DEFENDANT'S MOTION FOR AN ENLARGEMENT OF TIME
TO FILE JOINT STIPULATIONS REGARDING FACTS AND ISSUES

Defendant, the United States, respectfully requests that the Court enlarge the time to file the parties' joint stipulations regarding facts and issues by seven days, to and including February 10, 2006. The parties' joint stipulations presently are due on February 3, 2006, the Court previously having granted 10 days of enlargement. This is the second requested enlargement of time for this purpose since the Court issued its scheduling order dated December 21, 2005. The requested enlargement is necessary to provide sufficient time for the parties to agree upon language for proposed stipulations regarding facts and issues and to prepare a joint appendix of documents. We are unable to state whether plaintiff opposes this motion at this time.

On December 21, 2005, following a conference call in which the Court provided instructions regarding preparation of joint stipulations, the Court established a deadline of January 24,

2006 for the parties to file stipulations regarding facts and issues to be decided by the Court. On January 4, 2006, plaintiff's counsel transmitted to defendant's counsel a letter stating that plaintiff would transmit revised proposed stipulations regarding facts and issues to defendant that week.

On January 9, 2006, plaintiff's counsel transmitted to defendant's counsel proposed stipulations regarding issues and a list of documents to include in a joint appendix. On January 13, 2006 defendant's counsel transmitted to plaintiff's counsel a set of documents intended to comprise the parties' joint appendix and based upon plaintiff's proposed index.

Defendant's counsel did not receive plaintiff's proposed facts until January 18, 2006, when plaintiff's counsel transmitted to defendant a 53-page document containing 212 proposed facts. On January 26, 2006, plaintiff's counsel transmitted additional proposed facts to defendant's counsel.

Upon receipt of plaintiff's proposed stipulations regarding facts and issues, defendant's counsel immediately sent copies to the United States Department of Housing and Urban Development with a request for comment and suggested responses. Although it took longer than anticipated for defendant's counsel to coordinate defendant's responses, defendant's counsel transmitted its responses to plaintiff's proposed issues on January 30, 2006 and its responses to plaintiff's proposed facts on January 31,

2006. On January 30, 2006, defendant's counsel also requested a revised copy of the proposed joint appendix reflecting any changes to it.

The parties currently are attempting to finalize their submissions. This will require defendant's counsel to receive plaintiff's changes to an updated copy of the proposed joint appendix it transmitted to plaintiff's counsel so that both parties may verify the accuracy of all citations.

Defendant believes the requested enlargement will provide the parties sufficient time to agree upon final joint stipulations regarding facts and issues and to correct all citations.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ BRIAN M. SIMKIN
BRIAN M. SIMKIN
Assistant Director

s/ PAUL R. WELLONS
PAUL R. WELLONS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, DC 20530
Tel: (202) 616-8253
Fax: (202) 307-0972

February 3, 2006

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on February 3, 2006, a copy of the foregoing “DEFENDANT’S MOTION TO ENLARGE THE TIME TO FILE JOINT STIPULATIONS OF FACTS AND ISSUES” was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ PAUL R. WELLONS