IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ENGLEWOOD TERRACE LIMITED PARTNERSHIP, | ) | |
| Plaintiff, | ) | No. 03-2209C |
| v. | ) | (Judge Horn) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

COMPREHENSIVE PROTECTIVE ORDER

The Court has determined that certain information that the parties were obligated to disclose pursuant to Rule 26(b) contains information disclosing the identify of tenants currently or formerly residing at South Pointe Towers, located at 6425 South Lowe in Chicago, Illinois, as well as additional personal identifying information regarding other individuals. To address all of these concerns, it is ordered that protected information, provided formally or informally during the course of this action, shall be maintained by the parties only as follows:

1. “Protected Information” as used herein means:

(a) information revealing the identity of any tenant currently or formerly residing at South Pointe Towers, located at 6425 South Lowe in Chicago, Illinois.

(b) any item, collection, or grouping of information about any individual that is maintained by an agency, including, but not limited to, the individual's education, financial transactions, medical history, and criminal or employment history and that contains the individual's name, or the identifying number, symbol, or other identifying particular assigned to the individual, such as a finger or voice print or a photograph.

(c) any information required to be kept confidential pursuant to the Privacy Act, 5 U.S.C. § 552a.

2. Protected Information obtained in the course of this litigation may be used by plaintiff solely for prosecuting or settling this litigation (including any appeal(s) or ancillary proceedings) and for no other purposes. The parties and Qualified Persons shall disclose Protected Information obtained in the course of this litigation only to Qualified Persons and in accordance with all provisions of this order.

3. A Qualified Person under this protective order includes only:

(a) the Court, persons employed by the Court, and stenographers transcribing testimony or argument at a deposition, hearing, or trial;

(b) the attorney of record for plaintiff, attorneys working with that attorney on this litigation, and their legal assistants and support staff members;

(c) the attorney of record for the Government and other personnel of the Department of Justice, the United States Department of Housing and Urban Development, or any department or agency of the Government;

(d) experts and consultants retained by a party or a party's counsel for this litigation, whether or not designated as testifying experts.

(e) any person agreed to by the parties in writing or allowed by the Court.

4. Qualified Persons identified in subparagraphs 3(d) and (e) above shall be provided a copy of this protective order and assent to its terms by executing an acknowledgment statement similar or identical to Attachment A below.

5. Briefs, appendices, exhibits, and other documents filed with the Court that quote, paraphrase, or otherwise disclose Protected Information shall be filed under seal and labeled, "Contains Information Subject To Protective Order: Do Not Disclose To Unauthorized Persons," or with substantially similar language, beneath the caption on the first page of each filing. All such filings shall be Protected Information. Either party may, pursuant to paragraph 6 above, request that the Court review

such filed Protected Information and rule that it should not be maintained under seal.

6. Either party may file a proposed redacted copy of any pleading with the claimed Protected Information deleted and clearly marked "Proposed Redacted Copy" in the upper right-hand corner of the first page. Within five business days after its receipt of the proposed redacted copy, the other party shall advise the party originating the pleading of any additional redactions it requires. The originating party shall promptly provide the other party with a copy of the pleading from which all information that any party has requested be redacted has been redacted and clearly marked "Agreed-Upon Redacted Copy--May Be Made Public" in the upper right-hand corner of the page. During the five-day period, the proposed redacted copy shall be treated as protected. At the expiration of the five-day period, or when agreement is reached, the agreed-upon redacted copy shall be filed with the Court by the originating party.

7. Counsel for a party may disclose Protected Information in open court, but only if notice is first given so that all appropriate precautions may be taken.

8. Counsel for the parties shall maintain Protected Information at their places of business in a manner sufficient to prevent unauthorized disclosure.

9. At the conclusion of the proceedings before this Court and any related appeal, every Qualified Person (except Court and Government personnel) shall promptly provide certification that they have destroyed all notes, summaries, attorney work product, and other documents quoting or describing Protected Information. Concurrently, counsel for plaintiff will certify that it has returned to defendant all extant copies of all documents and things designated as Protected Information or has destroyed or discarded such material in whole or in part. Counsel for plaintiff may retain any pleadings that have been marked "Agreed-Upon Redacted Copy--May Be Made Public."

10. The obligations to prevent the disclosure of Protected Information shall continue even after the completion of this litigation and any related appeal.

11. A motion to amend this protective order shall attach a proposed "First Amended Comprehensive Protective Order" reproducing this order exactly, except for the changes proposed in the motion.

12. Counsel for the parties shall promptly notify the Court of any breach of this protective order, shall make every effort to fully remedy any breach, and shall cooperate fully in any investigation of such a breach.

13. Any allegations of abuse or violation of this protective order may be considered by the Court either for purposes of determining whether it should impose sanctions, or for purposes of determining whether the matter should be referred for appropriate disciplinary proceedings, or both.

14. This order is to be construed as consistent with the protective order entered in this case on November 16, 2004. The parties will be deemed to have complied with this protective order to the extent they complied with the Court's November 16, 2004 order prior to the entry of this order.

________________________________

The Honorable Marian Blank Horn,
Judge, United States Court
of Federal Claims

ATTACHMENT A

CERTIFICATION OF COMPLIANCE WITH PROTECTIVE ORDER

I, _________________________, certify my understanding that protected information is being provided to me pursuant to the restrictions of the comprehensive protective order entered in Englewood Terrace Limited Partnership v. United States, No. 03-2203C, in the United States Court of Federal Claims. I solemnly swear or affirm that I have reviewed the copy of the protective order attached hereto, and that I will be bound by and comply with the terms of the order, including any amendments by the Court. I understand that, except as provided in the protective order, at the conclusion of this litigation, all Protected Information, and any copies thereof, including but not limited to notes, summaries, digests, and transcriptions of such information, shall be destroyed or returned to counsel for the United States for disposition in accordance with the protective order.

Date: _____________ Signed: ___________________

Print Name: ___________________