IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ENGLEWOOD TERRACE LIMITED PARTNERSHIP, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No. 03-2209C |
| | ) Judge Wolski |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

DEFENDANT'S MOTION FOR RECONSIDERATION

Pursuant to Rule 59 of the Rules of the Court of Federal Claims ("RCFC"), we respectfully request the Court to reconsider its August 10, 2004 Opinion and Order denying our motion to dismiss plaintiff's complaint. In its opinion denying our motion, the Court mistakenly relied upon a contract that was not in effect. In fact, the Housing Assistance Payment ("HAP") contract had been amended, by agreement of the parties, to delete the automatic renewal terms upon which the Court's decision was premised.[1]

In our motion to dismiss, we argued that the Multifamily Assisted Housing Reform and Affordability Act of 1997 ("MAHRA"), 42 U.S.C. § 1437f (note), provided Englewood with its exclusive remedy for contesting the non-renewal of its HAP contract. Because Englewood had already advanced its claim

---

[1] The Court has ordered that our answer to plaintiff's complaint be filed on August 30, 2004. We respectfully request that the time for filing our answer to the complaint be enlarged until after the Court has ruled upon this motion.

through the MAHRA procedures, we contended that it was not now entitled to pursue essentially the same claim in this Court.

This Court's holding, however, that MAHRA did not bar Englewood from pursuing a remedy in this Court, was premised upon the finding that the contract between Englewood and HUD was in effect, and "terminated" by the Government during the course of performance. Accordingly, the Court found that MAHRA - which, by its terms, provides an administrative remedy for contract non-renewals - did not apply where the contract was terminated.

Because we believe that, in reaching its decision, this Court applied the terms of a contract that was not in effect, we respectfully seek reconsideration of the Court's determination. To support our motion for reconsideration, we rely upon this brief, our motion to dismiss and its exhibits, and the pleadings.

STATEMENT OF FACTS

As we set forth in our motion to dismiss, at all times relevant to this matter, HUD engaged in HAP Contract renewals for two purposes: 1) to protect the housing project residents; and, 2) to allow Englewood, and its former general partner, to present an acceptable plan for repair of the

property and to enable them to obtain a HUD-insured mortgage to assist in repairing the property.[2]

On or about October 1, 1998, Englewood and HUD entered into the HAP Contract for a one-year term with no stated automatic renewals.[3] Upon the expiration of that HAP contract, a renewal contract was then executed between the parties, effective October 1, 1999, and expiring on September 30, 2000. This contract also did not contain any stated renewal terms.

The contract interpreted by the Court in this case was executed on October 1, 2000, and contained terms purporting to extend the contract for an "initial 1 year period," beginning October 1, 2000, and "after expiration of the initial term ... [renewing] automatically for 3 additional one-year terms, subject to the availability of appropriations in any year."

---

[2] As the Court is aware, HUD ultimately decided to provide the housing residents with housing choice vouchers while Englewood obtained a HUD-insured mortgage, State financing, and other funds to repair the Project. Englewood obtained the HUD-insured mortgage for this purpose in December 2002. Englewood defaulted upon the HUD-insured mortgage after we argued this case in March, 2004. Project repairs continue at the property by aid of a receiver appointed in Cook County, Illinois.

[3] Copies of all applicable contracts were filed with this Court, pursuant to its request, following the March 2004 argument.

However, on or about December 6, 2000, after a meeting with Englewood, HUD sent Englewood a letter advising it that the October 1, 2000 contract had been issued in error, and stating that it was amended "from (one) 1 year to a (three) 3 month short term renewal with zero (0) renewal terms. The contract [Englewood] received, with the (one) 1 year extension, with a (three) 3 year renewal term was in error." (Emphasis added). The amended HAP renewal contract was attached to the cover letter.

Ongoing negotiations between Englewood and HUD regarding Englewood's application for a new HUD-insured loan resulted in HUD's January 10, 2001, decision to further amend the October 1, 2000 HAP Renewal Contract by extending the expiration date from December 31, 2000, to September 30, 2001. This amendment did not change the "zero (0) renewal" provision. Englewood acknowledged both amendments in electronic correspondence to HUD.

Subsequent to the September 30, 2001, expiration of the amended HAP contract, contract renewals were executed on: October 1, 2001 for a three-month term; January 1, 2002, for a six-month term; and finally, July 1, 2002 for a three-month term. Copies of these contracts were provided to the Court, at its request, and filed electronically on March 23, 2004. In the August 10, 2004 decision, however, this Court seemed to

ignore the amended contracts, and mistakenly base its decision upon an interpretation of the invalid October 1, 2000 HAP contract. Accordingly, we seek reconsideration of that decision.

## ARGUMENT

### I. The Standard for Reconsideration Pursuant to RCFC 59

Pursuant to Rule 59(a)(1) of the Rules of the United States Court of Federal Claims ("RCFC"): "A new trial or rehearing or reconsideration may be granted . . . for any of the reasons established by the rules of common law or equity applicable as between private parties in the courts of the United States." To prevail upon the motion, the movant "must point to a 'manifest error of law, or mistake of fact' and demonstrate that the motion 'is not intended to give an unhappy litigant an additional chance to sway the court.'" Strickland v. United States, 36 Fed. Cl. 651, 657 (1996) (citation omitted). A motion for reconsideration may not be used as a means of re-arguing positions that have already been rejected. See Citizens Federal Bank, FSB v. United States, 53 Fed. Cl. 793, 794 (2002).

The Court's August 10, 2004 Order is predicated upon a mistake of fact. Alternatively, the Court's decision was based upon a manifest error of law because the contract in effect between the parties when the Government elected not to

renew Englewood's contract did not provide for any automatic renewals. This is critical because the Court based its decision upon its belief that MAHRA did not apply where a contract has been terminated in the middle of performance. To the contrary, we argued - and the contract terms support this argument - that the contract was not renewed at the end of the contract period, and accordingly, MAHRA would apply. Respectfully, by either consideration, no automatic renewal terms existed among the parties, and the Court's review of HUD's administrative determination is precluded by MAHRA.

The Court's decision was premised upon the validity of a contract that was executed in error and twice amended, as shown in Englewood's own exhibit to its complaint. This Court failed to consider the context of the subsequent renewals, which were executed after each preceding HAP Contract expired. Because the Court's decision rests upon this error, this Motion for Reconsideration is appropriate, and our Motion to Dismiss should be granted.

## II. The Court Failed To Consider The Effect Of The HAP Renewal Contracts In Its Decision

In mistakenly relying upon the October 1, 2000 HAP contract, the Court found a distinction to be made between the terms "non-renewal" and "termination" in the context of whether MAHRA applied. While the Court found that a non-

renewal of a contract would arguably fall within the purview of Section 516's "no judicial review" provision, a contract termination does not. This Court stated that:

> [F]ar from being a sweeping provision that applies to all disputes arising under HAP contracts, section 516 of MAHRA is limited to very specific circumstances: 'The Secretary may elect not to consider *any mortgage restructuring and rental assistance sufficiency plan or request for contract renewal* if the Secretary or the participating administrative entity determines' that certain financial or managerial actions or omissions have occurred, including violations of laws or regulations, failure to cure poor housing conditions, or conditions so poor that they 'cannot be remedied in a cost effective matter.' MAHRA 516(a). These are the only determinations to which the administrative review process of section 516(b) apply, and which are not subject to judicial review. Section 516 makes no mention of cancellation or termination of a HAP contract.

Decision at 11-12, emphasis in original.

Because the Court mistakenly analyzed the incorrect HAP contract, it found that the contract "was not to expire until the three additional one-year terms had run." Decision at 12. Accordingly, the Court found that HUD terminated the contract, as opposed to not renewing it. The Court then held that HUD's contract termination was *not* subject to MAHRA, and was, consequently, properly before the Court of Federal Claims.

The record demonstrates, though, that the contract was not set for a three-year automatic renewal and, therefore, Englewood was not in the middle of contract performance when the Government elected not to renew the contract. Contrary to Englewood's complaint alleging it did not acquiesce to the "unilateral" amendment of the October 1, 2000 HAP Contract, it cannot genuinely claim it did not. The parties executed a short-term renewal upon the expiration of the amended October 1, 2000 contract, and executed three additional renewals thereafter. Both parties acted with the stated understanding that the October 1, 2000, HAP Contract was valid only for a period no longer than one year.

A party's motion for reconsideration will be granted if: 1) there is a development of an intervening change in the law, 2) there is an emergence of new evidence not previously available, or 3) there is a need to prevent a manifest injustice. Fru-Con Construction Corp. v. United States, 44 Fed. Cl. 298, 301 (1999).

There is a manifest injustice in this case because the Court did not consider the fact that there were no automatic renewal terms in the contract. The fact that the Court did not consider the series of HAP contract amendments and renewals yields a manifest injustice upon the Government. As we have consistently maintained, Englewood's HAP contract was

not terminated in the "middle of performance, but at the end of a contract period." (Reply Brf. at 4).

At oral argument, we were asked to provide copies of the contract renewal agreements covering the period after September 1, 2001. The Court was duly provided with copies of all HAP Contracts (as noted in footnote 1 of the Court's decision). However, the Court makes no further reference or finding with respect to these contracts. Instead, it stated that: "when HUD renewed Englewood's HAP contract in October, 2000, under section 524 (a) of MAHRA, it apparently chose to use its discretion at that time to elect to renew the contract for not just one initial year, but also three additional one-year terms." Dec. at 11, emphasis in original. As a result of the amended HAP Contract, this finding is, respectfully, mistaken.

Moreover, Englewood understood the original October 1, 2000 HAP Contract with the 3-year renewal to have been issued in error. This is illustrated by Englewood's own pleadings before the district court, where it did not describe the October 1, 2000, renewal as the last HAP contract, but rather admitted to the subsequent renewals with the three and six-month terms. ("[The HAP] contract has been renewed at various times, with the most recent renewal covering the period from October 1, 2001 through December 31, 2001");

("[The HAP] contract has been renewed continually . . . with the most recent renewal covering the period from December 31, 2001 to June 30, 2002.").

There was no dispute with regard to the terms of the twice-amended HAP Contract - or the subsequent renewals - until after HUD paid Englewood all monies due under the renewals. Only now does Englewood ask this Court to disregard the twice amended HAP Contract and the short term renewals, in favor of its mistaken three-year automatic renewal claim. [4]

Finally, our argument is not merely a reassertion of arguments previously made and carefully considered by the Court, Franconia Assoc. v United States, 44 Fed. Cl. 315, 316 (1999), nor an attempt to relitigate issues already decided by the Court. Fru-Con Construction, 44 Fed. Cl. 298, 301. It is, rather, to enable the Court to reconsider a critical oversight made when rendering the decision that Englewood's claims are within the jurisdiction of the Court. Id. at 315.

CONCLUSION

For the foregoing reasons, the Court should grant Defendant's Motion for Reconsideration, vacate its August 10,

[4] Plaintiff's only challenge as to the invalidity of the October 2000 contract comes in its complaint to this Court where, despite three subsequently executed renewals, it claims HUD "abandoned [its unilateral amendment of the contract], never denying the validity of the October 18, 2000 contract." Complaint p. 7, para. 28. To the contrary, HUD has not abandoned the legal affect of the amended HAP Contract.

2004 Order and grant our motion to dismiss the complaint with prejudice.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Brian M. Simkin
BRIAN M. SIMKIN
Assistant Director

s/Lisa B. Donis
LISA B. DONIS
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
ATTN: Classification Unit
1100 L Street, 8th Fl.
Washington, D.C. 20530
(202) 305-7561

Attorneys for Defendant

Of Counsel:

GREGORY G. GUSTIN
MARIA BAGUIO
Department of Housing and Urban Development
Chicago, IL

AUGUST 24, 2004

CERTIFICATE OF FILING

I hereby certify that on this 24th day of August, 2004, a copy of the foregoing "DEFENDANT'S MOTION FOR RECONSIDERATION" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Lisa Donis