**Englewood v. United States**
**03-2209**
**Joint Appendix**

# JA 042

OCT 1

Carl E. Sanders, Property Manager
P.M. One Management
1621 E. 55th Street
Chicago, Illinois 60615

Dear Mr. Sanders:

SUBJECT: 1999 Budget Rent Increase
South Point Towers
Contract No. IL06-E000-034

Our office has completed our review of your Budget rent increase request. However we are unable to approve the rent increase for the following reasons:

1. The budget rent increase request is for retroactive increase October 1, 1998 to present. The notice 98-34 for expiring contracts states that rent increases will be effective on the date of the renewal. In addition you submitted a 1998 budget, however, the rent increase request should have included a budget for FY 1999.

2. The comparability studies included the Hyde Park area, which is a much superior location than the subject area. Although adjustments were made for the location to ensure that the market study indicator is appropriately accounted, the appraiser should have used walk up properties in the subject area.

3. Upon review of the photos, comparables 2 and 3 appear to be superior in design and condition. There was no explanation from the appraiser why these features were not adjusted.

4. The Budget Worksheet income and Expense Projections submitted, are as of July 31, 1998. There was no budget for FY 1999 attached. Also noted were a number of expenses listed on the budget that were more than 50% to 80% increase with no justification.

Therefore we are unable to approve a rent increase for this fiscal year, however your HAP contract was renewed at the current rent levels, effective 10-01-1999, which does not preclude our office from taking enforcement action for any violations of the HAP contract.

D 0119

We apologize for the delay in this matter. Should you have questions regarding this matter, feel free to contact Gwendolyn Thomas, Project Manager at (312) 353-6236, Ext. 2246.

Sincerely,

Debbie Gray
Chief, Project Management
Chicago Multifamily Hub

H:Rent Increase South pointe 1999

5AHM:G. Thomas: ds 10/18/99

GT 10/19/99

D 0120

**Englewood v. United States**
**03-2209**
**Joint Appendix**

# JA 043

Developers
Mortgage
Corporation

Suite 3333
221 North LaSalle Street
Chicago, Illinois 60601-1505
312/332-2013
FAX: 312/332 0406

November 11, 1999

Mr. Edward Hinsberger
U.S. Department of Housing and Urban Development
77 West Jackson Boulevard
23rd Floor
Chicago, Illinois 60604

RE: South Pointe Tower
Chicago, Illinois

Dear Mr. Hinsberger:

We hereby request that your office schedule a pre-application conference on the captioned project prior to our submission of an application for mortgage insurance under Section 221(d)(4). We are enclosing the exhibits requested in your Fasttrack Housing Guidelines, including HUD-92013, Application for Multifamily Housing Project.

The Phase I Environmental Report has been forwarded to Steve Vahl of your Environmental Branch for his review. We also ask that your office rely on the information submitted we the request for a Section 8 Contract renewal as the market study for this area. We are prepared to discuss this issue more fully at the pre-application conference.

We ask that you call us to schedule the pre-application conference at your earliest convenience or if additional information is required for your review. We look forward to meeting with you.

Very truly yours,

DEVELOPERS MORTGAGE CORPORATION

Alan R. Cravitz
President

ARC:dlb
Enclosures

cc: Ken Horton (2013 only)

# Application for Multifamily Housing Project

U.S. Department of Housing and Urban Development
Office of Housing
Federal Housing Commissioner

11:18 AM

See Instructions on page 7

OMB No. 2502-0029 (exp. 7/31/9

Public reporting burden for this collection of information is estimated to average 68 hours per response, including the time for reviewing instructions, searching existing data source gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of th collection of information, including suggestions for reducing this burden, to the Reports Management Officer, Office of Information Policies and Systems, U.S. Department of Housin and Urban Development, Washington, D.C. 20410-3600 and to the Office of Management and Budget. Paperwork Reduction Project (2502-0029), Washington D.C. 20503. Do no send this completed form to either of these addresses.

Privacy Act Statement. The U.S. Housing Act of 1937, as amended, authorizes the Department of Housing & Urban Development (HUD) to collect all this information. The Housing Community Development Act of 1987, 42 U.S.C 3543 authorizes HUD to collect Social Security Numbers (SSN). Providing the SSN is mandatory for the sponsor mortgagor, borrower and the owner. Failure to provide the SSN could result in disapproval of participation in this HUD program and/or delay action on the proposal. Submission of the SSN by all othe participants is voluntary. The information is authorized by 24 CFR 207.17 and is being collected by HUD to facilitate the evaluation of multiple participation. The SSN is used as unique identifier. HUD may disclose this information to Federal, State and local agencies when relevant to civil, criminal, or regulatory investigations and prosecutions. It will not b otherwise disclosed or released outside of HUD, except as required and permitted by law.

## Section A - Project Identification

| 1. Name of Project | 2. HUD Project Number (Mortgage Ins. or Sec. 202) |
|---|---|
| South Pointe Tower | 3. HUD Project number (Section 8) |

## Section B - Purpose of Application

To: The Assistant Secretary for Housing-Federal Housing Commissioner: Application is being made pursuant to item (a): ☐ 1. ☐ 2. ☐ 3 of Section M, Page 3 hereof. The undersigned desire(s) to participate, with respect to the Property and program(s) described below. Therefore, it is requested that you give consideration to the information presented herein, for the purpose of loaning and/or approving:

| | | |
|---|---|---|
| ☑ Mortgage Insurance: Section: 221(d)(4) | | Mortgagor: ☑ PM ☐ NP ☐ LD ☐ 8-S Other |
| ☐ a Feasibility Letter (Rehab.) | ☐ Direct Loan Section 202 | Financing: ☐ Conventional ☐ GNMA ☐ Bond ☐ State Agency |
| ☑ a SAMA Letter | ☐ Housing Asst. Pymnts. Sec. 8 | Other |
| ☐ a Conditional Commitment | ☐ a Preliminary Proposal | Mortgage/Loan Amount: $ 8,625,000 |
| ☐ a Firm Commitment | ☐ a Final Proposal | Interest Rate: PERMANENT 8.00% CONSTRUCTION 8.00% |

## Section C - Location and Description of Property

| 1. Street Address | 2. Municipality | 3. County | 4. State and Zip Code | 5. Congressional Dist. |
|---|---|---|---|---|
| 6425 South Lowe Avenue | Chicago | Cook | Illinois 60621 | Congressional District: 1st<br>Census Tract: 6803 |

| 6. Type of Project: | 7. Number of Units | 8. No. of Buildings | 9. List of Accessory Buildings | 10. List Recreation Facilities |
|---|---|---|---|---|
| ☐ Proposed ☑ Rehabilitation | Revenue: 303 | | 1 Garage - not used | N/A |
| ☐ Existing Year Built: 1967 | Non-Revenue: 0 | 1 | | |
| | Total 303 | | Area 7,000 Sq. Ft. | Area Sq. Ft. |

| 11. Type of Buildings | 12. No. of Stories | 13. No. of Elevators | 14. Type of Foundation |
|---|---|---|---|
| ☑ Elevator ☐ Walkup ☐ Row (T.H.) | | | ☑ Slab on Grade ☐ Crawl Space |
| ☐ Detached ☐ Semi-Detached | 22 | 3 | ☐ Full Basement ☐ Partial Bsmt. |

| 15. Structural System | 16. Floor System | 17. Exterior Finish | 18. Heating System | 19. Air Condition System |
|---|---|---|---|---|
| Concrete | Concrete | Concrete & Brick | Hot Water | Central only in office only |

## Section D - Information Concerning Land or Property

| 1. Date | 2. Price | 3. Additional Cost Paid or Accrued (attach a cost breakdown) | 4. Total Cost | 5. Outstanding Balance | 6. Relationship Between Seller and Buyer, Business, Personal or Other |
|---|---|---|---|---|---|
| ☑ Acquired ☐ Optioned | ☑ Purchase ☐ Option | | | | |
| 03/28/1990 | $ 3,675,000 | $ 2,929,501 | $ 6,604,501 | $3,600,000 | N/A |

| 7. Site Area | 8. Zoning (if recently changed, submit evidence) | 9. If leasehold, show annual ground rent | lease term remaining years |
|---|---|---|---|
| Sq. Ft. | As required | N/A<br>$ | |

| 10. Off-Site Facilities | Public | Comm. | At Site | Feet from Site |
|---|---|---|---|---|
| Water | ☑ | ☐ | ☑ | ft. |
| Sewer | ☑ | ☐ | ☑ | ft. |
| Paving | ☑ | ☐ | ☑ | ft. |
| Gas | ☑ | ☐ | ☑ | ft. |
| Electrical | ☑ | ☐ | ☑ | ft. |

11. Unusual Site Features

- ☑ None ☐ Poor Drainage
- ☐ Cuts ☐ Retaining Walls
- ☐ Fill ☐ Rock Foundations
- ☐ Erosion ☐ High Water Table
- ☐ Other

12. Special Assessments

- a. ☐ Prepayable ☐ Non-prepayable
- b. Principal Balance
- c. Annual Payment
- d. Remaining Terms ____ years

Previous Editions Are Obsolete.



form HUD-92013 (10/92)
ref Handbook 4420 1

Section E - Estimate of Income

| Unit Type | No. of Living Units | No. of Units Assisted | Living Area (Sq. Ft.) | Composition of Units | PBE Not in Rent ($) *Sec. F-1 | Unit Rent per Mo. ($) | Total Monthly Unit Rent |
|---|---|---|---|---|---|---|---|
| 1BR | 60 | 60 | 563 | LR-DA, BR, K, Ba | | $ 673 | $ 40,38 |
| 2BR | 140 | 140 | 826 | LR-DA, 2BR, K, Ba | | $ 758 | $ 106,12 |
| 2BR | 17 | 17 | 1368 | LR-DA, 2BR, K, 2Ba (Townhouse) | | $ 835 | $ 14,19 |
| 3BR | 80 | 80 | 1096 | LR-DA, 3BR, K, Ba | | $ 843 | $ 67,44 |
| 3BR | 6 | 6 | 1574 | LR-DA, 3BR, K, 2Ba (Townhouse) | | $ 918 | $ 5,50 |
| | | | | | | | $ - |
| Employee(s) Liv. Unit(s) | | | | | | | |
| Totals | 303 | 303 | | 2. Total Estimated Monthly Rentals for All Living Units $ | | | 233,64 |

3. Number of Parking Spaces
- ☐ Attended
- ☐ Self Park
- Total Spaces 200

4. Parking and Other Income (Not Included In Rent)
- Open Spaces ____ @ $ ____ per month = $ ____
- Covered Spaces ____ @ $ ____ per month = $ 0
- Laundry 303 Sq. Ft. or Living Units @ 10 per month = $ 3,030
- Other ____ per month = $ ____

Total Ancillary Income $ 3,03

Commercial Space (Describe)
Area-Ground Level 1,000 sq. ft. @ $ ____ per sq. ft./month = $ 735
Other Levels ____ sq. ft. @ $ ____ per sq. ft./month = $ ____

Total Commercial $ 73

Total Estimated Monthly Gross Income at 100 Percent Occupancy 237,408
Total Annual Rent (Item 6 times 12 months) $ 2,848,896

8. Gross Floor Area ____ Sq. Ft.
9. Net Rentable Residential Area 269,800 Sq. Ft.
10. Net Rentable Commercial Area 1,000 Sq. F

Section F - Equipment and Services (Check Items Included in the Rent, Listed Below)

Equipment
- ☑ Range and Oven
- ☐ Microwave Oven
- ☑ Refrigerator
- ☑ Laundry Facilities
- ☑ In Common Area
- ☐ In Living Unit
- ☐ L.U. Hookup Only
- ☐ Carpet
- ☐ Drapes mini-blinds
- ☐ Swimming Pool
- ☐ Air Conditioning Equip.
- ☑ Trash Compactor
- ☑ Disposal
- ☐ Other

| Services | Gas | Elect | Oil |
|---|---|---|---|
| ☑ Heat | ☑ | ☐ | ☐ |
| ☑ Hot Water | ☑ | ☐ | ☐ |
| ☑ Cooking | ☐ | ☑ | |
| ☐ Air Conditioning | ☐ | ☐ | |
| ☐ Lights, etc., in Units | | | |
| ☑ Cold Water | ☑ Parking | | |
| ☐ Other | | | |

Section F-1 - Utilities (Not in Rent)
*Personal Benefit Expenses (PBE)
Check Utilities and Services Not Included in the Rent and Paid Directly by the Tenant.
- ☑ Electricity
- ☐ Decorating
- ☐ Heating
- ☐ Repairs
- ☐ Gas
- ☐ Water

Other

Remarks



form HUD-92013

### Section G - Estimate of Replacement Cost

**Land Improvements**

| | | | |
|---|---|---|---|
| 1. | Unusual Land Improvements | $ | |
| 2. | Other Land Improvements | $ | |
| 3. | Total Land Improvements | | $ - |

**Structures**

| | | | |
|---|---|---|---|
| 4. | Main Building | $ | |
| 5. | Accessory Building | $ | |
| 6. | Garage | $ | |
| 7. | All Other Buildings | $ | |
| 8. | Total Structures | | $ 2,325,980 |
| 9. | Subtotal (Line 3 plus Line 8) | | $ 2,325,980 |
| 10. | General Requirements (Line 8 x ____ ) | | $ 125,000 |
| 11. | Subtotal (Line 9 plus Line 10) | | $ 2,450,980 |

**Fees**

| | | | |
|---|---|---|---|
| 12. | Builder's General Overhead (Line 11 x 2.0% ) | | $ 49,020 |
| 13. | Builder's Profit (Line 11 x ____ ) | | $ 147,059 |
| 14. | Subtotal (Sum of Lines 11 through 13) | | $ 2,647,059 |
| 15. | Bond Premium | | $ 15,000 |
| 16. | Other Fees | | $ 5,000 |
| 17. | Estimated Total Cost of Construction | | $ 2,667,059 |
| 18. | Architect's Fee-Design (Line 14 x 1.0% ) | | $ 23,260 |
| 19. | Architect's Fee-Supervisory (Line 14 x 0.5% ) | | $ 11,630 |
| 20. | Total For All Improvements (Sum of Lines 17 through 19) | | $ 2,701,949 |
| 21. | Cost per Gross Square Foot (Line 20 divided by Item 8, Section E) | $ | |
| 22. | Construction Time 8 Months Plus 2 = 10 Months | | |

**Charges and Financing During Construction**

| | | | |
|---|---|---|---|
| 23. | Interest on $ 6,625,000 @ 8.0% for 10 Months | $ 512,500 | |
| 24. | Taxes | $ | |
| 25. | Insurance | $ 10,000 | |
| 26. | HUD/FHA Mtg. Ins. Pre. ( 0.5% ) | $ 43,125 | |
| 27. | HUD/FHA Exam Fee ( 0.3% ) | $ 25,875 | |
| 28. | HUD/FHA Insp. Fee ( 0.5% ) | $ 14,006 | |
| 29. | Financing Fee ( 2% ) | $ 172,500 | |
| 30. | Permanent Placement Fee ( 1.5% ) | $ 129,375 | |
| 31. | AMPO ( 0.0% ) | $ | |
| 32. | Contingency (Sec. 202) ( 0.0% ) | $ | |
| 33. | Title and Recording | $ 10,000 | |
| 34. | Total Charges and Financing | | $ 917,381 |

**Legal, Organization and Audit Fee**

| | | | |
|---|---|---|---|
| 35. | Legal | $ | |
| 36. | Organization | $ | |
| 37. | Cost Certification Audit Fee | $ | |
| 38. | Total Legal, Organization and Audit Fee | | $ 40,000 |
| 39. | Builder's and Sponsor's Profit and Risk | | $ 99,227 |
| 40. | Consultant Fee (Nonprofit only) | | $ |
| 41. | Supplemental Management Fund | | $ |
| 42. | Contingency Reserve (Rehabilitation Only) | | $ 76,000 |
| 43. | Relocation Expenses (Rehabilitation Only) | | $ |
| 44. | Other | | $ |
| 45. | Total Estimated Development Costs (Lines 20 + 34 + 38 through 44) | | $ 3,933,557 |
| 46. | Land (Estimated Market Price of Site) ____ sq. ft. @ $ ____ per sq. ft. | | $ 6,750,000 |
| 47. | Total Estimated Replacement Cost of Project (Line 43 plus Line 44) | | $ 10,683,557 |
| 48. | Average Cost per Living Unit (Line 45 divided by Total in Sec. C, Item 7) | $ 12,852 | |

### Section H - Annual Income Computations

| | | |
|---|---|---|
| 1. | Estimated Project Gross Income (Line 7, Sec. E, Pg. 2) | $ 2,848,89[illegible] |
| 2. | Occupancy (Entire Project) | 93[illegible] |
| 3. | Effective Gross Income (Line 1 x Line 2) | $ 2,648,32[illegible] |
| 4. | Total Project Expenses (Line 30, Section 1) | $ 1,485,60[illegible] |
| 5. | Net Income to Project (Line 3 minus Line 4) | $ 1,162,71[illegible] |
| 6. | Expense Ratio (Line 4 divided by Line 3) | 56.10[illegible] |

### Section I - Estimate of Annual Expense

**Administrative**

| | | | |
|---|---|---|---|
| 1. | Advertising | $ | |
| 2. | Management Fee ( ) | $ - | |
| 3. | Other | $ | |
| 4. | Total Administrative | | $ - |

**Operating**

| | | | |
|---|---|---|---|
| 5. | Elevator maintenance Exp. | $ | |
| 6. | Fuel - Heating | $ | |
| 7. | Fuel - Domestic Hotwater | $ | |
| 8. | Lighting and Misc. Power | $ | |
| 9. | Water | $ | |
| 10. | Gas | $ | |
| 11. | Garbage and Trash Removal | $ | |
| 12. | Payroll | $ | |
| 13. | Other | $ | |
| 14. | Total Operating | | $ - |

**Maintenance**

| | | | |
|---|---|---|---|
| 15. | Decorating | $ | |
| 16. | Repairs | $ | |
| 17. | Exterminating | $ | |
| 18. | Insurance | $ | |
| 19. | Ground Expense | $ | |
| 20. | Other | $ | |
| 21. | Total Maintenance | | $ - |
| 22. | Replacement Res.: New Const. = (.006 x Line 8, Sec. G Total Struct.) Rehab = (.004 x Mort/Loan Requested in Sec. M | | $ |
| 23. | Subtotal Expenses (Sum of Lines 4, 14, 21 and 22) | | $ - |
| 24. | Real Estate: Est. Assessed Value = $ ____ at $ ____ per $1000 = | $ | |
| 25. | Personal Prop. Est. Assessed Value = $ ____ at $ ____ per $1000 = | $ | |
| 26. | Employee Payroll Tax | $ | |
| 27. | Other | $ | |
| 28. | Other | $ | |
| 29. | Total Taxes | | $ - |
| 30. | Total Expenses (Line 23 plus Line 29) | | $ 1,485,609 |
| 31. | Avg. exp. per unit per annum (PUPA) (Line 30 divided by Total Item 7 Sec. C) | | $ 4,903 |

| | |
|---|---|
| Net Income to Project | $ 1,162,718 |
| 90% of net income | $ 1,046,446 |
| Debt Service Constant 8.0% 40 years+ MIP) | $ 0.08843740 |
| Maximum Mortgage based on Debt | $ 11,832,621 |



form HUD-92013

**Section J - Total Settlement Requirements**

| | | | | Funds Available for Cash Requirements | |
|---|---|---|---|---|---|
| 1. | Development Costs (Line 45, Section G) | $ | 15. | Source of Cash | |
| 2. | Cash Req. for Land Debt/Acquisition | $ | | a. | $ |
| 3. | Subtotal (Lines 1 plus 2) | $ | | b. | $ |
| 4. | Mortgage Amount $ | | | c. | $ |
| 5. | Development/Cash (Lines 3 minus 4) +/- | $ | | Subtotal (a+b+c) | $ |
| 6. | Initial Operating Deficit(L OF C) | $ | 16. | Source of Fees and Grants: | |
| 7. | Discount Costs | $ | | a. | $ |
| 8. | Interest Yield Costs | $ | | b. | $ |
| 9. | Working Capital (L OF C) | $ | | c. | $ |
| 10. | Min. Capital Investment (Sec. 202) | $ | | Subtotal (a+b+c) | $ |
| 11. | Off-Site Construction Costs | $ | 17. | Total Cash, Fees and Grants | |
| 12. | Non-Mortgagable Relocation Expenses | $ | | (Sum of Items 15 plus 16) | $ |
| 13. | Other | $ | | | |
| 14. | Total Estimated Cash Required (sum of Lines 5 through 13) | $ | | Note: Line 17 must equal or exceed Line 14 | |

**Section K - Principal Participants**

1. ☐ Sponsor, ☐ Mortgagor, ☑ Borrower, ☐ Owner — Name
Englewood Terrace Limited Partnership
Address (include zip code
1050 Corporate Office Drive, Suite 150
Milford, MI 48167
Telephone Number: (248)529-2000 — SSN/EIN: 38-2904963

2. Name
Address (include zip code)
Telephone Number — SSN/EIN

3. ☐ Consultant, ☐ Agent, ☑ Other Authorized Representative — Name
Ken Horton, Asset Manager
Address (include zip code
1050 Corporate Office Drive, Suite 150
Milford, MI 48167
Telephone Number: (248)529-2000 — SSN/EIN

4. General Contractor Name
Rite-Way Construction
Address (include zip code)
1030 East 87th Street
Chicago, Illinois 60619
Telephone Number: (773)374-7822 — SSN/EIN

5. Sponsor's Attorney Name
None at this time
Address (include zip code
Telephone Number — SSN/EIN (Optional)

6. Architect Name
Phillip Johnson, AIA
Address (include zip code)
828 South Wabash, Suite 210
Chicago, Illinois 60605
Telephone Number: (312)663-0225 — SSN/EIN (Optional)

**Section L - Application (SAMA and Feasibility Letter)**

The Undersigned certifies that : (1) He/She is legally authorized to represent the entity(ies) identified below with respect to all transactions pertaining to this application and all matters related to it; (2) Any and all action(s) by the undersigned is/are legally binding on the principal(s) and the entity(ies) being represented; (3) He/She is familiar with the provisions of the regulations issued by the Department of Housing and Urban Development (HUD) pursuant to the above-identified section(s) of the respective Housing Act(s);(4)Tot the best of his/her knowledge and belief, the entity(ies) identified below has/have complied, or will be able to comply, with all the requirements of the regulations which are a prerequisite with respect to participation in the program(s) selected; (5) The principal(s) is/are aware that disclosure of certain financial information will be required by HUD in the course of processing this application; (7) That he/she has made a physical inspection of the property and, in his/her opinion, the site plan submitted conveys a concept which can be reasonably followed in practice; (8) The proposed construction will not violate recorded zoning ordinances and restrictions; (9) To the best of his/her knowledge and belief no information or data contained herein or in the exhibits or attachments submitted herewith, are in any way false or incorrect and that they are truly descriptive of the project or property which is intended as security for the proposed mortgage loan and/or is presented for consideration with respect to the request for approval of a Housing Assistance Payments Contract.

The Undersigned assures and agrees that: (1) Pursuant to the regulations and the related requirements of HUD neither the entity(ies) identified below nor anyone authorized to act on its/their behalf, will decline to sell, rent or otherwise make available any of the property or housing in the project, identified herein, to a prospective purchaser or tenant because of race, color, religion, sex or national origin; (2) The entity(ies) identified below will comply with Federal, State and local laws and ordinances prohibiting discrimination; and (3) Failure or refusal to comply with the requirements of either (1) or (2) shall constitute sufficient basis for the Commissioner to reject requests for future business with the identified entity(ies) or to take any other action that may be appropriate.

☑ Herewith is a check for $ 8,469.00 in payment of the required fee for a SAMA letter.

Principal Contact: Kenneth J. Horton
Signed:
Date: 10/28/1999
Telephone Number: (248)529-2243
On Behalf of: ☐ Sponsor, ☐ Mortgagor ☑ Borrower ☐ Owner

Section M - To the Federal Housing Commissioner

☑ 1. Request for Mortgage Insurance:

Request if hereby made for a ☐ Conditional Commitment ☒ Firm Commitment to provide mortgage insurance on a loan, which will involve: ☒ Insurance Advances During Construction ☐ Insurance Upon Completion, with respect to a principal loan of $ 8,625,000 which will bear interest at the rate of 8.0 % on the Construction Loan and 8.0 % on the Permanent Loan. The undersigned mortgagee requests consideration for mortgage insurance pursuant to the provision of Section 221(d)4 of the National Housing Act, and the HUD regulations applicable thereto. Said insurance is being requested to cover a loan which is to be secured by a first mortgage on the property described herein. After examining the proposed security, the undersigned considers such project to be desirable and is interested in making a loan in the principal amount and at the interest rate stated above. The loan will require repayment of the principal over a period of 480 months ( 40 years) in accordance with an amortization plan acceptable to you. It is understood and agreed that the actual financing fee (Item G-28) will not exceed 2.0 % of your commitment amount. Presented herewith is a check for $ 8,625.00 which when amounts previously paid is in payment of the application fee required by HUD regulations.

☐ 2. Request for Approval of Housing Assistance Payments Contract (Section 8):

The undersigned owner requests your consideration with respect to approving a Housing Assistance Payments Contract pursuant to Section 8 of the U.S. Housing Act of 1937, as amended, and the related regulations applicable thereto. Submitted herewith is a proposal which defines the scope of the improvements and the type and quality of the housing which will be provided on the property described herein. Said property, upon completion of the improvements, will comply with the applicable standards and related regulations of the Department of Housing and Urban Development. Such proposed housing is being offered for lease, to eligible tenants at the stated contract rents, pursuant to the provisions of the regulations pertaining to the above-referenced U.S. Housing Act.

☐ 3. Request for a Section 202 Loan: Principal Amount $________ @ Permanent Interest Rate of ______ %

Pursuant to Section 202 of the Housing Act of 1959, as amended, and the regulations applicable thereto, the undersigned borrower hereby requests a loan in the principal amount and at the interest rate stated above. The proceeds of the loan are to be used for development of the property described herein. The scope of the development of the property will be consistent with that information pertaining to improvements, submitted for your consideration. The loan is to be secured by a first mortgage on the property described herein. The principal amount of the loan will be repaid over a period of ______ months (______ years) in accordance with an amortization plan acceptable to you.

| Name and Address of Mortgagee | | Principal Contact | |
|---|---|---|---|
| Developers Mortgage Corporation<br>221 North LaSalle Street, Suite 3333<br>Chicago, Illinois 60601 | | Alan R. Cravitz<br>Telephone Number<br>(312)332-2013 | |
| Signed (Proposed Mortgagee (Use with Item 1) | Date | Signed (Owner Item 2)(Borrower Item 3) | Date |
| | | | |