**Englewood v. United States**
**03-2209**
**Joint Appendix**

# JA 105

Developers
Mortgage
Corporation

Suite 3333
221 North LaSalle [illegible]et
Chicago, Illinois 6[illegible]-1505
312/332-2013
FAX: 312/332-0406

September 4, 2001

Mr. Edward Hinsberger
U.S. Department of Housing and Urban Development
77 West Jackson Boulevard
23rd Floor
Chicago, Illinois 60604

Re: Firm Commitment Application
South Pointe Towers
Chicago, Illinois

Dear Mr. Hinsberger:

We are submitting a Firm Commitment application for the captioned project requesting a loan in the amount of $10,467,700 to be insured under Section 221(d)4 of the National Housing Act. In addition to HUD-92013, Application for Multifamily Housing Project, and a check in the amount of $31,403.10 for payment of the application fee, we are enclosing an original and six (6) copies of all other exhibits required for TAP processing.

We wish to point out several items contained in this application. We have assumed that since this project currently has tax credits (i.e. not a new allocation of tax credits) the mortgage insurance premium will be 0.5% per annum. We ask that you inform us as soon as possible if this assumption is incorrect so that the application can be amended to show an MIP of 0.8%. Rents are based on the recently submitted HAP Contract renewal documents requesting a budget based rent increase. Mortgage credit and management documents assume a change in the general partner to Don Samuelson (doing business as DSSA) and the new management agent to be DSSA, Inc.

Also, in preparing this revised application we have attempted to amend and correct the deficiencies in our previous submission as outlined in your letter to John Hayes dated April 3, 2001. The changes are as follows:

1. Repairs: The scope of work has been expanded to attempt to comply with the report prepared by Ray Etzkorn of your staff. A meeting to discuss the final scope of work should be scheduled upon commencement of A&E/Cost processing;

2. As-is value: The HUD-92013 has been revised to comply with the $3,645,000 as indicated in the April 3, 2001 letter;

3. Management: P.M. One will be replaced by DSSA, Inc. as managing agent;

B 4703

4-6: Property Insurance Schedule, Independent Cost Analysis and Architecture and Engineering Report: Since this application is submitted under TAP these exhibits are not included with this Firm Commitment application in that they are requirements of the MAP (or formerly Fast Track) programs. However, we have no problem hiring a third party consultant to prepare these documents and conduct these reviews if requested by your office;

7. Property Survey: We are unable to locate a current copy of the survey. We ask that this requirement be delayed until closing;

8. Contractor's and/or Mortgagor's Cost Breakdown: A copy signed by both mortgagor and contractor is enclosed;

9. Underwriting Summary: This summary is required under the MAP program although, once again, we are willing to provide a such a discussion upon your request. We have provided, however, a detailed description of the existing tax credit status under Exhibit 4 of our submission;

10. The Statement Indicating the Contractual and Financial Relationship: See Exhibit 5 of our submission;

11. Owner Architect Agreement: Article 11.2.1 corrected as requested. No additional services are anticipated at this time but the Agreement will be amended to reflect such services if necessary;

12. Contractor's Working Capital: See response to 4-6 above;

13. Request for Verification of Deposits: Copies of the VODs have been sent to each bank. Completed copies will be forwarded to your office upon receipt;

14. Financial Statements: Copies of financial statements for the general contractor have been submitted for 1998, 1999, 2000 and 2001 (to date);

15. Credit Reports: Submitted for the proposed general partner and contractor;

16. Partnership Agreement: This document is currently being renegotiated as a result of the proposed change of general partner and required discussions with the current general partner and the investor limited partnership. A copy of this document will be forwarded to your office once it has been finalized;

B 4704

17. 2530s - Chevron U.S.A. Inc. is the 99% limited partner. We asked that your office waive the requirement that other mortgage credit documents be submitted on Chevron since it is cumbersome for a publicly traded company to provide the required forms. There are no other entities requiring 2530 approval other that those submitted.

18. The resume of the general contractor: A resume for BABCO is submitted.

As always we appreciate your efforts in processing this application. Please feel free to call if you have any questions or need additional information.

Very truly yours,

DEVELOPERS MORTGAGE CORPORATION

Alan R. Cravitz
President

ARC/mk

Enclosures

cc: Don Samuelson (w/enclosures)

C:\My Documents\Correspondence\Hinsberger-LTR-South Pointe.doc

B 4705

# SOUTH POINTE TOWERS
# CHICAGO, ILLINOIS

## Firm Commitment Application Pursuant to Section 221(d)(4) (Revised)

### List of Exhibits

Cover Letter and Application Fee;

1. HUD-92013, Application for Multifamily Housing Project;
2. SF 424, Application for Federal Assistance, and Certification of Compliance with EO 12372;
3. SF-LLL, Disclosure Lobbying Activities or Statement for Loan Guarantees and Loan Insurance;
4. Low Income Housing Tax Credit Certification (letter of explanation);
5. Signed Statement from each Principal Sponsor indicating their Contractual and Financial Relationship(s) with Mortgagor;
6. Certification Disclosing all Identity of Interest Relationship(s) between the Mortgagor, General Contractor and/or Architect;
7. Site Specific Location Map;
8. Legal Description of Property;
9. Evidence of Site Control and Evidence of Last Arms-Length Transaction and Price;
10. Evidence of Permissive Zoning;
11. Market Analysis;
12. Form HUD 92010, Equal Employment Opportunity Certification;
13. Owner-Architect Agreement;
14. Survey and Surveyors Report (letter);
15. Evidence that Project has Necessary Utilities and Services;
16. HUD-2328, Contractor's and/or Mortgagor's Cost Breakdown;
17. Form HUD 2530, Previous Participation Certification;
18. Form HUD-92013 – Supplement;
19. Certifications Approving Release of Banking and Credit Information;

B 4706

20. Form HUD-92004F, Request for Verification of Deposits;
21. Form HUD 92417, Personal Financial Statement for the Contractor and 3 years of Financial Statements (general contractor only);
22. List of Other Business Concerns;
23. Personal and Commercial Credit Reports;
24. Letter re Partnership Agreement;
25. Current resume for each participant;
26. Evidence from mortgagee regarding the permanent mortgage finance and secondary market charges;
27. Outstanding Project Indebtedness;
28. Photocopies of documents used to identify employee identification number and the social security numbers;
29. Form HUD 9839-B, Management Certification;
30. Form HUD 9832, Management Entity Profile;
31. List of on-site staff that will be charged to the project;
32. Sample Lease;
33. Form HUD 935.2, Affirmative Marketing Plan;
34. Resident Grievance Procedure; and
35. Evidence of Fidelity Bond.

<u>Original Binder Only (not bound)</u>

1. Phase I Environmental Report and Lead Based Paint Test (1 copy)
2. Plans and Specifications (2 sets)
3. Partnership Audited Financial Statements for 1998, 1999 and 2000

**Englewood v. United States**
**03-2209**
**Joint Appendix**

# JA 106

In your August 31st letter, there was some question about elevator repairs. Has this issue been discussed with Ray Etzkorn? Our experience in the past indicates that there were tenant complaints about the elevators. Ray is out of the office this week so I haven't been able to check with him.

The FHA application is in the office. I spoke with Alan Cravitz this morning about the continuing role of John Hayes or others from PM in the refinance. I reminded Alan that if parties change roles then there would need to be 2530 submission for their new roles and because of the current flag they would not be approved. Alan will be submitting an incumbency certificate or ownership structure showing old role and new roles.

Since we just got the application yesterday I have no comments on its contents at this point in time. As staff review it they will be in direct contact with Alan Cravitz.

Ed

----- Forwarded by Edward Hinsberger/HSNG/CHI/HUD on 09/06/01 11:21 AM -----

**Paul J. Seliga**
09/05/01 12:35 PM

To: Kathy McMahon/HSNG/CHI/HUD@HUD
cc: Edward Hinsberger/HSNG/CHI/HUD@HUD
Subject: South Pointe Apartments - Rent Comparability Study

I have desk reviewed the Rent Comparability Study for the above captioned project submitted by Renzi & Associates and find that it appears acceptable based on the information provided. Five comparables were used by the appraiser, and appear to reflect and relate to the subject property. I have telephoned each of the property contact persons to verify the current rents and information listed on the Hud Form 92273 - S8. Other than minor differences, the information appears to be correct.

According to Hud Notice Hoo-12, Section 8 Renewal Policy, Section 9-8, Page 10, Appraiser's Qualifications, an appraisal assistant may contribute to any of the tasks of preparing the Rent Comparability Study as long as the Certified General Appraiser reviews, signs and then takes full responsibility for the report. This is the situation that has taken place for the above captioned project.

I have requested and received a letter from Renzi and Associates explaining the use of market rate comparables in subsidized and rent restricted properties. Also the names and telephone numbers of the individuals contacted at these properties. Attached to the Rent Comparability Study is the letter from the appraiser.

In summary, it appears that Renzi and Associates is in compliance with Hud Notice Hoo-12 and that the Rent Comparability Study is acceptable for the above captioned project.

B 5121

Kathy McMahon
09/06/01 12:21 PM

To: Maggie O'Connor/HSNG/CHI/HUD@HUD, Raymond L Etzkorn/HSNG/CHI/HUD@HUD, John Schneider/HSNG/CHI/HUD@HUD, Benjamin Tessler/HSNG/CHI/HUD@HUD, Andrea Matro/HSNG/CHI/HUD@HUD, Gwendolyn X. Thomas/HSNG/CHI/HUD@HUD, Debbie Gray/HSNG/CHI/HUD@HUD
cc: Mary Anderson/HSNG/CHI/HUD@HUD, Edward Hinsberger/HSNG/CHI/HUD@HUD
Subject: South Pointe Tower

Developers Mortgage submitted a firm commitment application for the subject project. The new project number is 071-35696. It's a TAP d4 rehab.

Please screen the application for completeness and get your responses to Maggie by next Tuesday 9/11. The applications are in my cube come on down.

to the argument that some individuals in PM One were not responsible for the actions of the parent group. We told them that HUD would CONSIDER any information that would be provided and MIGHT CONSIDER removing the flag from individuals that had no control over the actions of PM One or the ownership entity.

3) The funding for the Sec 8 contract is in place for an additional 90 days. The contract either has been/will be mailed to the owner for execution.

4) The loan application is in the office. There are deficiencies that need to be addressed. The survey and survey report needs to be updated so the cost analysis can be completed; the contractor's cost breakdown is not legible; a summary sheet with the total scope of work showing the number of line items plus cost breakdown needs to be submitted. Ray Etzkorn met with Don on the scope issue. If we proceed we need to know specifically what the contractor will be doing. From what was submitted, this would not be possible.

5) Back in June when a sale was first being discussed, HUD had already started the abatement of the Sec. 8 contract and vouchers were ordered for the residents. You were informed back then that we would not stop the abatement process unless we had a complete, approvable plan in place. We still don't have such a plan in place. Let me reiterate, once the housing authority issues vouchers, the Sec 8 contract dies. Back when discussions first started, it was going to be a couple of weeks before a plan would be submitte, that grew to a month and now we are approaching 4 months. Be on notice that you are very very quickly running out of time. The housing authority is getting ready to issue vouchers.

6) We have had no contact with the tax credit investor.

Ed

Edward Hinsberger

Edward Hinsberger
09/06/01 11:53 AM

To: DSSA310@aol.com
cc: Veronica Coleman/HSNG/CHI/HUD@HUD, Gwendolyn X. Thomas/HSNG/CHI/HUD@HUD, alcrav@aol.com, Mary Anderson/HSNG/CHI/HUD@HUD, Kathy McMahon/HSNG/CHI/HUD@HUD, Maggie O'Connor/HSNG/CHI/HUD@HUD, Edward Hinsberger/HSNG/CHI/HUD@HUD
Subject: South Pointe Apartments - Rent Comparability Study

Don,
The rent comp study supports the proposed rents. The submission was made by you. It needs to be signed by the owner or the current managing agent. There was a spot on your 8/21/01 letter authorizing you to submit, but Mr. Hayes didn't sign it. Please resubmit the 8/21/01 letter with John Hayes' signature. We will allow the new rents to kick in at the time of closing.

The current management company was in the office today. They had no knowledge of what was going on or that DSSA might be co-managing for an interim period of time with them. Mr. Hayes needs to tell the management staff what is going on so there is absolutely no confusion. They also indicated that they were ready and willing to give up management within 30 days.

The HAP contract is being extended with a short term renewal for 90 days past the expiration at the end of Sept. 2001.

B 5120

In your August 31st letter, there was some question about elevator repairs. Has this issue been discussed with Ray Etzkorn? Our experience in the past indicates that there were tenant complaints about the elevators. Ray is out of the office this week so I haven't been able to check with him.

The FHA application is in the office. I spoke with Alan Cravitz this morning about the continuing role of John Hayes or others from PM in the refinance. I remlnded Alan that if parties change roles then there would need to be 2530 submission for their new roles and because of the current flag they would not be approved. Alan will be submitting an incumbency certificate or ownership structure showing old role and new roles.

Since we just got the application yesterday I have no comments on its contents at this point in time. As staff review it they will be in direct contact with Alan Cravitz.

Ed

---- Forwarded by Edward Hinsberger/HSNG/CHI/HUD on 09/06/01 11:21 AM ----

Paul J. Seliga
09/05/01 12:35 PM

To: Kathy McMahon/HSNG/CHI/HUD@HUD
cc: Edward Hinsberger/HSNG/CHI/HUD@HUD
Subject: South Pointe Apartments - Rent Comparability Study

I have desk reviewed the Rent Comparability Study for the above captioned project submitted by Renzi & Associates and find that it appears acceptable based on the information provided. Five comparables were used by the appraiser, and appear to reflect and relate to the subject property. I have telephoned each of the property contact persons to verify the current rents and information listed on the Hud Form 92273 - S8. Other than minor differences, the information appears to be correct.

According to Hud Notice Hoo-12, Section 8 Renewal Policy, Section 9-8, Page 10, Appraiser's Qualifications, an appraisal assistant may contribute to any of the tasks of preparing the Rent Comparability Study as long as the Certified General Appraiser reviews, signs and then takes full responsibility for the report. This is the situation that has taken place for the above captioned project.

I have requested and received a letter from Renzi and Associates explaining the use of market rate comparables in subsidized and rent restricted properties. Also the names and telephone numbers of the individuals contacted at these properties. Attached to the Rent Comparability Study is the letter from the appraiser.

In summary, it appears that Renzi and Associates is in compliance with Hud Notice Hoo-12 and that the Rent Comparability Study is acceptable for the above captioned project.

B 5121

**Englewood v. United States**
**03-2209**
**Joint Appendix**

# JA 107

Thomas/HSNG/CHI/HUD@HUD,
11:53 AM
Anderson/HSNG/CHI/HUD@HUD,

Maggie

Apartments - Rent

alcrav@aol.com, Mary

Kathy McMahon/HSNG/CHI/HUD@HUD,

O'Connor/HSNG/CHI/HUD@HUD, Edward
Hinsberger/HSNG/CHI/HUD@HUD
Subject: South Pointe

Comparability Study

Don,
The rent comp study supports the proposed rents. The submission was made by you. It needs to be signed by the owner or the current managing agent. There was a spot on your 8/21/01 letter authorizing you to submit, but Mr. Hayes didn't sign it. Please resubmit the 8/21/01 letter with John Hayes' signature. We will allow the new rents to kick in at the time of closing.

The current management company was in the office today. They had no knowledge of what was going on or that DSSA might be co-managing for an interim period of time with them. Mr. Hayes needs to tell the management staff what is going on so there is absolutely no confusion. They also indicated that they were ready and willing to give up management within 30 days.

The HAP contract is being extended with a short term renewal for 90 days past the expiration at the end of Sept. 2001.

In your August 31st letter, there was some question about elevator repairs. Has this issue been discussed with Ray Etzkorn? Our experience in the past indicates that there were tenant complaints about the elevators. Ray is out of the office this week so I haven't been able to check with him.

The FHA application is in the office. I spoke with Alan Cravitz this morning about the continuing role of John Hayes or others from PM in the refinance. I reminded Alan that if parties change roles then there would need to be 2530 submission for their new roles and because of the current flag they would not be approved. Alan will be submitting an incumbency certificate or ownership structure showing old role and new roles.

Since we just got the application yesterday I have no comments on its contents at this point in time. As staff review it they will be in direct contact with Alan Cravitz.

Ed

----- Forwarded by Edward Hinsberger/HSNG/CHI/HUD on 09/06/01 11:21 AM
-----

Paul J.
Seliga
McMahon/HSNG/CHI/HUD@HUD

Hinsberger/HSNG/CHI/HUD@HUD
09/05/01

To: Kathy

cc: Edward

Subject: South Pointe

A 1599