**Englewood v. United States**
**03-2209**
**Joint Appendix**

# JA 138

U.S. Department of Justice

Civil Division

PDK:PRWellons:
No. 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

Telephone: (202) 616-8532
Datafax: (202) 307-0972

*Washington, D.C. 20530*

May 27, 2005

VIA FIRST CLASS MAIL

Peter V. Baugher
Schopf & Weiss LLP
312 West Randolph Street
Suite 300
Chicago, IL 60606-1721

Re: Englewood Terrace v. United States

Dear Peter:

This letter is in response to your letter dated May 23, 2005. You have inquired again regarding documents that personnel working for the U.S. Department of Housing and Urban Development ("HUD") may have imaged. Jadranka Burkec, a legal assistant with HUD's Chicago Departmental Enforcement Center, has accessed HUD's imaging records and verified that we have produced paper copies of all imaged documents regarding South Pointe during the period relevant to this dispute.

Specifically, I note that your letter refers to "documents up to the point of referral in September 1998." We have produced copies of all imaged documents regarding South Pointe from 1998 onward, but have not produced copies of imaged documents dated from 1997 and before. This is because you have not asked for these documents as well as because they pre-date the facts of this dispute and are completely irrelevant.

You also ask whether anyone has accessed REMS screens to verify that our production is complete. As Joan Kiening testified at her deposition, she accessed REMS on a screen-by-screen basis to verify the completeness of our document production. Further, as I noted above, Ms. Burkec has verified that we have produced all imaged documents relevant to this case.

With regard to concurrences, your client has filed a breach of contract action, and its complaint contains no allegations that any action taken by HUD was not approved by the appropriate deciding official. Thus, these documents are irrelevant. However, as I have previously stated, HUD has disclosed all concurrences it has located for the documents you reference. We are not seeking to withhold any concurrences as privileged.

Finally, Englewood's complaint contains no allegations that HUD improperly placed "flags" regarding Englewood in its records. Thus, we do not understand the relevance of the documents you request. However, we have produced the documents we have located regarding HUD's decision to flag South Pointe. In particular, I refer you to the documents enclosed in my last letter, which will identify the dates on which HUD flagged South Pointe and the reasons for the flags.

Peter, I trust that this will resolve your questions regarding our document production.

Sincerely,

Paul R. Wellons
Trial Attorney
Commercial Litigation Branch
Civil Division

**Englewood v. United States**
**03-2209**
**Joint Appendix**

# JA 139

**Schopf & Weiss LLP**
**Business Litigation**

312 West Randolph Street, Suite 300
Chicago, Illinois 60606-1721
tel 312.701.9300
fax 312.701.9335
www.sw.com

Writer's e-mail
baugher@sw.com

Writer's direct dial
312.701.9315

September 2, 2005

**By Facsimile: 202.307.0972**

Mr. Paul R. Wellons
Commercial Litigation Branch
Civil Division, United States Department of Justice
Attention: Classification Unit
1100 L Street, N.W., Room 800
Washington, DC 20005

**Re:** ***Englewood v. HUD*--Concurrences**

Dear Paul:

One of the major issues not resolved during discovery was the surprising dearth of "concurrences" produced by HUD. As you know, we have been asking about getting copies of concurrences related to the major decisions made on South Pointe since September of last year. At the close of discovery we exchanged letters on this topic on April 19, May 2, May 4, May 23 (comprehensive list), and May 27. And as recently as last week, you wrote (to be confirmed by letter) that "all concurrences have been produced."

We first learned about the concurrence process from the 2000 Final Team Report-Resolution, which stands virtually alone as a document with actual concurring signatures/initials and dates. We understand that concurrences were standard operating procedure in both Multifamily Housing and the DEC. From the materials produced by HUD, we saw places for concurrences in various Multifamily Housing documents.

We learned in the depositions that the bottom left space was the location for the initial author of any draft document, and that the individuals who agreed with or "concurred" with the document and/or decision would place their initials in spaces to the right. The person intended to sign the document would appear in the signature block. When it was signed the individual's signature would appear. Ms. Kiening stated that it was standard practice for important documents to be filed as hard copy, "imaged" in a Washington server location, and also referred to in REMS entries. The concurrence files should be in the hard copy files, the "image" system in Washington and REMS.

There were numerous references to concurrences by the HUD deposition witnesses as the source of information on the sequence of approvals for key decisions and documents. Witnesses in the depositions referred to concurrences related to HUD's position on the "error" in the HAP 2000 Renewal Contract and the two contract amendments, as well as the authorship and approval of the letters of December 6, 2000, March 9, 2001, and May 15, 2001.

Below are the specific documents and/or decisions for which we requested "concurrence" and "approval" information on May 23. They contrast, for example, with the January 26, 2000 Final Team Report-Resolution (with concurrence pages):

| No. | DOCUMENT | REFERENCE |
|---|---|---|
| 1. | 1999 DEC Draft Team Report | Pl. App. 39-44 |
| 2. | June 30, 1999 DEC Final Action Plan | Pl. App. 45-49 |
| 3. | July 1, 1999 Acceptance of South Pointe's Referral to the DEC | Attached |
| 4. | September 1999 Approval of 1999 Renewal Contract | Pl. App. 58-60 |
| 5. | November 30, 1999 Rejection of the Rehab Loan | Pl. App. 61-62 |
| 6. | December 8, 1999 Management Improvement & Operating (MIO) Plan | Kiening Dep. Ex. 3, D994 |
| 7. | September 29, 2000 Draft #2530 Flag | Pl. App. 139-43 |
| 8. | October 3, 2000 Close Out of 2000 Management Review | App. 107 |
| 9. | October 12, 2000 Draft #2530 Flag | Pl. App. 144-45 |
| 10. | September/October 2000 Approval of 2000 Renewal Contract | Thomas Dep. Ex. 10 |
| 11. | December 6, 2000 Letter Amending the 2000 Renewal Contract | App. 155 |
| 12. | March 8, 2001 REAC Inspection Summary | App. 160-71 |
| 13. | March 9, 2001 HUD Letter Challenging Completion of EH&S items | App. 171.1-171.2 |
| 14. | March 15, 2001 Draft Letter - Suspension of HAP Payments | Pl. App. 183-84 |
| 15. | April 3, 2001 HUD Rejection of Rehab Loan Application | App. 172-75 |
| 16. | April 9, 2001 Notice of Default | App. 192-93 |
| 17. | May 15, 2001 HUD Rejection of Englewood REAC Response | App. 199 |
| 18. | May 16, 2001 HUD Notice | App. 200-01 |
| 19. | August 21, 2001 #2530 Flag Against Englewood and P.M.One | B4654-6 (attached) |
| 20. | September 26, 2001 90 Day Renewal Contract | App. 217-34 |
| 21. | November 30, 2001 Notice of Abatement and Termination | App. 283-84 |

| No. | DOCUMENT | REFERENCE |
|---|---|---|
| 22. | May 2, 2002 HUD Final Decision in Administrative Process | App. 302-03 |
| 23. | June 1, 2004 #2530 Flag Against Don Samuelson and DSSA | None |

HUD's first position was that this information was privileged. During the last several months you have said that you have inquired about this information from HUD officials in Multifamily Housing and the DEC in Chicago and the information we are seeking does not exist. It would be helpful if "HUD officials" had names, so that it is clear that everyone understands that a thorough and truthful response is important.

At present, our discussion of this issue appears in depositions, letters, status conferences before Judge Wolski, and notes from phone conversations. I think it is in our common interest to have HUD's position on concurrences made "official." Please consider this letter an informal Rule 36 request for admissions that there were no concurrences or approvals for the documents listed above.

I am also writing to reiterate the substance of the email I sent to you yesterday. The motion for summary judgment will not succeed, though it has interrupted our progress toward trial. Nonetheless, this does present an opportunity. We should use this unfortunate delay to our clients' mutual advantage by engaging in serious, Washington-based settlement negotiations. We are willing to adjust our schedules to participate in such discussions. Let's talk on Tuesday to determine how best to proceed.

Sincerely yours,

Peter V. Baugher

Peter V. Baugher

PVB:ddj

Attachments

M

**U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT**

DEPARTMENTAL ENFORCEMENT CENTER
Chicago Satellite Office
77 W. Jackson Blvd., Suite 2207
Chicago, Illinois 60604-3507

Tel. (312)353-5895 Fax (312)886-1405

CERTIFIED
RETURN RECEIPT REQUESTED

Mr. Robert Pendergrast, General Partner
8137 W. Grand River Avenue, Suite 10
Brighton, Michigan 48116

Re: Referral to Enforcement Center
Project Name: Southpoint Towers a.k.a. Englewood Terrace Apartments
FHA Project # 071-55028

Dear Mr. Pendergrast:

The purpose of this letter is to inform you that the Chicago Satellite Enforcement Center has accepted the property for further departmental administrative review. This evaluation will result in confirmation of deficiencies cited with or without possible enforcement action(s).

You will be contacted with the results of our evaluation in the near future. If you have any questions, the Enforcement Analyst assigned to your project is Ms. Freddie C. Batchelor, and can be reached at 312-353-1915 extension 2058.

Sincerely,

James P. Zale
Director

cc: Gwendolyn Thomas, Project Manager
Freddie C. Batchelor, Enforcement Analyst
Carl E. Sauders, Property Manager
PM One Ltd. 1621 E. 55th Street Chgo., Ill.

Freddie C. Batchelor ____________

fcb/07/01/99: NOTIFICATION TO OWNER OF ACCEPTANCE BY EC

1-12-99 ^R:13A P.02

U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT
DEPARTMENTAL ENFORCEMENT CENTER
Chicago Satellite Office
77 W. Jackson Blvd., Suite 2207
Chicago, Illinois 60604-3507

Tel. (312)353-5645 Fax (312)886-1401

JUL 01 1999

CERTIFIED
RETURN RECEIPT REQUESTED

Mr. Robert J. Pendergast
General Partner
8137 West Grand River Avenue
Brighton, Michigan 48116-9392

RE: Enforcement Center Referral
Project Name: Monterey Apartments
Project Number: 071-35403

Dear Mr. Pendergast:

Recently HUD's Office of the Real Estate Assessment Center referred the referenced property to the Departmental Enforcement Center for administrative review. This review is being conducted in our Chicago Satellite Office. The purpose of this review is to determine whether enforcement action or other administrative action is necessary. Shortly, you will be contacted by the Enforcement Center's contractor, Pinnacle Realty Management Company, to arrange for a site visit and provide you with information on what the visit will entail.

During this administrative review period, the property listed above will remain under the jurisdiction of the Office of Housing. You may submit your comments and/or information to:

Mr. Peter Holzer, Enforcement Analyst
Enforcement Center Chicago Satellite Office
Department of Housing and Urban Development
77 West Jackson Boulevard, Room 2207
Chicago, Illinois 60604-3507

The Enforcement Center will accept your comments and information for a period of 30 days starting from the date of receipt of this letter. Any information received after this date may not be included in the review. ...will be contacted in the near future with the results of this review.

If you have any questions, please call Mr. Holzer at (312) 353-1915, extension 2060.

Sincerely,

Joan Kiening
Supervisory Enforcement Analyst
Chicago Satellite Office

ORI - MARLENE DALL
cc: TIM
SAA

D 0035

U.S. Department of Housing and Urban Development

Illinois State Office
77 W. Jackson Blvd.
Chicago, Illinois 60604-3507

**CERTIFIED MAIL - RETURN RECEIPT REQUESTED**

Mr. John Hayes, General Partner
P.M. 1 Equities
8137 W. Grand River Avenue
Suite 10
Brighton, Michigan 48116

Dear Mr. Hayes:

SUBJECT: Previous Participation Clearance
South Pointe Towers
Contract No. IL06-E000-034
Monterey Apartments
FHA No. 071-35403

This letter serves to notify you that the form HUD-2530, Previous Participation Certification clearance has been adversely flagged for the participants listed below. This flag will affect your ability to participate in HUD programs nationwide.

| | |
|---|---|
| Robert Pendergast (General Partner) | SSN: 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 |
| John Hayes (Partner) | No SSN or 2530 clearance |
| Daniel D. Armstead (Stockholder) | SSN: 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 |
| Michael G. McGhie (Stockholder/Officer) | SSN: 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 |
| John R. Morrissey (Stockholder/Officer) | SSN: 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 |
| P.M. Group, Inc. (Stockholder) | SSN: 38-2016683 |
| P.M. One, Ltd. | EIN: 38-2312468 |
| P.M. One Equities, Inc. | EIN: 38-2904963/38-2823616 |

B 4654

Englewood Terrace (Limited Partnership) EIN: 38-2904963

5251 Building Partnership (General Partner) EIN: 38-2733580

Listed below are the reasons for the 2530 flag:

1. Unsatisfactory Physical Conditions of the subject Properties.

2. Both projects were referred to the Chicago Enforcement center for Enforcement action because of unsatisfactory physical conditions, which is in violation of the Housing Assistance Payment Contract and/or Regulatory Agreement.

3. Failure to comply with Enforcement Center's request, to submit a acceptable Management Improvement Operating Plan (MIO).

Thank you for your attention to this serious matter. Please direct any questions regarding this correspondence to Gwendolyn Thomas, Asset Manager, at (312) 353-6236, Ext. 2246.

Sincerely,

Veronica Coleman
Director, Project Management
Chicago Multifamily Hub

CC: Thomas
Branchfile;
TRACS
Enforcement H: P.M. 1 flagged: ds 10/12/00

Thomas Gray

B 4655

**Englewood v. United States**
**03-2209**
**Joint Appendix**

# JA 140

U.S. Department of Justice

Civil Division

PDK:PRWellons:
No. 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

Telephone: (202) 616-8253
Datafax: (202) 307-0972

*Washington, D.C. 20530*

September 2, 2005

VIA FIRST-CLASS Mail

Peter V. Baugher
Schopf & Weiss LLP
312 West Randolph Street
Suite 300
Chicago, IL 60606-1721

Re: Englewood Terrace v. United States,
Fed. Claims No. 03-2209

Dear Peter:

This letter is in response to your e-mail dated August 23, 2005. I have enclosed a letter previously sent to you that explains that we have produced all concurrences in our possession and are not seeking to withhold any concurrences upon the basis of attorney-client privilege. We have located no concurrences for the default notices you reference. In fact, no concurrences were needed for these notices, which were executed by the appropriate officials.

Even if this were not so, a motion to compel at this time would be inappropriate. Discovery in this case closed in May 2005. On July 26, 2005, both parties represented to the Court that all discovery was complete.

RECEIVED
SEP 0 6 2005
PVB

As previously agreed between the parties, I have enclosed a revised copy of the privilege log supplied earlier in this case. We have supplied the names and affiliations of each document's recipients. We also have clarified and expanded the explanations of the grounds for withholding documents.

Finally, we still have not received your response to our proposed stipulations of fact. On Monday, August 29, 2005, you informed me that we would receive them the next day. We did not receive them, and had to seek an enlargement. Please provide your response to us as quickly as possible so that we may avoid having to seek an additional enlargement before the current September 23, 2005 deadline.

Sincerely,

Paul R. Wellons

Paul R. Wellons
Trial Attorney
Commercial Litigation Branch
Civil Division