**IN THE**
**UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ENGLEWOOD TERRACE LIMITED PARTNERSHIP,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ) | No. 03-2209C<br>(Judge Marian Blank Horn) |

**DECLARATION OF GREGORY G. GUSTIN**

I, GREGORY G. GUSTIN, in my official capacity for the United States Department of Housing and Urban Development (HUD), on oath and under penalty of perjury pursuant to 28 U.S.C. § 1746, state as follows:

1. Since May 2004, I have been the Associate Regional Counsel for Program Enforcement, U.S. Department of Housing and Urban Development (HUD), Office of Regional Counsel, Region 5, Chicago, Illinois (Associate Regional Counsel).

2. This Declaration is made in my official capacity as Associate Regional Counsel, and only for the matters at issue in the above styled litigation.

3. As Associate Regional Counsel, among other matters, I am responsible for the oversight and conduct of litigation matters assigned to the Office of Regional Counsel legal section that I supervise; and I am responsible for the supervision of the section's attorney and paralegal staff in those regards.

4. The above-styled litigation is one such matter assigned to the Office of Regional Counsel legal section that I supervise; and I am thus familiar with the above-styled litigation surrounding a project located at 6425 S. Lowe and commonly known as South Pointe Towers Apartments, including the Plaintiff's original and amended requests for document production submitted during the course of that litigation.

5. Directly, and through staff, I supervised the gathering of all records, including all documents and electronic media, from all departments within HUD that were reasonably known or suspected to have media that was responsive to Plaintiff's discovery requests.

6. Throughout the course of the above-styled litigation Plaintiff has asserted that additional media that is responsive to Plaintiff's discovery requests exists.

7. To ensure all reasonable diligence has been engaged by HUD, I and my staff issued multiple requests to all departments within HUD that were reasonably known or suspected to have media that was responsive to Plaintiff's discovery requests.

8. To the best of my information, belief, and knowledge all media located in response to those multiple requests, after diligent search, was delivered to my legal section's staff; and either I, and/or members of the legal section I supervise, reviewed all such media.

9. With the exception of media created by Plaintiff, all media that was located in response to Plaintiff's discovery requests was delivered to counsel for the Department of Justice (DOJ) for review and production to Plaintiff.

10. HUD and its counsel have engaged all reasonable diligence and efforts to locate and deliver, to DOJ, all responsive media.

11. HUD and its counsel have engaged all reasonable diligence and efforts to ensure that all HUD electronic databases, such as HUD's Real Estate Management System and the Departmental Enforcement Center's Imaging system, that did contain or may have contained responsive media, were reviewed, printed, and delivered to DOJ.

12. HUD and its counsel have engaged all reasonable diligence and efforts to ensure that all written concurrences on actions taken by HUD were delivered to DOJ.

13. Plaintiff's statements or inferences that responsive media has been improperly withheld and/or destroyed is, to the best of my knowledge, belief, and efforts, false.

14. Further Declarant sayeth naught.

Executed and affirmed this 22nd day of March 2006.

/s/ Gregory G. Gustin
Gregory G. Gustin
Associate Regional Counsel, Program Enforcement
U.S. Department of Housing and Urban Development
Office of Regional Counsel, Region 5