# In the United States Court of Federal Claims

* * * * * * * * * * * * * * *

**ENGLEWOOD TERRACE LIMITED PARTNERSHIP,**

**Plaintiff,**

**v.**

**UNITED STATES,**

**Defendant.**

* * * * * * * * * * * * * * *

**No. 03-2209C**
**Filed: April 20, 2006**

## O R D E R

A status conference was held in the above-captioned case. During the conference, the parties discussed their joint stipulations of fact and joint appendix filed with the court. Based upon the parties' joint stipulations of fact and discussions during the status conference, the court **ORDERED** the defendant to file on or before **Friday, March 24, 2006**, a declaration indicating whether all documents in the plaintiff's official file held by the defendant have been provided to the plaintiff.

Based upon the discussion during the status conference, in order to determine whether the issues in this case may be narrowed, or fully adjudicated, on motions for summary judgment, the court **ORDERS** the defendant to file its motion for summary judgment on or before **Friday, April 28, 2006**, and state whether it is a motion for full or partial summary judgment. The plaintiff shall file its opposition to defendant's motion and any cross-motion for summary judgment on or before **Friday, May 26, 2006,** similarly stating whether it is a motion for full or partial summary judgment. The defendant shall file its opposition and reply on or before **Friday, June 9, 2006**. The plaintiff shall file its reply to defendant's opposition on or before **Friday, June 23, 2006**. The parties' briefs shall make specific references to the February 16, 2006 joint stipulations of fact and the February 21, 2006 joint appendix. Although the parties have opted to file motions for full or partial summary judgment, based on discussions at several status conferences, there remains a significant issue as to whether summary judgment is an appropriate way to proceed.

If all matters in this case are not resolved by summary judgement, the court will schedule a trial in this case for the fall of 2006. The Appendix A filings detailed in the Rules of the United States Court of Federal Claims (RCFC), are modified as described below. The filings with the court are to include:

a. Witness List. On or before **Monday, July 10, 2006**, the parties shall file a joint statement setting forth a list of witnesses to be called at trial, other than those to be used exclusively for impeachment. As to each witness, the parties shall indicate for which party the witness will be testifying, the specific topics to be addressed in the expected testimony and the time needed for direct examination. The parties shall also indicate whether or not they are willing to take overlapping witnesses who are to be called for both the plaintiff and the defendant at one sitting, as discussed at the hearing.

b. Issues of Fact and Law. On or before **Monday, July 10, 2006**, the parties shall file a joint statement of the issues of fact and law to be decided by this court. The statement of issues shall control the admissibility of evidence at trial and evidence will be deemed to be irrelevant unless it pertains to one or more of the issues.

c. Stipulations. The court will use as stipulations of fact the joint stipulations filed with the court on February 16, 2006, together with any additions on which the parties can agree after the additional motion practice.

d. Joint Trial Exhibit List. On or before **Friday, July 10, 2006**, the parties shall file a joint trial exhibit list divided into the following five sections:

> i. Joint stipulated exhibits, to be numbered starting with 1-99 or 1-999, as needed. As joint exhibits, the parties may use the joint appendix filed with the court on February 21, 2006. Any additional joint or individual exhibits shall be identified in the parties joint exhibit list. The court urges the parties to achieve as many joint exhibits as possible in order to reduce the time required for trial.
>
> ii. Plaintiffs' exhibits, to be numbered starting with 100-199, or 1000-1999, the number sequence to begin following the completion of the sequence of numbers used for the joint exhibits;
>
> iii. Defendant's exhibits, to be numbered 200-299 or 2000-2999, the number sequence to begin following the completion of the sequence of numbers used for the plaintiff's exhibits;
>
> iv. Plaintiff's objections to defendant's exhibits, including the basis for each objection; and
>
> v. Defendant's objections to plaintiffs' exhibits, including the basis for each objection.

The actual exhibits shall not be submitted to the clerk's office or to chambers, but shall be brought to the trial by the parties in sufficient copies, including one copy for the witness, two copies for the court and the official copy to be submitted to the court reporter. The exhibits shall be bound or placed in a loose leaf notebook(s) with each exhibit sequentially numbered and all pages of each exhibit sequentially numbered, starting with page one of Exhibit 1 to the last page of the last exhibit. Loose submissions, such as maps, photographs, physical evidence and charts, may be submitted. Reduced copies of charts and photographs should be included in the bound volumes, if possible.

e. Deposition Testimony. On or before **Monday, July 10, 2006**, any party intending to present substantive evidence by way of deposition testimony, other than as provided by Fed. R. Evid. 801(d), shall serve and file a separate motion for leave to file the transcript of this testimony. The motion shall show cause why the deposition testimony should be admitted and identify specifically the portion of the transcript the party intends to use at trial. The opposing party may file a response to this motion. Sufficient copies of proposed deposition pages for use at trial must be brought to the trial by the party intending to use such deposition testimony.

f. Responses. The parties are expected to confer and cooperate in the preparation of the above described documents. Any responses to matters raised by the opposing party should, therefore, be included in each party's initial submission. However, if anything new or unexpected is discovered, it may be addressed in a brief response which must be filed under cover of a motion for leave of the court to file the response, immediately upon making the discovery.

The dates and contents outlined above were discussed at the status conference and became effective on that date. To discuss any remaining issues with the parties, the court **ORDERS** the parties to appear at a pre-trial conference on **Tuesday, July 18, 2006 at 2:30 p.m. EDT**. Counsel for both parties may appear by telephone. Unless otherwise notified, the court will contact plaintiff's counsel at 312-701-9300 and defendant's counsel at 202-616-8253. The location for the trial will be selected closer to the trial date. Possible dates have been discussed with counsel.

**IT IS SO ORDERED.**

s/Marian Blank Horn
**MARIAN BLANK HORN**
**JUDGE**