**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **ENGLEWOOD TERRACE LIMITED PARTNERSHIP,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 03-2209C (Judge Marian Blank Horn)** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S MOTION SEEKING LEAVE TO FILE ADDITIONAL DECLARATIONS IN RESPONSE TO PLAINTIFF'S MOTION TO COMPEL**

Pursuant to the Court's May 23, 2006 order, defendant, the United States, respectfully submits the following additional declarations in response to plaintiff, Englewood Terrace Limited Partnership's ("Englewood"), motion to compel.

As the Court is aware, on March 24, 2006, the Government filed declarations from senior personnel associated with United States Department of Housing and Urban Development's ("HUD") Chicago office. Specifically, we filed declarations from Gregory G. Gustin, Associate Regional Counsel for Program Enforcement, regarding, among other things, production of documents and concurrences, and from Edward J. Hinsberger, Director of the Chicago, Region 5, HUD Office of Multifamily Housing, regarding, among other things, his authority for Housing Assistance Payments ("HAP") contracts pertinent to this litigation.

At a status conference held on May 23, 2006, and in its motion to compel, Englewood contends that the Gustin and Hinsberger declarations were insufficient because: (1) HUD failed to adequately account for its failure to produce additional concurrences that Englewood wrongly contends exist, and, (2) Mr. Hinsberger's declaration raises issues regarding Mr. Hinsberger's

delegated authority. Accordingly, the Court informed defendant that it may "file additional affidavits indicating that a thorough search of its files has been completed and that no additional evidence or concurrences can be produced."

Pursuant to the Court's May 23, 2006 order, we have obtained three declarations that provide additional information from Edward Hinsberger, Maria Baguio, and Jadranka Schechinger that further testify: (1) to the thoroughness of HUD's search of its files, (2) that no additional evidence or concurrences can be produced, and, (3) to the scope of Mr. Hinsberger's authority and his delegated authority.

Specifically, Edward J. Hinsberger's declaration supplements the one he made dated March 24, 2006. Mr. Hinsberger's supplemental declaration is made in his official capacity as Director of HUD Chicago's Office of Multifamily Housing ("Chicago Hub"). Mr. Hinsberger's supplemental declaration sets forth his authority as Chicago Hub Director, explains the nature of "concurrences" in his office, details what authority he delegated to subordinates, and also provides information regarding the extensive efforts HUD's Chicago office undertook to comply with the discovery requests in this case.[1]

Maria T. Baguio is an attorney with HUD's Office of Regional Counsel in Chicago, Illinois. Ms. Baguio provides legal support and analysis to HUD's Departmental Enforcement Center ("DEC"), the Office of Multifamily Housing, the Office of the United States Attorney

[1] In addition to Mr. Hinsberger's supplemental declaration, we will provide to counsel for Englewood copies of delegation memorandums from Mr. Hinsberger to subordinate directors in Chicago and Indianapolis (i.e. Kathy McMahon, Veronica Coleman, Mary Anderson, and Will Sly). We will also notify Englewood's counsel of a citation to a HUD Regulation (24 C.F.R. 200.857(i)(4)), which we hope will resolve Englewood's present concern regarding delegated authority and the need for written concurrences.

("OUSA"), and the Department of Justice ("DOJ"). Ms. Baguio's declaration provides further testimony to the extensive efforts HUD's Chicago office undertook to comply with the discovery requests in this case. Ms. Baguio also testifies that she and another attorney personally reviewed Mr. Gustin's files for responsive documents.

Jadranka M. Schechinger is currently an Enforcement Analyst with HUD's Chicago Office. Prior to being an Enforcement Analyst, Ms. Schechinger was a paralegal who assisted HUD attorneys Gregory Gustin, Maria Baguio, and former HUD attorney Peter Ries. Specifically, Ms. Schechinger's declaration provides further testimony to the extensive efforts HUD's Chicago office undertook to comply with the discovery requests in this case. Ms. Schechinger also testifies that Mr. Gustin's files were searched by Mr. Ries and Ms. Baguio.

Accordingly, defendant respectfully requests that this Court consider the declarations of Mr. Hinsberger, Ms. Baguio, and Ms. Schechinger when it considers issues raised by Englewood in its motion to compel.[2]

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

[2] In its May 23, 2006 order, the Court also instructed the parties to place a joint call to chambers when "all discovery disputes have been resolved, or when it is determined that the parties have reached an impasse in resolving the [discovery] concerns." To that end, the parties have been in contact with each other to discuss this, and other matters in this case, on numerous occasions since the Court issued its order. Accordingly, counsel for both parties expects that a call to chambers will be forthcoming in the near future.

DAVID M. COHEN
Director

s/ Brian M. Simkin
BRIAN M. SIMKIN
Assistant Director

s/ Douglas K. Mickle
DOUGLAS MICKLE
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530

Tel: (202) 307-0383
Fax: (202) 307-0972

Attorneys for Defendant

OF COUNSEL:

GREGORY G. GUSTIN
MARIA T. BAGUIO

Office of General Counsel
U.S. Department of Housing
and Urban Development

June 15, 2006

**CERTIFICATE OF FILING**

I hereby certify that on June 16, 2006, a copy of the foregoing "**DEFENDANT'S MOTION SEEKING LEAVE TO FILE ADDITIONAL DECLARATIONS IN RESPONSE TO PLAINTIFF'S MOTION TO COMPEL**" with accompanying declarations was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Douglas K. Mickle
Douglas K. Mickle