**IN THE**
**UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ENGLEWOOD TERRACE LIMITED PARTNERSHIP, | ) | |
| Plaintiff, | ) | No. 03-2209C (Judge Marian Blank Horn) |
| v. | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**DECLARATION OF MARIA T. BAGUIO**

I, MARIA T. BAGUIO, on oath and under penalty of perjury pursuant to 28 U.S.C. § 1746, state as follows:

1. I am an attorney with the United States Department of Housing and Urban Development (HUD), Office of Regional Counsel, Region V, Chicago, Illinois. I have been an attorney for HUD since December 1998. As counsel, I provide legal support and analysis to HUD's Departmental Enforcement Center (DEC), the Office of Multifamily Housing, the Office of the United States Attorney (OUSA), and the Department of Justice (DOJ).

2. Since joining HUD, Associate Regional Counsel (ARC) Gregory G. Gustin has been my immediate supervisor.

3. Prior to HUD, from spring 1996 until December 1998, I was a litigation attorney with the Chicago Housing Authority (CHA) Office of General Counsel. From early 1993 until joining CHA in the spring of 1996, I was an associate attorney

with two Chicago law offices. As an attorney with the CHA and in private practice, I've litigated and tried dozens of cases and handled the discovery for those matters.

4. This Declaration is made in my official capacity as agency counsel with HUD and only for the matters at issue in the above styled litigation.

5. I was first assigned to South Pointe Towers in Chicago, Illinois sometime in early 2001, and most recently in the above-styled case. I provided assistance to the OUSA for the first two Northern District of Illinois court proceedings involving this property and the Plaintiff's MAHRA appeal. I currently provide assistance to DOJ in this third matter.

6. On or about September 21, 2004, I received a copy of Plaintiff's Request for Production, along with other discovery propounded by Plaintiff, via facsimile, from then-DOJ attorney Lisa Donis, who was the first DOJ counsel assigned to this case.

7. Ms. Donis requested that our office draft appropriate responses to Plaintiff's discovery, and further, with respect to Plaintiff's Request for Production, that our office gather all responsive documents for submission to her office. The Response to Plaintiff's Request was due on or before October 18, 2004.

8. Multiple, often duplicate requests issued to all departments of HUD reasonably believed to have documents responsive to Plaintiff's original and multiple supplemental discovery requests.

9. The initial receipt, review, and identification of all documents from various HUD offices, including the DEC, relating to South Pointe was handled primarily by

myself with the assistance of then-HUD attorney Peter B. Ries and the support of then-paralegal Jadranka M. (Berkec) Schechinger.

10. Mr. Ries was not assigned to South Pointe but was asked to assist in the discovery process because of the volume of material turned over for review, the short time frame in which HUD was to provide copied documents to DOJ for their review and production, and because I was also simultaneously providing agency support to DOJ on another litigation matter in Detroit, Michigan.

11. Mr. Ries and I reviewed all documents in late September and early October 2004 for submission to Ms. Donis. These documents included files maintained by both myself and by my immediate supervisor, Gregory Gustin. As Mr. Ries was not previously assigned to South Pointe, he kept no separate file; Ms. Schechinger, as a paralegal, also did not keep a separate file.

12. Any and all responsive documents, including those documents contained in files maintained by Mr. Gustin and by myself, were sent to DOJ in multiple shipments that identified the documents as producable, privileged, or redacted, for DOJ's review and production to Plaintiff. DOJ was given all documents, regardless of any issues, including any and all concurrence pages that existed in any of the South Pointe files.

13. With respect to Plaintiff's discovery, the only responsive documents relating to South Pointe that were not produced by HUD to DOJ were those documents produced by Plaintiff pursuant to Defendant's own Request for Production, documents that were provided to Plaintiff by a former HUD employee assigned to South Pointe, and documents created by Plaintiff and delivered to HUD. Copies

of the former HUD employee's documents were not in any HUD files for production, but were instead produced to HUD by Plaintiff.

14. To the best of my information, belief, and knowledge, after repeated and diligent search, by, through, and with multiple HUD staff, all documents responsive to Plaintiff's request were produced to DOJ for production to Plaintiff and determination of privilege.

15. Further, Declarant sayeth naught.

Executed and affirmed this 9th day of June 2006.

Maria T. Baguio
Attorney Advisor, Enforcement Attorney
Office of Regional Counsel, Region 5