# In the United States Court of Federal Claims

| | |
|---|---|
| **ENGLEWOOD TERRACE LIMITED PARTNERSHIP,**<br>**Plaintiff,**<br>**v.**<br>**UNITED STATES,**<br>**Defendant.** | **No. 03-2209C**<br>**Filed: August 23, 2006** |

**O R D E R**

The court held a conference in the above-captioned case on August 23, 2006. During the conference, the parties discussed the plaintiff's motion to compel filed on April 28, 2006, and the plaintiff's status report filed on August 17, 2006. Based upon the issues presented in the plaintiff's status report, the defendant has agreed to permit deposition by written questions of certain government witnesses, in accordance with Rule 31 of the Rules of the United States Court of Federal Claims (RCFC). The court counsels the plaintiff's attorney that its written depositions shall be direct and tailored to the issues discussed during the court's August 23, 2006 conference.

Based upon the court's discussions with the parties during the August 23, 2006 conference, the court has determined that the above-captioned case is inappropriate to adjudicate by summary judgment motions. The court, therefore, **LIFTS** the stay in this case, and a trial is scheduled beginning **Monday, December 4, 2006**, in Chicago, Illinois, and will continue for no longer than one week. The RCFC Appendix A pre-trial filings are modified as described below. The filings with the court are to include:

a. Witness List. On or before **Friday, October 27, 2006**, the parties shall file a joint statement setting forth a list of witnesses to be called at trial, other than those to be used exclusively for impeachment. As to each witness, the parties shall indicate for which party the witness will be testifying, the specific topics to be addressed in the expected testimony and the time needed for direct examination. The parties shall also indicate whether or not they are willing to take overlapping witnesses who are to be called for both the plaintiff and the defendant at one sitting, as discussed at the hearing.

b. Issues of Fact and Law. On or before **Friday, October 27, 2006**, the parties shall file a joint statement of the issues of fact and law to be decided by this court. The

statement of issues shall control the admissibility of evidence at trial and evidence will be deemed to be irrelevant unless it pertains to one or more of the issues.

c. Stipulations. On or before **Friday, November 3, 2006**, the parties shall file a joint stipulation of facts containing separately numbered paragraphs covering all matters to which the parties have stipulated during the course of proceedings. The court urges the parties to achieve joint stipulations to the fullest extent possible in order to reduce the time required for trial.

d. Joint Trial Exhibit List. On or before **Friday, November 3, 2006**, the parties shall file a joint trial exhibit list divided into the following five sections:

i. Joint stipulated exhibits, to be numbered starting with 1-99 or 1-999, as needed. The court urges the parties to achieve as many joint exhibits as possible in order to reduce the time required for trial.

ii. Plaintiffs' exhibits, to be numbered starting with 100-199, or 1000-1999, the number sequence to begin following the completion of the sequence of numbers utilized for the joint exhibits;

iii. Defendant's exhibits, to be numbered 200-299 or 2000-2999, the number sequence to begin following the completion of the sequence of numbers utilized for the plaintiffs' exhibits;

iv. Plaintiffs' objections to defendant's exhibits, including the basis for each objection; and

v. Defendant's objections to plaintiffs' exhibits, including the basis for each objection.

The actual exhibits shall not be submitted to the clerk's office or to chambers, but shall be brought to the trial by the parties in sufficient copies, including one copy for the witness, two copies for the court and the official copy to be submitted to the court reporter. The exhibits shall be bound or placed in a loose leaf notebook(s) with each exhibit sequentially numbered and all pages in the exhibit book(s) sequentially numbered. Loose submissions, such as maps, photographs, physical evidence and charts, may be submitted. Reduced copies of charts and photographs should be included in the bound volumes, if possible.

e. Deposition Testimony. On or before **Friday, November 3, 2006**, any party intending to present substantive evidence by way of deposition testimony, other than as provided by Fed. R. Evid. 801(d), shall serve and file a separate motion for leave to file the transcript of this testimony. The motion shall show cause why the deposition testimony should be admitted and identify specifically the portion of the transcript the party intends to use at trial. The opposing party may file a response to this motion. Sufficient copies of

proposed deposition pages for use at trial must be brought to the trial by the party intending to use such deposition testimony.

f. Responses. The parties are expected to confer and cooperate in the preparation of the above described documents. Any responses to matters raised by the opposing party should, therefore, be included in each party's initial submission. However, if anything new or unexpected is discovered, it may be addressed in a brief response which must be filed under cover of a motion for leave of the court to file the response, immediately upon making the discovery.

To discuss any remaining issues with the parties, the court **ORDERS** the parties to appear at a final pre-trial conference on **Monday, November 20, 2006 at 10:30 a.m. EDT**. Counsel for both parties may appear by telephone. Unless otherwise notified, the court will contact plaintiff's counsel at (312) 701-9300 and defendant's counsel at (202) 307-0383. As stated, a trial in this case is scheduled for **Monday, December 4, 2006,** in Chicago, Illinois.

**IT IS SO ORDERED.**

s/Marian Blank Horn
**MARIAN BLANK HORN**
**Judge**