# Exhibit 7

## HUD Directive Number 4350.3(JE 136)

# CHAPTER 6: BILLING FOR ASSISTANCE PAYMENTS

## SECTION 1: GENERAL INFORMATION

### 6-1. WHO MAY BILL HUD FOR ASSISTANCE PAYMENTS

A. Tenant Assistance Payments Owners/agents with Rent Supplement, Rental Assistance Payment (RAP), and all Section 8 contracts (Section 8 programs are listed below) may bill HUD or Contract Administrator for payment of tenant's rent and utilities.

EXCEPTION: Assistance payments for the use of a unit by a law enforcement agent is not allowable unless previously approved.

B. Special Claim Payments Owners/agents with Section 8 contracts under the programs listed below may bill HUD or the Contract Administrator for reimbursement of unpaid rents, charges, tenant damages, vacancy payments, or debt service vacancy payments.

- o 880: New Construction
- o 881: Substantial Rehabilitation
- o 883: State Housing Agencies
- o 884: Section 515
- o 885: 202 Elderly Housing
- o 886: Special Allocations:
  - *Subpart A, HUD-Insured Held Mortgages
  - Subpart C, HUD-Owned Projects

*EXCEPTION: Owners/agents under this subsection are not eligible for debt service vacancy claims.

### 6-2. LIST OF BILLING FORMS

A. HUD 52670 Housing Owner's Certification and Application for Housing Assistance Payments (Appendix 28).

B. HUD 52670A, Part I Schedule of Tenant Assistance Payments Due (Appendix 29).

C. HUD 52670A, Part 2 Schedule of Section 8 Special Claims (Appendix 30).

D. HUD 52671A-D Section 8 Special Claims for unpaid rents/damages, vacancies during rent-up, vacancies after rent-up, and debt service claims (Appendix 31).

## 6-3. TIMING OF BILLINGS

A. Rent Supplement and RAP Tenants Submit billing forms by the 10th day of the month for which the payments are requested.

B. Section 8 Tenants Submit billing forms by the 10th day of the month before that for which they are requested.

EXAMPLE: To request assistance for June, owners must submit vouchers by: June 10 for Rent Supplement and RAP, or May 10 for Section 8 tenants.

## 6-4. PARTIAL MONTH OCCUPANCY

Owners/agents can claim subsidies for only the actual number of days the tenant lived in the unit.

A. Calculate a partial payment by:

(1) dividing the monthly assistance by 30 days; and

(2) multiplying the result by the actual number of days the tenant lived in the unit.

EXCEPTION: Deceased tenant, see paragraph 6-4B.

B. Prorate assistance for deceased tenants to the earlier of:

(1) 14 days after the tenant died; or

(2) day the unit was vacated.

C. Round payment computed in paragraph 6-4, section A or B to the nearest whole dollar. Round up at either $.50 or $.51, using the same rounding threshold throughout.

EXAMPLE #1: The tenant moved out on July 15. The assistance payment is $380.00 at the time of move-out. This example calculates the amount of money the owner/agent shall reimburse HUD.

| | |
|---|---|
| Monthly assistance: | $380.00 |
| Divided by 30 days: | 30 |
| | $12.66 |
| Daily assistance payment: | $12.66 |
| multiplied by the number of days the tenant actually lived in the unit: | 15 |
| | $189.90 |

| | |
|---|---|
| Round-up: | $190.00 |
| This equals the amount of assistance the owner/agent is eligible to keep. Since the assistance was billed for in advance, owner/agent shall reimburse HUD the difference between monthly assistance payment and the eligible assistance. | |

| | |
|---|---|
| Monthly assistance: | $380.00 |
| minus amount of eligible assistance payment: | -$190.00 |
| This amount shall be reimbursed to HUD: | $190.00 |

EXAMPLE #2: A new tenant moved in on December 16. The assistance payment is $350.00. This example calculates the amount of money the owner/agent shall bill HUD.

| | |
|---|---|
| Monthly assistance: | $350.00 |
| divided by 30 days: | 30 |
| | $ 11.66 |

| | |
|---|---|
| Daily assistance payment: | $ 11.66 |
| multiplied by the number of days the tenant actually lived in the unit: | 16 |
| | $186.56 |

| | |
|---|---|
| Round-up: | $187.00 |
| The owner/agent will bill HUD for this amount. | |

6-5. UNIT VACATED AND OCCUPIED ON THE SAME DAY The assistance payment for that day is either the assistance due for the former tenant or the new tenant. The owner may never request assistance for both tenants.

6-6. OWNER/AGENT MUST CERTIFY FORMS

A. Signing forms certifies:

- Assistance payments, recertifications, and special claims are computed accurately.
- All inspections have been completed i.e., move-in, move-out.
- Units are decent, safe, and sanitary.
- Assistance payments have not been billed or paid previously.
- Facts and data reported are actual and timely.

o Payments have not been received from the tenant or other sources beyond that authorized in the assistance contract or the lease, except as permitted by HUD.

**NOTE:** Owners/agents are not eligible for assistance payments until form HUD 50059 is signed by both owner/agent and tenant on or before the effective date of the form HUD 50059.

B. "Warning: 18 U.S.C. 1001 provides, among other things, that whoever knowingly and willingly makes or uses a document or writing containing any false, fictitious, or fraudulent statement or entry, in any matter within the jurisdiction of any department or agency of the United States, shall be fined not more than $10,000, or imprisoned for up to 5 years, or both".

C. Warning: 31 U.S.C. 3729 provides a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages for any person who knowingly presents, or causes to be presented, a false or fraudulent claim; or who knowingly makes, uses, or causes to be used, a false record or statement; or conspires to defraud the Government by getting a false or fraudulent claim allowed or paid.

D. Owners/agents are also warned that false statements or false certifications may lead to the imposition of:

(1) Penalties and assessments under the Program Fraud Civil Remedies Act as implemented by HUD's Regulations, 24 CFR Part 30.

(2) Civil money penalties under the HUD Reform Act of 1989, as implemented by HUD's Regulations, 24 CFR Part 28.

(3) Administrative sanctions by HUD pursuant to CFR Part 24.

## 6-7. REVIEW AND DISTRIBUTION OF REQUESTED PAYMENTS

A. Contract Administrators will review the accuracy of the billing forms, and will disburse the monthly subsidy payment under an annual contribution contract.

B. The HUD Field Office will review the accuracy of the billing forms; the monthly subsidy will be disbursed by:

(1) RAP and Rent Supplement: HUD Headquarters, Office of Finance and Accounting (OFA). Send request for payment to:

HUD Headquarters - AFGHS
OFA- Subsidized Housing Programs Division
Subsidy Accounting Branch, Room 3206
451 7th Street SW
Washington, DC 20410

(2) Section 8 payments: HUD's ten Regional Accounting Divisions (RADs).

C. Owners/agents must distribute billings as directed in Appendix 28.

## SECTION 2. DEFINITION OF FORMS AND GENERAL GUIDANCE FOR FILLING THEM OUT

6-8. HUD-52670, (Appendix 28) is used to request monies from HUD or the Contract Administrator for tenant assistance payments and special claims.

A. Prepare a separate form for each subsidy contract for regular tenant assistance payments (list adjustments to tenant's assistance) and Section 8 vacancies after rent-up, damage and unpaid rent claims.

C. Prepare a separate form for Section 8 debt service claims that are under the same subsidy contract.

D. Follow instructions as outlined in Appendix 28.

6-9. HUD 52670A, PART 1, (Appendix 29) is an itemized list of tenant assistance payments. This schedule supports the amount of monies requested for tenant's assistance on form HUD 52670.

A. Prepare a separate form for each subsidy contract.

B. Group the claims for regular monthly tenant assistance payments separately from adjustments to previous months' billings.

C. Arrange claims within each group in the order prescribed by the local HUD Field Office or the Contract Administrator (i.e., either alphabetically by tenant name or by unit number).

D. Only enter move-in dates on the schedule the first time the tenant appears on the schedule.

E. Enter the recertification date on each month's schedule (HUD will use these dates to monitor the timeliness of the owner's recertification processing).

F. Briefly explain the reason for any adjustment that was not caused by a move-in, move-out, initial certification or termination of assistance.

G. Follow the instructions as outlined in Appendix 29.

6-10. HUD 52670A, PART 2 (Appendix 30) is an itemized list of special claims which supports the amount of monies requested on form HUD 52670.

A. Prepare a separate form for each subsidy contract.

B. Group claims in the order prescribed by the local HUD Field Office or Contract Administrator. (i.e., either alphabetically by tenant name or by unit number).

C. Attach approved form HUD 52671A-D for each tenant or unit in which special claims are requested.

6-11. HUD 52671A-D (Appendix 31) is used to calculate the amount owners/agents can bill HUD for unpaid rents, charges, tenant damages, vacancies during rent-up, vacancies after rent-up, and debt service vacancies.

A. Complete applicable parts.

B. Submit to HUD Field Office, or Contract Administrator along with other documentation as required in this handbook.

**NOTE:** HUD Regional Accounting Office (RAO) or the Contract Administrator will not pay special claims, unless approved HUD forms 52671A-D are attached to HUD form 52670 and 52670A, Part 2.

**SECTION 3. SECTION 8 SPECIAL CLAIMS FOR UNPAID RENT, TENANT DAMAGES, AND OTHER CHARGES**

6-12. **WHO CAN BILL HUD FOR UNPAID RENT AND DAMAGES** All owners/agents with Section 8 contracts can bill HUD for unpaid rents, tenant damages, or other amounts due under the lease after a tenant vacates a unit under contract.

6-13. **WHEN ARE CLAIMS PAID**

Form HUD 52671A will be reviewed by the HUD Field Office or Contract Administrator.

A. Unapproved documentation (i.e., not allowable or unsupported) will be marked as such with a brief explanation of this decision, and will be returned to the owners/agents.

B. Acceptable documentation will be marked "approved" and is returned to the owners/agents. Owners/agents may then request payment of approved claims along with next month's voucher.

NOTE: HUD Regional Accounting Division (RAD) or Contract Administrator will not pay special claims, unless approved HUD forms 52671A are attached to HUD form 52670 and 52670A, Part 2.

6-14. **HOW CLAIMS ARE PROCESSED BY THE FIELD OFFICE OR CONTRACT ADMINISTRATOR (FORM HUD 52671A)**

A. Review calculations for accuracy.

B. Evaluate the legitimacy of the claim in accordance with the eligibility and submission requirements

C. Return approved or unapproved claims to owners/agents.

D. File a copy of the approved form with supporting documentation.

6-15. **GENERAL ELIGIBILITY REQUIREMENTS**

A. Claims for unpaid rents and charges will be made only if the conditions below are met by the owners/agents:

1. Owner/agent collected the appropriate security deposit from the tenant according to the guidelines in chapter 4, section 2, page 4-4, paragraphs 4-8b, 2 and 3.

   NOTE: If the full security deposit was not collected, the owner/agent is NOT eligible to file for a claim.

2. Provide evidence that owner/agent billed tenant for the unpaid monies and took all reasonable steps to collect the debt.

a. The tenant was billed for unpaid rents or damages and demand for payments was made.

b. Attempted other efforts to collect monies, i.e., contacting collection agent.

3. State and local law permit such amounts to be deducted from the tenant's security deposit.

B. The following conditions must be met or exist before filing a claim for damages.

1. Compliance with paragraph 6-15A, 1-3.

2. Claims are due to the tenant's negligence or abuse.

3. Claims are not normal wear and tear or routine maintenance items.

4. Claims should be submitted only after the claim period has ended.

5. Claims must be submitted within one year after the unit becomes available for occupancy (the year allows time for owners/agents to collect monies due).

6-16. SPECIFIC SUBMISSION GUIDANCE Owners/agents submits the items below to HUD Field Office, or Contract Administrator for review.

A. Unpaid rents and charges:

1. Submit claims on Form HUD 52671A.

2. Provide evidence that the owners/agents took "all reasonable steps" to collect debt as outlined in 6-15A 2.

B. Tenant damages:

1. Submit claims on form HUD 52671A.

2. Provide copies of the move-in and move-out inspection reports.

3. Supply a breakdown of costs to repair the damages which may include:

- o Bids
- o Estimates
- o Invoices
- o Receipts
- o Owner/agent certification
- o Other documentation acceptable to the field office.

4. Provide evidence that the owner/agent took "all reasonable steps" to collect debt as outlined in paragraph 6-15A 2.

6-17. **CALCULATING CLAIM AMOUNTS** Use form HUD 52671A to calculate the claim amount.

Claims must not exceed the difference between the contract rent in effect at the time of vacancy, and the security deposit plus interest earned, and amounts collected from the tenant or other sources.

EXAMPLE: $65.00 is held by the owner which includes the security deposit and interest earned. The owner/agent is unable to collect payment from the tenant for rent and/or damages. The contract rent at the time of move-out is $400.00. HUD will pay up to $335.00. Although total damages plus unpaid rents may equal $500.00, HUD will still pay only $335.00.

6-18. **RETAIN COPIES IN PROJECT'S FILES** Copies of claims and supporting documentation must be retained in project's file for three years after the date of HUD's action (i.e., approved, denied).

## SECTION 4: SECTION 8 VACANCY CLAIMS DURING RENT-UP

6-19. **WHO CAN BILL HUD FOR VACANCY CLAIMS**

Vacancies During Rent-up All owners/agents with Section 8 contracts, except the program described below, may bill HUD for vacancy losses on units under contract.

ELIGIBILITY EXCEPTION: Loan Management Set Aside, Part 886: Subpart A, Additional Assistance program for projects with HUD insured and HUD-held mortgages.

6-20. **WHEN ARE CLAIMS PAID**

Form HUD 52671B will be reviewed by the Field Office or Contract Administrator.

A. Unapproved documentation (i.e., not allowable or unsupported) will be marked as such with a brief explanation of this decision, and will be returned to the owners/agents.

B. Acceptable documentation will be marked "approved" and returned to owners/agents. Owners/agents may then request payment of approved claims along with next month's voucher.

**NOTE:** HUD Regional Accounting Division (RAD) or the Contract Administrator will not pay special claims, unless approved HUD forms 52671B are attached to form HUD 52670 and 52670A, Part 2.

6-21. **HOW CLAIMS ARE PROCESSED BY THE FIELD OFFICE OR CONTRACT ADMINISTRATOR (FORM HUD 52671B)**

A. Review calculations for accuracy.

B. Evaluate the legitimacy of the claims in accordance with the eligibility and submission requirements.

C. Return approved or unapproved claims to owners/agents.

D. File a copy of the approved form along with supporting documentation.

6-22. **GENERAL ELIGIBILITY REQUIREMENTS**

A. Units are in decent, safe, and sanitary condition, and available for occupancy during the vacancy period in which the payments are claimed.

B. Claims should be submitted only after claim period has ended.

6-23. SPECIFIC ELIGIBILITY REQUIREMENTS

A. Compliance with the HAP Agreement and implementation of diligent marketing not fewer than 90 days prior to the anticipated date of initial occupancy.

VARIATIONS:

1. Part 883, State Housing Agencies: In the case of substantial rehabilitation, owners/agents must commence marketing 60 days prior to the anticipated date of initial occupancy.

2. Part 884, 515 Rural Rental Housing Projects: 30 days prior to the established completion date and periodically, thereafter, the owner shall notify HUD of any units which may be vacant on the effective date of the contract.

B. Compliance with the requirements of the HUD-approved Affirmative Fair Housing Marketing Plan (AFHMP) and all Fair Housing and Equal Opportunity requirements in Chapter 2, Section 4 of this handbook.

C. All feasible actions are taken and continue to be taken to fill the vacancy including, but not limited to, contacting any applicants on the waiting list and advertising the availability of the unit in accordance with Fair Housing and Equal Opportunity requirements in Chapter 2 of this handbook.

D. Any eligible applicant is not rejected, except for good cause acceptable to HUD or the Contract Administrator.

E. A list of units leased and unleased is submitted as of the effective date of the HAP contract, with justification for unleased units.

6-24. SPECIFIC SUBMISSION REQUIREMENTS Submit the items listed below to the HUD Field Office or the Contract Administrator for review.

A. Submit claims on form HUD 52671B

B. Certify compliance with paragraphs 6-23 A,B,C,D.

C. Comply with paragraph 6-23 E.

6-25. **ADDITIONAL REQUIREMENTS FOR PART 886, SUBPART C--SECTION 8:** housing assistance program for the disposition of HUD-owned projects.

A. Requirements in paragraph 6-22 is met.

B. Compliance with paragraph 6-23 C,D is certified.

C. Compliance with paragraph 6-23 E.

D. Units were not leased within 15 days of the effective date of the contract.

E. Owners/agents have:

1. Notified HUD Field Office or Contract Administrator 60 days prior to the completion date of the rehabilitation, or date the contract was executed (whichever is later), of any units which the owner anticipates to be vacant.

2. The local PHA and other appropriate sources are requested to refer eligible applicants.

3. The availability of the units are advertised in a manner specifically designed to reach lower income families in accordance with Chapter 2 of this handbook.

6-26. **CALCULATING CLAIM AMOUNTS** Use form HUD 52671B to calculate the claim amount.

A. Claim period begins on the effective date of the contract.

B. Claims cannot exceed 60 days.

C. Claim amount is the daily contract rent multiplied by 80%.

6-27. **RETAIN COPIES IN PROJECT'S FILES**

Copies of claims and supporting documentation must be retained in the project's file for three years after the date of HUD's action (i.e., approved, denied).

## SECTION 5: SECTION 8 SPECIAL CLAIMS FOR VACANCY LOSSES AFTER RENT-UP

6-28. **WHO CAN BILL HUD FOR VACANCY CLAIMS**
All owners/agents with a Section 8 contract may bill for vacancy losses incurred on units under contract.

6-29. **WHEN CLAIMS ARE PAID**
Form HUD 52671C will be reviewed by the HUD Field Office or Contract Administrator.

A. unapproved documentation (i.e., not allowable or unsupported) will be marked as such with a brief explanation of this decision, and will be returned to owners/agents.

B. Acceptable documentation will be marked "approved" and returned to the owners/agents. Owners/agents may request payment of approved claims along with next month's voucher.

NOTE: HUD Regional Accounting Division (RAD) or the Contract Administrator will not pay special claims, unless approved HUD forms 52671C are attached to form HUD 52670 and 52670A, Part 2.

6-30. **HOW CLAIMS ARE PROCESSED BY THE FIELD OFFICE OR CONTRACT ADMINISTRATOR (FORM HUD 52671C)**

A. Review calculations for accuracy.

B. Evaluate the legitimacy of the claims in accordance with the eligibility and submission requirements.

C. Return approved or unapproved claims back to owners/agents.

D. File a copy of the approved form along with supporting documentation.

6-31. **GENERAL ELIGIBILITY REQUIREMENTS**

A. Units are in decent, safe, and sanitary condition, and available for occupancy during the vacancy period in which the payments are claimed.

B. Claims should be submitted only after the claim period has ended.

**NOTE:** Owners/agents may not submit vacancy loss claims for amounts that have been paid by other sources, i.e., forfeited security deposit, Title I payments for vacancy loss incurred while holding units vacant for relocatee.

6-32. **SPECIFIC ELIGIBILITY REQUIREMENTS** Owners/agents may be reimbursed for vacancy losses if the requirements listed below and those in paragraphs 6-23 B,C,D are met.

A. Certified that owner/agent did not cause the vacancy by violating the lease, the contract, or any applicable law.

B. Notified HUD or the Contract Administrator immediately upon learning of the vacancy, or prospective vacancy, and the reasons for it.

C. Complied with all HUD requirements on termination of tenancy, Chapter 5 of this handbook, if the vacancy was caused by an eviction.

6-33. **SPECIFIC SUBMISSION GUIDANCE**

A. Submit claims on 52671C.

B. Certify compliance with paragraphs 6-23 B,C,D.

C. Complied with paragraphs 6-32 A,B,C.

6-34. **CALCULATING CLAIM AMOUNT** Use form HUD 52671C to calculate the claim amount.

A: Claim period begins the day after the date the unit becomes available for occupancy by another tenant.

**EXAMPLE:** Unit was vacated May 5 and cleaned May 5 through May 8. The claim period would begin on May 9.

B. Claims period cannot exceed 60 days.

EXCEPTION: Claims for Part 886, Subpart C Property Disposition may be less than 60 days.

C. Claims for Property Disposition may not exceed:

(1) Vacancy payments equal to the housing assistance payment for the number of days elapsed between the date the tenant vacated the unit and the last day of the month.

(2) Vacancy payments at 80% of the contract rent for any days the unit remains vacant in the following month.

6-35. <u>RETAIN COPIES IN PROJECT'S FILES</u>

Copies of claims and supporting documentation must be retained in the project's file for three years after the date of HUD's action (i.e. approved, denied).

SECTION 6: SECTION 8 SPECIAL CLAIMS: DEBT SERVICE VACANCY PAYMENTS

6-36. <u>WHO CAN BILL FOR DEBT SERVICE CLAIMS</u> All Owners/agents with Section 8 contracts, except the program described below, may bill HUD for debt service payments on units under contract.

ELIGIBILITY EXCEPTION: Loan Management Set Aside, Part 886, Subpart A--Additional Assistance Program for Projects with HUD-insured and HUD-held Mortgages.

6-37. <u>WHEN ARE CLAIMS PAID</u>
Form HUD 52670, HUD 52670A, Part 2, and 52671D will be reviewed by the HUD Field Office or Contract Administrator.

A. Unapproved documentation (i.e., not allowable or unsupported) will be marked as such with a brief explanation of this decision, and will be returned the owners/agents.

B. Acceptable documentation will be marked "approved" and returned to the owners/agents. Owners/agents may then request payment of approved claims along with next month's voucher.

NOTE: HUD Regional Accounting Division (RAD) or Contract Administrator will not pay special claims, unless approved HUD form 52671D is attached to HUD form 52670 and 52670A, Part 2.

6-38. <u>HOW CLAIMS ARE PROCESSED BY THE FIELD OFFICE OR CONTRACT ADMINISTRATOR (FORM HUD 52671D)</u>

A. Review calculations for accuracy.

B. Evaluate the legitimacy of the claim in accordance with the eligibility and submission requirements.

C. Return approved or denied claims to owners/agents.

D. File a copy of the approved form along with supporting documentation.

6-39. <u>GENERAL ELIGIBILITY REQUIREMENTS</u> These vacancy claims can be paid both during rent-up and after rent-up.

A. Units must have been vacant for over 60 days.

B. Claims are limited to 12 months.

C. Units cannot receive both vacancy and debt service payments at the same time.

D. Payments may not exceed the amortized principal and interest payments due for that unit on the project's first mortgage, or the net operating loss on an unaudited form HUD 92410, Profit and Loss Statement.

6-40. <u>SPECIFIC ELIGIBILITY REQUIREMENTS</u> Claims will be paid if the conditions below are met. The directions to meet these requirements are in paragraph 6-41.

A. Units are in decent, safe, and sanitary condition, and are available for occupancy during the vacancy period in which the payments are claimed.

B. Owners/agents must take all appropriate actions to market and fill the vacant units in accordance with Chapter 2 of this handbook.

C. Projects must show a net operating loss on an unaudited form HUD 92410, Profit and Loss Statement. (Depreciation expenses cannot be included on this statement)

D. Field offices or Contract Administrators must determine if the project can achieve "financial soundness" within a reasonable amount of time.

6-41. <u>SPECIFIC SUBMISSION REQUIREMENTS</u> Submit the items below to HUD Field Office or Contract Administrator for review.

A. Submit claims on a separate form HUD 52670 and form HUD 52670A, Part 2.

B. Submit claims on a semiannual basis.

EXAMPLE: Submit claims on July 15 or January 15 for the six-month period ending June 30 and December 31. The field office can authorize a more frequent submission schedule if the semiannual schedule threatens the project's performance.

C. Owners must show that the project in question meets the requirements listed in paragraph 6-41 by completing and submitting the following:

1. Unaudited form HUD 92410, Profit and Loss Statement (Appendix 32), covering a six-month period for which claims are made. (Depreciation expenses cannot be included on this statement)

2. Written narratives detailing the items below:

a. Causes of vacancies.

b. Causes of financial problems.

c. Actions taken to correct the financial condition and to prevent recurrence.

d. Sources of funds and time frames for paying off delinquent mortgages and excessive accounts.

D. Complete form HUD 52671D.

6-42. **CALCULATING CLAIM AMOUNT** Owners/agents may request a claim for the lesser of A or B

A. The amount of the amortized principal and interest payments attributable to the vacant unit/units. Form HUD 52671D (Appendix 31) must be used to calculate this amount.

**NOTE:** Daily debt service is found on Exhibit 2 of the HAP contract.

B. The amount of the operating loss attributable to the unit, exclusive of depreciation. This amount is calculated on an unaudited form HUD 92410, Profit and Loss Statement.

6-43. **RETAIN COPIES IN PROJECT'S FILES**

Copies of claims must be retained in the project's files for three years after the date of HUD's action (i.e., approved, denied).