**IN THE**
**UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ENGLEWOOD TERRACE LIMITED PATNERSHIP,<br>Plaintiff, | ) | No. 03-2209C |
| v. | ) | Judge Marian Blank Horn |
| THE UNITED STATES,<br>Defendant, | ) | |

**PLAINTIFF ENGLEWOOD'S MOTION IN LIMINE TO EXCLUDE TESTIMONY OF ALAN CRAVITZ AND DOCUMENTS PRODUCED BY DEVELOPERS MORTGAGE CORPORATION**

Pursuant to this Court's November 6, 2006 Order and Rules 37 and 45 of the Court of Federal Claims, Plaintiff Englewood moves this Court to enter an order precluding the testimony of third party Alan Cravitz, and precluding Defendant HUD from admitting documents obtained through a subpoena on Mr. Cravitz's company, Developers Mortgage Corporation, that was never served on Englewood. HUD failed to serve the subpoena or to reveal the existence of the documents obtained by the subpoena until October 2006. HUD's conduct has prejudiced Englewood's ability to respond to the information and testimony of Mr. Cravitz. Under this Court's precedent, this Court should exclude the testimony of Mr. Cravitz and any documents obtained from Developers Mortgage Corporation.

**BACKGROUND**

1. On April 25, 2005, former counsel for HUD executed a subpoena duces tecum directed to Developers Mortgage Corporation. HUD failed, however, to serve the subpoena on Englewood. To this day, Englewood has never received information regarding (a)

when and how the subpoena was served on Developers Mortgage Corporation; and (b) when and how HUD obtained documents from the company.

2. Indeed, Englewood first learned that HUD had served the subpoena and obtained documents in the fall of 2006. Englewood did not receive a copy of the subpoena until October 12, 2006, and did not receive copies of the documents obtained by HUD until October 13. (Not only did HUD fail to serve the subpoena, it failed to supplement its document production with the subpoenaed documents once they were in HUD's possession.) A copy of the subpoena is attached to this Motion as Exhibit A.

3. Englewood received a copy of the subpoena and documents only after counsel for HUD stated that HUD might seek to introduce documents obtained from Developers Mortgage Corporation at trial, and Englewood requested copies. Accordingly, if HUD believed that the documents obtained from the company did not advance HUD's position, Englewood likely never would have learned that the subpoena had actually been served.

**ARGUMENT**

4. Rule 45(b)(1) requires a party to provide notice to an opposing party before serving a third party subpoena. When the government violates this rule, its "actions violate Rule 45 and should carry consequences." *Lumbermens Mut. Cas. v. U.S.*, 70 Fed. Cl. 94, 98 (Fed. Cl. 2006) (stating intention to consider exclusion of evidence prior to trial). Indeed, a violation of Rule 45(b)(1) "invites consideration of sanctions under Fed. R. Civ. P. 37(c)(1)." *Welch v. Centex Home Equity Co., LLC,* 2004 WL 2331921, at *1 (D. Kan. 2004). The *Welch* court explained the rationale for the rule:

> When a party fails to receive prior notice of the information sought from a non-party, a party is deprived of its greatest safeguard under the Rule, that is, the ability to object to the release of the information prior to disclosure. In addition, when an attorney misuses his or her power under Rule 45 to command a non-litigant

> to produce documents in a lawsuit to which he or she is a stranger by failing to give appropriate notice to the parties, public confidence in the integrity of court processes is eroded.

*Id.* (citations omitted).

5. Defendant HUD violated Rule 45(b)(1), and that violation has prejudiced Englewood's ability to effectively prepare for trial. Because HUD waited until more than a year after the close of discovery to disclose the fact that it had served a subpoena duces tecum on Developers Mortgage Corporation, Englewood has been precluded from (a) objecting to the subpoena on Developers Mortgage Corporation; (b) performing its own review of the company and Mr. Cravitz's documents; (c) deposing Mr. Cravitz or other representatives of Developers Mortgage Corporation; or (d) issuing additional discovery regarding the issues raised by the production of documents from Developers Mortgage Corporation.

6. Accordingly, Englewood has been severely prejudiced by HUD's failure to serve the subpoena. In such circumstances, sanctions are warranted, including the exclusion of evidence at trial that was obtained through the unlawful subpoena.

7. In response, HUD will likely rely on an April 22, 2005 letter from counsel for HUD to counsel for Englewood, stating an intention to serve subpoenas on Developers Mortgage Corporation and several additional non-parties. HUD's argument is a non-starter. Rule 45 requires that a party serving a subpoena give "formal notice to the other party's counsel." *Alaska Pulp Corp., Inc. v. U.S.*, 44 Fed. Cl. 669, 671 (Fed. Cl. 1999). A party must serve the subpoena "in the manner prescribed by RCFC 5(b)." RCFC 45.

8. Englewood did not learn until the fall of 2006 that HUD had followed through and actually served a subpoena on Developers Mortgage Corporation. Because HUD did not serve a copy of the subpoena on Englewood, counsel for Englewood assumed that the subpoena *had not* been served on Developers Mortgage Corporation. Indeed, discovery closed

in this action on May 2, 2005 - only a week after former counsel HUD executed the subpoena on April 25. Accordingly, HUD's April 22, 2005 letter does not obviate the prejudice caused by HUD's violation of Rule 45(b)(1).

**CONCLUSION**

For the foregoing reasons, this Court should enter an order precluding the testimony of Alan Cravitz and the use of documents obtained by HUD through its subpoena to Developers Mortgage Corporation.

Dated: November 20, 2006

s/Peter V. Baugher
One of the Attorneys for Plaintiff
Englewood Terrace Limited Partnership

Peter V. Baugher
Schopf & Weiss LLP
312 West Randolph Street
Suite 300
Chicago, IL 60606
312.701.9300

## CERTIFICATE OF SERVICE

I, Peter V. Baugher, an attorney, certify that on this 20th day of November, 2006, the foregoing **Plaintiff Englewood's Motion To Exclude Testimony Of Alan Cravitz And Documents Obtained From Developers Mortgage Corporation** was filed electronically with the Clerk of the Court using the CM/ECF system, which will automatically send email notifications of such filing to the following:

DOUGLAS K. MICKLE
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
1100 L Street, NW
Washington, D.C. 20530

s/ Peter V. Baugher