# *UNITED STATES COURT OF FEDERAL CLAIMS*

*ENGLEWOOD TERRACE LIMITED PARTNERSHIP, A Michigan Limited Partnership,*

*Plaintiff,*

*v.*

*THE UNITED STATES OF AMERICA,*

*Defendant.*

## *SUBPOENA DUCES TECUM*

*No. 03-2209C*
*(Judge Wolski)*

To: **Developers Mortgage Corporation c/o**
**Alan R. Cravitz, President**
**221 North LaSalle Street**
**Suite 3333**
**Chicago, IL 60601-1505**

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY: | COURTROOM: |
|---|---|
| | DATE AND TIME:: |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **#1) All agreements, contracts, drafts, correspondence, internal memoranda, telephone call records, electronic mail, diaries, reports, files, paper records, and electronic records relating to the physical condition of South Pointe Towers ("South Pointe"), 6425 South Lowe, Chicago, Illinois. #2) All agreements, contracts, drafts, correspondence, internal memoranda, telephone call records, electronic mail, diaries, reports, files, paper records, and electronic records relating to repairs, replacements, maintenance, and other work items relating to South Pointe. #3) All agreements, contracts, drafts, correspondence, internal memoranda, telephone call records, electronic mail, diaries, reports, files, paper records, and electronic records relating to any special claims or other requests for compensation from the Department of Housing and Urban Development ("HUD"). #4) All agreements, contracts, drafts, correspondence, internal memoranda, telephone call records, electronic mail, diaries, reports, files, paper records, and electronic records relating to requests for rent increases for South Pointe. #5) All agreements, contracts, drafts, correspondence, internal memoranda, telephone call records, electronic mail, diaries, reports, files, paper records, and electronic records relating to extensions or renewals of any Housing Assistance Payments contract between Englewood Terrace Limited Partnership and HUD.**

| PLACE | DATE AND TIME: |
|---|---|
| **U.S. Department of Justice**<br>**1100 L Street, N.W., Suite 12076**<br>**Washington, D.C. 20005** | **May 2, 2005**<br>**9:00 a.m.** |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the dated and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. U.S. Court of Federal Claims rule (RUSCFC) 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (Indicate if Attorney for Plaintiff or Defendant) | DATE |
|---|---|
| Attorney for Defendant [signature: Paul R. Wellons] | **April 25, 2005** |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER: **(202) 307-0277**

**Paul R. Wellons, USDOJ, Civil Division, 1100 L Street, N.W., Room 12076, Washington, D.C. 20005**

NOTE: If the place of travel is more than 100 miles (by the shortest usual means of travel) from the place where the subpoena is served, or if the place of deposition is more than 100 miles from the place where the deponent resides, is employed or transacts business in person, the person served may regard the command as optional unless there is attached to the subpoena an order of the Court requiring his/her appearance, notwithstanding the distance of travel. In any event, response to the subpoena will entitle the person to the fees and mileage allowed by law.

## PROOF OF SERVICE

| | Date | Place |
|---|---|---|
| SERVED | | |

| SERVED ON (Print Name) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (Print Name) | TITLE |
|---|---|
| | |

☐ Fees tendered for one day's attendance and mileage allowed by law.

(Fees and mileage need not be tendered when the subpoena is issued on behalf of the United States or an officer or agency thereof.)

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ____________ Date

Signature of Server

Address of Server

RUSCFC 45, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph of (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, service upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court shall quash or modify the subpoena if it

(I) fails to allow reasonable time for compliance;

(ii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iii) subjects a person to undue burden.

(B) If a subpoena

(I) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party,

the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.