**IN THE**
**UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ENGLEWOOD TERRACE LIMITED PATNERSHIP, | ) | |
| Plaintiff, | ) | No. 03-2209C |
| v. | ) | Judge Marian Blank Horn |
| THE UNITED STATES, | ) | |
| Defendant, | ) | |

**PLAINTIFF ENGLEWOOD'S SUPPLEMENT**
**CONCERNING ITS MOTIONS IN LIMINE**

Englewood files this Supplement to inform the Court of recent developments and to substantially narrow the issues presented to the Court by Englewood's Motions in Limine.

**A. Because Englewood Has Alleviated The Prejudice Caused By HUD, Englewood Withdraws Its Motion In Limine Regarding Alan Cravitz.**

1. Englewood's November 20, 2006 Motion in Limine regarding the testimony of third party Alan Cravitz and documents from Developers Mortgage Corporation ("DMC") explained that HUD had failed to serve Englewood with a copy of its 2005 subpoena to DMC, and thus put Englewood at an unfair disadvantage.

2. Since the filing of its Motion, in an attempt to remedy the problem, counsel for Englewood received permission from Alan Cravitz to review documents in the possession of DMC. Englewood obtained documents from DMC, many of which appear to be internal HUD memoranda not produced by HUD in the litigation. Englewood is reviewing those documents to determine whether, with the Court's permission, it will add those documents to its witness list for trial. Based on Englewood's opportunity to examine DMC's records and to speak with Mr. Cravitz, the problem created by HUD in discovery has now been largely alleviated.

Englewood thus withdraws its Motion in Limine regarding the testimony of Alan Cravitz and documents obtained from DMC.

**B. Because Englewood's Affirmative Case Will Establish That Its Motion In Limine Should Be Granted, The Court May Choose To Defer Ruling Until Trial.**

3. Englewood's Motion in Limine regarding inspections and Englewood's request for refinancing raises more fundamental issues about HUD's conduct during discovery and the relevance of certain issues at trial. HUD's Response to Englewood's Motion demonstrates that the parties disagree on a threshold question – whether HUD was required to follow specifically defined regulatory and contractual procedures before determining Englewood to be in actionable default. The answer to that question will define the relevance of much of the evidence HUD apparently intends to introduce at trial.

4. During its affirmative case, Englewood will show that the HAP Contract between Englewood and HUD and applicable regulations required HUD to provide notice to Englewood of the conditions that warranted a default and steps necessary to rectify those conditions. Additionally, HUD was required to provide Englewood with a reasonable opportunity to respond to HUD's notice and take appropriate actions. If HUD failed to give notice of the findings (and required corrections) of an inspection that purportedly justified a default, and/or failed to refer to the findings in its default notice, it violated those requirements.

5. Englewood has reviewed HUD's Response to Englewood's Motion, its witness list and its list of proposed exhibits, and has discussed these with counsel for the Government. Based on the foregoing, Englewood believes that HUD will assert that a general finding that South Pointe was not "decent, safe and sanitary" formed the basis for HUD's termination of Englewood's HAP Contract. HUD will, it seems, attempt to justify its termination of Englewood's HAP Contract through HUD employees' observations of South

Pointe that were never communicated to Englewood, or referred to in its Notice of Default or termination notice.

6. Englewood strongly disagrees that a declaration that South Pointe was not "decent, safe and sanitary" is a sufficient basis for issuing a Notice of Default, or that "decent, safe and sanitary" is a sufficiently precise standard upon which to terminate. The way in which this argument is developing, however, puts Englewood's Motion in a different light. Rather than now seeking to exclude new HUD inspection evidence, the Court may choose to defer ruling on Englewood's Motion until the close of Englewood's affirmative case.

7. Once Englewood establishes that HUD was required to inform Englewood of the results of any inspections that could form the basis for a default and required corrective actions, HUD's evidence regarding inspections that played no role in HUD's decision to declare a default may then fall by the wayside (as reflected in HUD's answers to Plaintiff's Interrogatories 11-14, where HUD objected to questions on inspections as being irrelevant).

**CONCLUSION**

Englewood (1) withdraws its Motion in Limine regarding Alan Cravitz; and (2) suggests that the Court consider deferring its ruling on Englewood's Motion in Limine regarding inspections until the close of Englewood's affirmative case.

Dated: December 1, 2006

s/Peter V. Baugher
One of the Attorneys for Plaintiff
Englewood Terrace Limited Partnership

Peter V. Baugher
Schopf & Weiss LLP
312 West Randolph Street
Suite 300
Chicago, IL 60606
312.701.9300

# CERTIFICATE OF SERVICE

I, Peter V. Baugher, an attorney, certify that on this 1st day of December, 2006, the foregoing **Plaintiff Englewood's Supplement Concerning Its Motions In Limine** was filed electronically with the Clerk of the Court using the CM/ECF system, which will automatically send email notifications of such filing to the following:

DOUGLAS K. MICKLE
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
1100 L Street, NW
Washington, D.C. 20530

s/ Peter V. Baugher