# In the United States Court of Federal Claims

* * * * * * * * * * * * * * * * * * *

ENGLEWOOD TERRACE LIMITED PARTNERSHIP,

Plaintiff,

v.

UNITED STATES,

Defendant.

* * * * * * * * * * * * * * * * * * *

**No. 03-2209C**
**Filed: December 14, 2006**

## O R D E R

Pursuant to the court's Order of November 6, 2006, a status conference was held in the above-captioned case on Wednesday, December 6, 2006 to discuss preparations for trial and the following deadlines were set at the conference. This order merely memorializes those dates, given the plaintiff's failure to file its revised witness list as scheduled. Because the trial date is rapidly approaching, the court expects counsel to cooperate with each other in a professional manner, in their final preparation for trial.

a. Revised Witness Lists. As ordered at the December 6, 2006 conference, the parties shall submit a revised witness list on or before **Wednesday, December 13, 2006** that excludes those witnesses who will not be called to testify. To the extent possible, duplicative witnesses should not be called. The parties shall also revise their approximations of the amount of time needed for direct and cross examinations, as discussed at the conference.

b. Issues of Fact and Law. Given the failure to agree, as previously ordered, the parties shall work together to file a revised joint statement of issues of fact and law on or before **Wednesday, December 27, 2006**, which resolves the matters discussed at the December 6, 2006 conference. The joint statement of issues of fact and law shall set forth the issues of fact and the issues of law to be resolved by the court. Issues should be set forth in sufficient detail to enable the court to resolve the case in its entirety by addressing each of the issues listed. Evidence may be deemed to be irrelevant unless it pertains to one or more of the issues.

c. Witnesses. At the request of the plaintiff, the court **ORDERS** witnesses excluded from the courtroom when not testifying pursuant to Federal Rule of Evidence 615.

d. Redacted Document. The defendant shall submit an unredacted copy of the document stamped bates no. 4309, which is attached to Exhibit E of plaintiff's November 28, 2006 response to defendant's motion in limine. The document will be discussed at the final pre-trial conference on January 8, 2007, see below.

e. Motions in Limine.

1. The court is in receipt of the defendant's November 20, 2006 Motion in Limine to "Exclude the Testimony of Gregory Gustin and Beverly Miller; limit the testimony of Freddie Batchelor, Ted Dunaj, John Hayes, and Donald Samuelson; and, Preclude Any Testimony Regarding Matters in Which the Court Does Not Possess Jurisdiction." As ordered at the December 6, 2006 conference, defendant's motion to exclude the testimony of HUD attorney Gregory Gustin is **GRANTED**. The plaintiff may request the court to review the record of testimony from Mr. Gustin after the plaintiff has presented its witnesses. Therefore, Mr. Gustin, as counsel for the agency, will be permitted to sit at defendant's counsel table during trial. With regard to defendant's motion to exclude the testimony of Beverly Miller, the parties agreed at the December 6, 2006 conference that Ms. Miller would not be called as a witness. That portion of defendant's motion is, therefore, **MOOT**. With regard to defendant's motion to limit the testimony of Freddie Batchelor, Ted Dunaj, John Hayes, and Donald Samuelson, the government withdrew its objection at the December 6, 2006 conference. That portion of the government's motion is, therefore, also **MOOT**. The remainder of defendant's motions are **DENIED.**

2. The court is in receipt of plaintiff's November 20, 2006 Motion in Limine to "Exclude the Testimony of Alan Cravitz and Documents Produced by Developers Mortgage Corporation." The plaintiff's motion, however, was **WITHDRAWN**, and is, therefore, **MOOT.**

3. The court is in receipt of the plaintiff's November 20, 2006 Motion in Limine to "Limit Testimony and Documents Relating to Inspections of South Pointe and Englewood's Request for a HUD Rehabilitation Loan" by Lillye Simmons, Gwendolyn Thomas, Kathy Merritt, Teresa DiPietro, Carlos Castillo and Jennifer O'Neil, Alan Cravitz, and Mary Anderson. The plaintiff's motion is **DENIED** at this time. All remaining objections to testimony and admission of exhibits will be ruled on at trial.

The court further **ORDERS** the parties to appear at a final pre-trial conference on **Monday, January 8, 2007, at 10:30 a.m. EST**. Counsel for both parties may appear by telephone. One of the documents to be discussed is the joint issues of fact. The parties, however, should be prepared to discuss all matters related to the upcoming trial. Unless otherwise notified, the court will contact plaintiff's counsel at (312) 701-9300 and defendant's counsel at (202) 307-0383.

As previously scheduled, trial will begin on **Monday, January 22, 2007, at 9:00 a.m. Chicago time**, in courtroom no. 1342, United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, and will continue until all evidence is taken. It is expected that trial

will be concluded on Friday, January 26, 2006. As noted, the parties are expected to confer and to cooperate in resolving the remaining issues in order to promote the efficiency of the trial.

**IT IS SO ORDERED.**

s/Marian Blank Horn
**MARIAN BLANK HORN**
**Judge**