# In the United States Court of Federal Claims

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * | |
| **ENGLEWOOD TERRACE LIMITED PARTNERSHIP,** | * |
| **Plaintiff,** | * |
| **v.** | * **No. 03-2209C** |
| | **Filed: February 28, 2007** |
| **UNITED STATES,** | * |
| **Defendant.** | * |
| * * * * * * * * * * * * * * * * * * * * * | |

**O R D E R**

Trial in the above-captioned case closed on February 26, 2007. The court is in receipt of the parties' February 27, 2007 stipulation to remove selected trial exhibits from the record, which was accomplished at the close of testimony on February 26, 2007.

The court also is in receipt of the plaintiff's February 27, 2007 motion to voluntarily dismiss certain claims for damages pursuant to Rule 41 of the Rules of the United States Court of Federal Claims. The claims in question relate to alleged HUD Form 2530 program participation flags. These claims are not found in the plaintiff's complaint, but are referenced in paragraphs 6(t) and 6(bb), at page 5, and paragraph 7(f), at page 7, of the parties' December 27, 2006 Joint Statement of Issues of Fact and Law. Plaintiff now believes that these alleged program participation flag claims relate not to the plaintiff in this action, Englewood Terrace Limited Partnership, but to other entities not plaintiffs in this action. Plaintiff moves to dismiss the alleged program participation flag claims against Englewood Terrace Limited Partnership, with prejudice, but without prejudice to non-parties to this lawsuit.

Inasmuch as the alleged program participation flag claims are not found in the plaintiff's complaint, there are no claims to dismiss. Had the plaintiff's complaint been amended to add such claims, then there would be a foundation for the voluntary dismissal, with prejudice, plaintiff seeks. Nevertheless, clarification of what is at issue in this case and what is not is a positive development and of assistance to the court. On or before **Wednesday, March 14, 2007**, the parties shall file a joint list of all claims in the complaint which have been resolved, to focus post-trial briefing.

Also, as discussed with the parties at the trial on February 26, 2007, on or before **Wednesday, March 14, 2007**, with the benefit of the trial, the parties shall file a revised

Joint Statement of Issues of Fact and Law to clear up ambiguous or incorrect statements in that document. Furthermore, should plaintiff Englewood, Mr. Donald Samuelson, New Englewood Terrace L.L.C., John Hayes, DSSA [Donald S. Samuelson Associates], DSSA Management, Inc., and/or PM Group file claims in this court on the same property and HUD program actions involved in this lawsuit, the clerk's office shall **ASSIGN** the case to the undersigned judge, given the clear relationship and the need to revisit the same issues and witnesses heard and considered at the recently held trial in the above-captioned case. To assist the clerk's office to identify any future, above-described HUD program participation flag case, plaintiff's counsel shall accompany the filing of any such complaint with a reference to the court's Order.

As discussed and agreed to by the parties at the February 26, 2007 trial, initially post-trial briefing shall focus on liability and not damages. On or before **Friday, April 13, 2007**, the parties, simultaneously, shall file their opening post-trial briefs. On or before **Wednesday, May 2, 2007**, the parties, simultaneously, shall file their reply briefs. In their briefs, the parties shall explain all acronyms and HUD family housing concepts, and shall cite to pages, paragraphs, sections and lines in the trial transcript and trial exhibits. The parties have leave to **EXCEED** page limits in their briefs, so long as any such additions are material and meaningful.

**IT IS SO ORDERED.**

s/Marian Blank Horn
**MARIAN BLANK HORN**
**Judge**